IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv- \_\_\_\_

THOMAS MONTOYA,

    Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, in their official and individual capacities,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER, in his official and individual capacity,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN, in his official and individual capacity,
DAVID PLATT, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO, in their official and individual capacities,
PARK COUNTY SHERIFF FRED WEGENER, in his official and individual capacity.

    Defendants.
_____

## COMPLAINT
_____

Plaintiff THOMAS MONTOYA, through his attorney, David A. Lane of KILLMER, LANE & NEWMAN, LLP, respectfully alleges for his Complaint as follows:

### INTRODUCTION

This is an action for damages arising under the United States Constitution and the laws of the State of Colorado. Defendants violated the rights of THOMAS MONTOYA under the First, Fourth, Eighth and Fourteenth Amendments to the Constitution and the laws of the State of Colorado when knowingly and with deliberate indifference to his constitutional rights, they maliciously, wantonly and willfully forced jail inmate THOMAS MONTOYA to link his arms with Defendant DEPUTY SHERIFF SCOTT GLENN and DAVID PLATT, either a deputy

sheriff or possibly a private citizen acting in concert with GLENN then applied a Taser device on him as part of the Chaffee County Sheriff's Taser training program, thereby causing him extensive pain and suffering and physical injuries.  At no time was MONTOYA ever informed what the effect of a Taser would have on him or that it would cause him pain and injury.  At no time was he informed he had any choice in the matter.  When he complained of this mistreatment and alerted the media to it, the Defendants conspired to punish him by withholding medical treatment, and transferring him to the Park County jail where he was put into punitive segregation.  Defendants' conduct under color of state law proximately caused the deprivation of Plaintiff's federally protected rights.  Defendants' conduct, done willfully and wantonly, also gives rise to punitive damages.  It is further alleged that Defendant Sheriff WALKER is a law enforcement supervisory officer who has failed to adequately or properly train or supervise his officers in the use of force generally and specifically with the type of force used in this matter and to adequately respond to an inmates obvious, serious medical needs.  It is further alleged that Defendant Sheriff WEGENER agreed to house inmate MONTOYA in punitive conditions to help WALKER retaliate against him for protesting his mistreatment in the CHAFFEE COUNTY jail.  As such, and for all acts described in this Complaint, they have "final policymaking authority" as that phrase is defined by *St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) and *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986) and their progeny.  It is further alleged that because the Sheriffs are decision makers for Chaffee and Park Counties, and because the abuse of Tasers in this manner, as well as ignoring the serious medical needs of inmates and retaliating against inmates who protest constitutional rights violations is custom, policy and practice for CHAFFEE and PARK COUNTIES, the Boards of County Commissioners are named as defendants in this action.

## JURISDICTION AND VENUE

1. This action arises under the Constitution and laws of the United States and the State of Colorado including Article III, Section 1 of the United States Constitution and 42 U.S.C. § 1983. Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 2201. Jurisdiction supporting Plaintiffs' claim for attorney fees and costs is conferred by 42 U.S.C. § 1988. This Court has supplemental jurisdiction over any pendant state claims pursuant to 28 U.S.C. § 1367.

2. Venue is proper in the District of Colorado pursuant to 28 U.S.C. § 1391(b); all of the events alleged herein occurred within the state of Colorado, and all of the parties are residents of the state.

## PARTIES

3. At all pertinent times mentioned herein, Plaintiff was a citizen of the United States of America and a resident of Colorado.

4. At all pertinent times mentioned herein, the individual Defendants were law enforcement officers employed by either the CHAFFEE or PARK County Sheriff's Department, both located in Colorado and performing the traditional governmental function of law enforcement, with the possible exception of DEFENDANT PLATT, who may have been either a private citizen training CHAFFEE COUNTY officers in the use of a taser or a deputy sheriff. At all pertinent times mentioned herein, all of the Defendants are sued in both their individual and official capacities and were employed by either CHAFFEE or PARK COUNTY and were acting within the scope of their official duties and their employment and under color of state law. At all pertinent times, both CHAFFEE and PARK COUNTIES were governed by the Defendant BOARDS OF COUNTY COMMISSIONERS.

