IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

    Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, in their official and individual capacities,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER, in his official and individual capacity,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN, in his official and individual capacity,
DAVID PLATT, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO, in their official and individual capacities,
PARK COUNTY SHERIFF FRED WEGENER, in his official and individual capacity.

    Defendants.

---

## SCHEDULING ORDER

---

### 1.  DATE OF CONFERENCE
### AND APPEARANCES OF COUNSEL AND *PRO SE* PARTIES

The Scheduling Conference in this matter was held before Magistrate Judge Michael J. Watanabe on Monday, March 27, 2006 in Courtroom A-502 at the Alfred A. Arraj U.S. Courthouse, 901 19th Street, Denver, Colorado.  The following appeared as counsel on behalf of the parties:

David A. Lane. Esq.
Marcel Krzystek, Esq.
KILLMER, LANE, & NEWMAN, LLP
1543 Champa Street, Suite 400

Denver, Colorado   80202
(303) 571-1000
*Counsel for Plaintiff*

Andrew D. Ringel, Esq.
Hall & Evans LLC
1125 17th Street, Suite 600
Denver, CO 80202
(303) 628.3453
*Counsel for Defendants Board of County Commissioners of Chaffee County, Colorado, Timothy Walker, Board of County Commissioners of Park County, Colorado, and Fred Wegener*

Anthony Melonakis, Esq.
Sutton Melonakis & Gulley, PA
26 W. Dry Creek Circle, Suite 375
Littleton, CO 80120-8065
(303) 730-0210
*Counsel for Defendant Scott Glenn*

David Platt
1115 E. Rainbow Blvd.
Salida, CO 81201-2913
*pro se*

## 2. STATEMENT OF CLAIMS AND DEFENSES

a. *Plaintiff*:

This is an action for damages arising under the United States Constitution and the laws of the State of Colorado. Defendants violated the rights of THOMAS MONTOYA under the First, Fourth, Eighth and Fourteenth Amendments to the Constitution and the laws of the State of Colorado when knowingly and with deliberate indifference to his constitutional rights, they maliciously, wantonly and willfully forced jail inmate THOMAS MONTOYA to link his arms with Defendant DEPUTY SHERIFF SCOTT GLENN and DAVID PLATT, either a deputy sheriff or possibly a private citizen acting in concert with GLENN then applied a Taser device on him as part of the Chaffee County Sheriff's Taser training program, thereby causing him

2

extensive pain and suffering and physical injuries. At no time was MONTOYA ever informed what the effect of a Taser would have on him or that it would cause him pain and injury. At no time was he informed he had any choice in the matter. When he complained of this mistreatment and alerted the media to it, the Defendants conspired to punish him by withholding medical treatment, and transferring him to the Park County jail where he was put into punitive segregation. Defendants' conduct under color of state law proximately caused the deprivation of Plaintiff's federally protected rights. Defendants' conduct, done willfully and wantonly, also gives rise to punitive damages. It is further alleged that Defendant Sheriff WALKER is a law enforcement supervisory officer who has failed to adequately or properly train or supervise his officers in the use of force generally and specifically with the type of force used in this matter and to adequately respond to an inmate's obvious, serious medical needs. It is further alleged that Defendant Sheriff WEGENER agreed to house inmate MONTOYA in punitive conditions to help WALKER retaliate against him for protesting his mistreatment in the CHAFFEE COUNTY jail. As such, and for all acts described above, they have "final policymaking authority" as that phrase is defined by *St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) and *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986) and their progeny. It is further alleged that because the Sheriffs are decision makers for Chaffee and Park Counties, and because the abuse of Tasers in this manner, as well as ignoring the serious medical needs of inmates and retaliating against inmates who protest constitutional rights violations is custom, policy and practice for CHAFFEE and PARK COUNTIES, the Boards of County Commissioners are named as defendants in this action.