## FACTUAL BACKGROUND

5. On October 17, 2003, Plaintiff THOMAS MONTOYA was an inmate at the CHAFFEE COUNTY Jail as an inmate.

6. On October 17, 2003, the CHAFFEE COUNTY SHERIFF was having a training exercise for deputies who were learning how to appropriately use Taser-brand stun-guns (hereinafter "Tasers").

7. On that date, Defendant DEPUTY SCOTT GLENN, ordered that inmate MONTOYA link arms with him so they could both get "tased."

8. MONTOYA was not sure what was meant by this phrase, so he linked arms with GLENN as ordered. An alligator clip was applied to GLENN and another applied to MONTOYA.

9. Defendant PLATT fired a taser burst which went through MONTOYA'S body causing substantial pain and injury to him.

10. Both Defendants PLATT and GLENN understood that this would cause MONTOYA pain and potentially injure him, yet they conspired together to cause him pain and possible injury.

11. MONTOYA, subsequent to this abuse, began to feel some numbness and tingling in his hands and has experienced headaches since then.

12. MONTOYA complained about this to the CHAFFEE COUNTY SHERIFF WALKER, through his staff about this mistreatment and also gave an interview to the Denver Post which was subsequently printed.

13. WALKER and his staff ignored the serious medical needs of MONTOYA and did nothing to treat his numbness or headaches likely caused by the tasering.

14. In retaliation for his complaint, Defendants GLENN, PLATT, WALKER and CHAFFEE COUNTY transferred MONTOYA to the PARK COUNTY jail where he stayed for approximately five months.

15. While in the PARK COUNTY jail, MONTOYA was subjected to far more severe conditions of confinement than in CHAFFEE COUNTY, including 23-hour per day lockdown in maximum security, even though he was a prisoner on a probation violation and had a clean disciplinary record.

16. The inhumane conditions of confinement also consisted of the failure by PARK COUNTY to treat him for the after-effects of the tasering in CHAFFEE COUNTY.

17. All of the Defendants were engaged in a conspiracy to violate MONTOYA'S civil rights. Defendants GLENN and PLATT conspired to violate MONTOYA'S right to be free from cruel and unusual punishment and an unreasonable seizure when they conspired to "tase" him and then did so; Defendant's GLENN, PLATT, WALKER, WEGENER, CHAFFEE COUNTY and PARK COUNTY all conspired to cover-up the taser incident and to retaliate against MONTOYA by denying him medical care and placing him into a punitive lock-down status after he complained about being abused, in violation of his rights under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

**FIRST CLAIM FOR RELIEF**
(§ 1983 Fourth, Eighth and Fourteenth Amendment Violations –
Malicious, Wanton and Willful Use of Force)
(Against Defendants CHAFFEE COUNTY, WALKER, GLENN and PLATT)

18. Plaintiff incorporates by this reference all other paragraphs of this Amended Complaint as if those allegations were set forth explicitly herein.

19. Plaintiff had a constitutionally protected right to be secure in his person against cruel and unusual punishments and unreasonable seizures.

20. Defendants unlawfully subjected Plaintiff to the malicious and cruel physical force of being tasered while in their custody and thereby knowingly, intentionally willfully and wantonly unreasonably caused him harm.

21. This physical abuse of MONTOYA was not for any disciplinary or safety purpose but was done sadistically and maliciously for the pleasure of the Defendants.

22. Defendants' actions, as described above, were objectively unreasonable, willful and wanton, in light of the facts and circumstances confronting them.

23. Defendants' actions, as described above, were motivated by an intent to harm Plaintiff.

24. The acts or omissions of all Defendants were conducted within the scope of their official duties and employment and under color of state law.

25. The acts or omissions of all Defendants were the legal and proximate cause of Plaintiff's injuries.

26. Defendant WALKER had an official policy, custom, or practice that was deliberately indifferent Plaintiff's Fourth and Eighth Amendment rights.

27. Defendant's policies, customs or practices, as described herein, were the legal and proximate cause of Plaintiff's injuries and death.

28. The acts or omissions of each Defendant caused Plaintiff damages in that he suffered physical and mental pain during the incident and continues to suffer from ongoing and continuous numbness in his hands and has headaches.

29. The actions of all Defendants, as described herein, intentionally deprived Plaintiff of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, and caused him other damages in an amount to be proven at trial.