      Thomas Montoya asserts four claims for relief against Defendants 1) malicious, wanton

and willful use of force in violation of the Fourth, Eighth and Fourteenth Amendments; 2) failure to provide medical care and treatment in violation of the Eighth Amendment; 3) failure to train and supervise in violation of the Eighth and Fourteenth Amendment; 4) conspiracy in violation of the First, Fourth, and Eighth Amendments.

  b. *Defendants Board of County Commissioners of Chafee County, Timothy Walker, Scott Glenn, Board of County Commissioners of Park County, and Fred Wegener:*

  None of these Defendants have responded to the Plaintiff's Complaint to date. As a result, these Defendants specifically reserve the right to include any applicable defenses and affirmative defenses in their respective responses to the Plaintiff's Complaint.

  Defendant Scott Glenn denies that he used excessive force on the Plaintiff on October 17, 2003, and denies that he violated the Plaintiff's constitutional rights in any fashion whatsoever during the Plaintiff's incarceration in the Chaffee County Jail. Defendants Timothy Walker and the Board of County Commissioners of Chaffee County deny that they violated the Plaintiff's constitutional rights in any fashion during his incarceration in the Chaffee County Jail. All of these Defendants deny they violate the Plaintiff's constitutional rights in any fashion by transferring him from the Chaffee County Jail to the Park County Jail. Defendants Fred Wegener and Board of County Commissioners of Park County deny they violated the Plaintiff's constitutional rights in any fashion during his incarceration in the Park County Jail.

  c. *Defendant David Platt*: On February 8, 2006, Defendant Platt signed a Waiver of Service of Summons and acknowledged receiving a copy of the Complaint. To date, counsel has not entered an appearance on behalf of Mr. Platt.

### 3. UNDISPUTED FACTS

a. At all times relevant to the subject matter of this litigation, Plaintiff was a citizen of the United States of America and a resident of Colorado.

b. On October 17, 2003, Plaintiff THOMAS MONTOYA was an inmate at the CHAFFEE COUNTY Jail.

c. MONTOYA was transferred to the PARK COUNTY jail where he stayed for approximately five months.

### 3. COMPUTATION OF DAMAGES

a. *Plaintiff*:

Plaintiff claims appropriate declaratory and other injunctive and/or equitable relief, as well as compensatory and consequential damages, including damages for emotional distress, loss of reputation, humiliation, loss of enjoyment of life, and other pain and suffering on all claims allowed by law in an amount to be determined at trial. Furthermore, Plaintiff claims all economic losses on all claims allowed by law; punitive damages on all claims against those defendants allowed by law and in an amount to be determined at trial; attorneys fees and the costs of this action, including expert witness fees, on all claims allowed by law; pre- and post-judgment interest at the lawful rate and any further relief that this court deems just and proper, and any other relief as allowed by law. A more detailed description of the Plaintiffs' damages will be provided to the Defendants in the normal course of discovery.

d. *Defendants Board of County Commissioners of Chaffee County, Timothy Walker, Scott Glenn, Board of County Commissioners of Park County, and Fred Wegener*: These Defendants are not seeking any damages from the Plaintiff at this time. However, these

Defendants reserve their right to seek their attorneys fees and costs pursuant to applicable federal law.

### 5.  REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. The parties conducted a meeting pursuant to Fed. R. Civ. P. 26(f) on February 17, 2006. Participants in the meeting were as follows:

(1) Marcel Krzystek, Esq. *(Counsel for Plaintiff)*

(2) Andrew D. Ringel, Esq. *(Counsel for Defendants Board of County Commissioners of Chaffee County, Timothy Walker, Board of County Commissioners of Park County, and Fred Wegener).*

(3) Following the Fed. R. Civ. P. 26(f) meeting, Anthony Melonakis, Esq. (*Counsel for Defendant Scott Glenn)* participated in the creation of this proposed Scheduling Order.

### 6. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

### 7.    CASE PLAN AND SCHEDULE

a.    Deadline for Joinder of Parties and Amendment of Pleadings: **April 15, 2006**

b.    Deadline to consent to the jurisdiction of a Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1):  **August 11, 2006**

c.    Discovery Cut-off:  **August 1**, **2006**.

d.    Dispositive Motion Deadline:  **August 14, 2006**

e.    Expert Witness Disclosure:

 (1)    (A) Plaintiff:

>> Anticipated field(s) of expert testimony: Expert in Tasers/police procedures and a medical expert on electric shock.
>
> (B)  Defendants:
>
> Anticipated field(s) of expert testimony: Defendants anticipate experts in any area designated by the Plaintiff.