**SECOND CLAIM FOR RELIEF**
(§ 1983 Eighth Amendment Violation – Failure to Provide Medical Care and Treatment)
(Against All Defendants)

30. Plaintiff incorporates by this reference all other paragraphs of this Amended Complaint as if those allegations were set forth explicitly herein.

31. Defendants are obligated to give medical attention to the serious medical needs of an inmate.

32. Defendants knowingly and with deliberate indifference to the obvious, serious medical needs of the Plaintiff denied obviously necessary medications, medical services, and hospitalization to Plaintiff.

33. Defendants GLENN and PLATT knew about Plaintiff's serious medical condition because they administered the electrical shock and were present when the shock was administered.

34. All Defendants further knew of the Plaintiff's serious medical condition because he specifically informed them that he had been injured.  Plaintiff requested medical intervention at the CHAFFEE COUNTY jail and at the PARK COUNTY jail and was never given any medical attention in either jail.  With deliberate indifference to Plaintiff's obvious, serious medical needs, and Eighth Amendment Constitutional right to be free of cruel and unusual punishment, these Defendants, acting willfully and wantonly, made no effort to obtain medical care or treatment for Plaintiff.  The acts or omissions of all Defendants were conducted within the scope of their official duties and employment and under color of state law.

35. The acts or omissions of all Defendants were the legal and proximate cause of Plaintiff's injuries.

36. Defendants WALKER and WEGENER, and through them, CHAFFEE COUNTY and PARK COUNTY had an official policy, custom, or practice that was deliberately indifferent Plaintiff's Eighth Amendment rights to medical treatment.

37. Defendants' unconstitutional policies, customs or practices, as described herein, were the legal and proximate cause of Plaintiff's injuries and death.

38. The acts or omissions of each Defendant caused Plaintiff damages in that he suffered extreme physical and mental pain during the incident and continues to suffer from ongoing and continuous numbness in his hands and experiences headaches.

39. The actions of all Defendants, as described herein, intentionally deprived Plaintiff of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, and caused him other damages.

**THIRD CLAIM FOR RELIEF**
(§ 1983 Eighth and Fourteenth Amendment Violation – Failure to Train and Supervise)
(Against Defendant Sheriff WALKER and the CHAFFEE COUNTY
BOARD OF COUNTY COMMISSIONERS)

40. Plaintiff incorporates by this reference all other paragraphs of this Complaint as if those allegations were set forth explicitly herein.

41. The Sheriff of CHAFFEE COUNTY, WALKER, is a policy maker for the Sheriff's Department and in that capacity establishes policies, procedures, customs and/or practices for the jail and the County.

42. These policies, procedures, customs and/or practices are implemented by jail staff.

43. The Defendant Sheriff WALKER developed and maintained policies, procedures, customs and practices exhibiting a deliberate indifference to the Constitutional rights of persons in their jails, which caused the violation of Plaintiff's Constitutional rights as set forth above.

44. The Defendant SHERIFF WALKER and THE BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, as a matter of practice, maintain policies, procedures, customs and/or practices, including, but not limited to, failing to supervise deputies to prevent the physical abuse of inmates such as occurred in the taser incident described herein, and the denial of medical care and treatment to inmates by officers of the Sheriff's Department.

45. Defendant SHERIFF WALKER was aware of the lack of training given to officers at the jail when dealing with inmates in need of medical attention and ensuring that inmates are free from such physical abuse and constitutional violations as are described in this Complaint.

46. If any training was given to officers regarding civil rights of inmates to be free from constitutional violations the Defendant WALKER knew that such training was reckless or grossly negligent and that further misconduct in that area was almost inevitable.

47. Defendant SHERIFF WALKER had a statutorily imposed duty to protect the constitutional rights of the inmates of their Jails from violations of those rights by members of the Sheriff's Department. By failing to properly train such officers, including the other Defendants, the above named Defendant WALKER violated Plaintiff's constitutional rights.

48. The direct result of Defendant WALKER'S failure to train was the violation of Plaintiff's rights as previously described herein, including pain and suffering, compensatory and punitive damages to be decided by the jury.

49. The acts or omissions of all Defendants were conducted within the scope of their official duties and employment acting under color of state law.

50. The acts or omissions of all Defendants were the legal and proximate cause of Plaintiff's injuries.

51. Defendant SHERIFFS' unconstitutional policies, customs or practices, as described herein, were the legal and proximate cause of Plaintiff's injuries.