(2) Parties agree to limit the number of experts to three per side exclusive of any treating health care providers of the Plaintiff.

(3) The parties shall designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **June 1, 2006**

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before **July 1, 2006**

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

b. Deposition Schedule:

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* |
| --- | --- | --- | --- |
| *30(b)(6) Representative(s) of* Board of County Commissioners, Chaffee County, Colorado | TBA | TBA | 4 hours |
| Timothy Walker | TBA | TBA | 4 hours |
| Scott Glenn | TBA | TBA | 4 hours |
| David Platt | TBA | TBA | 4 hours |

7

| | | | |
|---|---|---|---|
| *30(b)(6) Representative(s) of* Board of County Commissioners, Park County, Colorado | TBA | TBA | 4 hours |
| Fred Wegener | TBA | TBA | 4 hours |
| Thomas Montoya | TBA | TBA | 7hours |

    g.    Interrogatory Schedule

All interrogatories must be mailed no later than **June 29, 2006**, so that they may be responded to by the discovery cut-off date of **August 1, 2006**.

    h.    Schedule for Request for Production of Documents

All requests for production of documents must be mailed no later than **June 29, 2006**, so that they may be responded to by the discovery cut-off date of **August 1, 2006**.

    i    Discovery Limitations:

    (1)    The parties shall be limited to each party plus ten (10) depositions per side.

    (2)    A deposition is limited to one day of seven hours as provided in Fed. R. Civ. P. 30(d)(2).

    (3)    None of the parties propose any modifications on the presumptive number of depositions or interrogatories contained in the federal rules.  The parties each may take ten (10) fact depositions in addition to each party.  Each side may serve twenty-five (25) interrogatories on the opposing party, including all discrete subparts, in accordance with Fed. R. Civ. P. 33(a).

    (4)    Each side may serve a total of twenty-five (25) requests for production of documents and a total of twenty-five (25) requests for admissions.

      (5)     Other Planning or Discovery Orders:  None.

## 8. SETTLEMENT

The parties have not discussed the possibility of settlement.  The parties will discuss settlement in good faith, however, settlement is unlikely to occur prior to the commencement of, at minimum, written discovery.

## 9. OTHER SCHEDULING ISSUES

    a.     There are no other discovery or scheduling issues on which counsel, after a good faith effort, were unable to reach an agreement.

    b.     The anticipated length of trial to a jury is five (5) days.

## 10. DATES FOR FURTHER CONFERENCES

    a.     A settlement conference will be held on_____ at _____ o'clock \_\_.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

    ( )     *Pro se* parties and attorneys only need be present.

    ( )     *Pro se* parties, attorneys, and client representatives with authority to settle must be present.  (NOTE: This requirement is not fulfilled by the presence of counsel.  If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

    ( )     Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues in the case and the party's settlement position.

    b.    Status conferences will be held in this case at the following dates and times:
_____
_____

    c.    A final pretrial conference will be held in this case on _____at _____ o'clock __.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

## 11. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 12. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED this _____ day of March, 2006.

                              BY THE COURT:

                              _____
                              Michael J. Watanabe

                            United States Magistrate Judge

APPROVED:

s/ Marcel Krzystek_____
David A. Lane, Esq.
Marcel Krzystek, Esq.
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Telephone (303) 571-1000
*Counsel for Plaintiff*


s/ Andrew D. Ringel_____
Andrew D.Ringel, Esq.
Hall & Evans LLC
1125 17th Street, Suite 600
Denver, CO 80202
(303) 628.3453
*Counsel for Defendants Board of County Commissioners of Chaffee County, Timothy Walker, Board of County Commissioners of Park County, and Fred Wegener*


s/ Anthony Melonakis_____.
Anthony Melonakis, Esq.
Sutton Melonakis & Gulley, PA
26 W. Dry Creek Circle, Suite 375
Littleton, CO 80120-8065
(303) 730-0210
*Counsel for Defendant Scott Glenn*