52. The willful and wanton acts or omissions of each Defendant caused Plaintiff damages in that he suffered extreme physical and mental pain during the incident and continues to suffer from ongoing and continuous numbness on the left side of his body.

53. The actions of all Defendants, as described herein, intentionally deprived Plaintiff of the securities, rights, privileges, liberties, and immunities secured by the Constitution of the United States of America, and caused him other damages.

**FOURTH CLAIM FOR RELIEF**
(§ 1983 Conspiracy
First, Fourth, Eighth Amendment Violations)
(Against All Defendants)

54. Plaintiff incorporates by this reference all other paragraphs of this Complaint as if those allegations were set forth explicitly herein.

55. Plaintiff MONTOYA had federally protected constitutional rights to be free from cruel and unusual punishment under the Eighth Amendment to the United States Constitution, to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution as well as a First Amendment right to protest violations of his other constitutional rights.

56. Defendants BOARD OF COUNTY COMMISSIONERS through SHERIFF WALKER, along with DEPUTY GLENN and PLATT conspired to violate the Fourth and Eighth Amendment rights of MONTOYA by the official custom, practice and policy of CHAFFEE COUNTY in using a taser on inmates for the amusement of the Defendants.

57. Specifically, Defendants GLENN and PLATT conspired to apply the taser to Mr. MONTOYA and then did so knowingly, intentionally, wantonly and willfully causing him pain and injury.

58. Defendant SHERIFF WALKER condoned this practice by his failure to train or supervise GLENN or PLATT.

59. MONTOYA has an Eighth Amendment right to be free from cruel and unusual punishment and be treated for his serious medical needs.

60. MONTOYA was suffering from numbness and headaches after being tasered and he repeatedly complained to CHAFFEE COUNTY jail staff seeking medical treatment for his injuries.

61. The Defendants WALKER and THE BOARD OF COUNTY COMMISSIONERS conspired with GLENN and PLATT to deny medical treatment, and did deny medical treatment, to MONTOYA in violation of the Eighth Amendment.

62. MONTOYA has a right under the First Amendment to the United States Constitution to be able to complain about constitutional deprivations at the jail and relating to his personal bodily integrity.

63. MONTOYA did in fact complain to the Denver Post and the Defendants about his mistreatment at the jail.

64. MONTOYA also loudly complained to Defendant WALKER about what happened regarding the taser incident and the lack of medical attention he received.

65. In retaliation for these complaints, DEFENDANT WALKER and CHAFFEE COUNTY conspired with DEFENDANT WEGENER and PARK COUNTY to take custody of MONTOYA and impose punishment on him for making complaints.

66. MONTOYA was in the general population of the jail at CHAFFEE COUNTY with no problems from any inmates even though in the past he had worked as a guard in the Colorado Department of Corrections.

67. Shortly after complaining, MONTOYA was transferred to the PARK COUNTY jail where he was placed in punitive segregation and locked down for 23-hours per day for months on end, even though he had neither had, nor caused problems in the CHAFFEE COUNTY jail.

68. This lockdown was in retaliation for his having complained about his abuse in CHAFFEE COUNTY.

69. This retaliation was designed to punish MONTOYA for freely exercising his rights under the First Amendment to the United States Constitution and would have the effect of chilling a person of ordinary firmness from speaking out on such issues.

70. The conspiracy to taser him, deny him medical care and to punish him for complaining began on October 17, 2003 and continued until on or about April of 2004.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against the Defendants, jointly and severally, and grant:

(a) Appropriate relief at law and equity;

(b) Compensatory and consequential damages, including damages for emotional distress, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial;

(c) Punitive damages on all federal claims allowed by law and in an amount to be determined at trial;

(d) Attorneys fees and the costs of this action, including expert witness fees, on all claims allowed by law;

(e) Pre- and post-judgment interest at the lawful rate;

(f) Any further relief that this court deems just and proper, and any other relief as allowed by law.

PLAINTIFF REQUESTS A JURY ON ALL MATTERS SO TRIABLE.

Dated this 14th day of December, 2005

KILLMER, LANE & NEWMAN, LLP

s/ David A. Lane
_____
David A. Lane
1543 Champa Street, Suite 400
Denver, Colorado 80202
(303) 571-1000
ATTORNEYS FOR PLAINTIFF