IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN,
DAVID PLATT,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO,
PARK COUNTY SHERIFF FRED WEGENER,

    Defendants.

---

**ANSWER TO PLAINTIFF'S COMPLAINT FROM DEFENDANTS
BOARD OF COUNTY COMMISSIONERS of CHAFFEE COUNTY,
TIMOTHY WALKER, BOARD OF COUNTY COMMISSIONERS OF
PARK COUNTY, AND FRED WEGENER AND JURY DEMAND**

---

Defendants Board of County Commissioners of Chaffee County, Colorado, Timothy Walker, Board of County Commissioners of Park County, Colorado, and Fred Wegener, by and through their counsel, Andrew D. Ringel, Esq. and Edmund M. Kennedy, Esq. of Hall & Evans, L.L.C., hereby respectfully submit this Answer to Plaintiff's Complaint and Jury Demand, as follows:[1]

---

[1] Contemporaneously with the instant Answer, Defendants have filed a Partial Motion to Dismiss directly at the Plaintiff's First Claim for Relief and all aspects of the Plaintiff's other claims for relief arising before December 14, 2003, as barred by the applicable two year statute of limitations period.

## INTRODUCTION

Defendants Board of County Commissioners of Chaffee County, Colorado, Timothy Walker, Board of County Commissioners of Park County, Colorado, and Fred Wegener (hereinafter collectively "Defendants") admit the Plaintiff attempts this action pursuant to 42 U.S.C. § 1983. Defendants admit that Scott Glenn is a Deputy Sheriff with the Chaffee County Sheriff's Department. Defendants admit that David Platt is a private citizen. Defendants admit that Timothy Walker is the Sheriff of Chaffee County. Defendants admit that Fred Wegener is the Sheriff of Park County. Defendants deny all of the remaining allegations contained under the heading "Introduction" on pages 1 and 2 of Plaintiff's Complaint and deny the Plaintiff is entitled to any relief sought on any of the Plaintiff's claims.

## JURISDICTION AND VENUE

1.      Defendants admit the Plaintiff attempts this action pursuant to 42 U.S.C. § 1983. Defendants admit this Court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Defendants deny all of the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      Defendants admit that venue is proper in this Court pursuant to 28 U.S.C. § 1391. Defendants deny all of the remaining allegations contained in paragraph 2 of Plaintiff's Complaint.

## PARTIES

3.      Defendants admit, upon information and belief, that Plaintiff Thomas Montoya is a citizen of the United States and a resident of the State of Colorado.

4.       Defendants admit Timothy Walker is the Sheriff of Chaffee County. Defendants admit Fred Wegener is the Sheriff of Park County. Defendants admit Scott Glenn is a Deputy Sheriff of Chaffee County. Defendants admit David Platt is a private citizen. Defendants deny all of the remaining allegations contained in paragraph 4 of Plaintiff's Complaint.

## FACTUAL BACKGROUND

5.       Defendants admit that Plaintiff was an inmate at the Chafee County Jail on October 17, 2003.

6.       Defendants admit a training session in the use of Tasers was held at the Chaffee County Jail on October 16, 2003. Defendants deny all of the remaining allegations contained in paragraph 6 of Plaintiff's Complaint.

7.       Defendants deny all allegations contained in paragraph 7 of Plaintiff's Complaint.

8.       Defendants admit Plaintiff voluntarily participated in the Taser training session and was given a one second Taser shock along with Deputy Sheriff Scott Glenn by David Platt during the Taser training session. Defendants deny all of the remaining allegations contained in paragraph 8 of Plaintiff's Complaint.

9.       Defendants admit Plaintiff voluntarily participated in the Taser training session and was given a one second Taser shock along with Deputy Sheriff Scott Glenn by David Platt during the Taser training session. Defendants deny all of the remaining allegations contained in paragraph 9 of Plaintiff's Complaint.

10.      Defendants deny all allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Defendants deny all of the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendants admit that Plaintiff gave an interview to <u>The Denver Post</u> and that an article concerning the Plaintiff was published in <u>The Denver Post</u> on February 4, 2004. Defendants state the Plaintiff's interview and the article both speak for themselves. Defendants deny all of the remaining allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendants deny all of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendants admit the Plaintiff was transferred from the Chaffee County Jail to the Park County Jail. Defendants admit the Plaintiff was incarcerated in the Park County Jail from approximately February 3, 2004, through June 26, 2004. Defendants deny all of the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Defendants admit the Plaintiff was classified as a protective custody inmate in the Park County Jail due to his status as a former correctional officer with the Colorado Department of Corrections and housed in administrative segregation during some of the time of his incarceration in the Park County Jail for his safety and well being. Defendants deny all of the remaining allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     Defendants deny all of the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Defendants deny all of the allegations contained in paragraph 17 of Plaintiff's Complaint.

**FIRST CLAIM FOR RELIEF**
(§ 1983 Fourth, Eighth, and Fourteenth Amendment Violations—Malicious, Wanton and Willful Use of Force—Against Defendants Chaffee County, Walker, Glenn and Platt)

18.     Defendants incorporate herein by reference, their answers to each and every allegation in paragraphs 1 through 17 of Plaintiff's Complaint above, as if said answers were set forth more fully herein as their answer to the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendants state the Plaintiff's constitutional rights under the facts of this case speak for themselves.  Defendants deny all of the allegations contained in paragraph 19 of Plaintiff's Complaint inconsistent with applicable law.

20.     Defendants deny all of the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Defendants deny all of the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendants deny all of the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     Defendants deny all of the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendants admit the actions of Timothy Walker, Scott Glenn and Fred Wegener were taken under color of state law and were within the scope of their official duties.  Defendants deny all of the remaining allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     Defendants deny all of the allegations contained in paragraph 25 of Plaintiff's Complaint.

26. Defendants deny all of the allegations contained in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny all of the allegations contained in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny all of the allegations contained in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny all of the allegations contained in paragraph 29 of Plaintiff's Complaint.

## SECOND CLAIM FOR RELIEF
(§ 1983 Eighth Amendment Violation—Failure to Provide
Medical Care and Treatment—All Defendants)

30. Defendants incorporate herein by reference, their answers to each and every allegation in paragraphs 1 through 29 of Plaintiff's Complaint above, as if said answers were set forth more fully herein as their answer to the allegations contained in paragraph 30 of Plaintiff's Complaint.

31. Defendants state the Plaintiff's constitutional rights under the facts of this case speak for themselves. Defendants deny all of the allegations contained in paragraph 31 of Plaintiff's Complaint inconsistent with applicable law.

32. Defendants deny all of the allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny all of the allegations contained in paragraph 33 of Plaintiff's Complaint.

34. Defendants deny all of the allegations contained in paragraph 34 of Plaintiff's Complaint.

35. Defendants deny all of the allegations contained in paragraph 35 of Plaintiff's Complaint.

36. Defendants deny all of the allegations contained in paragraph 36 of Plaintiff's Complaint.

37. Defendants deny all of the allegations contained in paragraph 37 of Plaintiff's Complaint.

38. Defendants deny all of the allegations contained in paragraph 38 of Plaintiff's Complaint.

39. Defendants deny all of the allegations contained in paragraph 39 of Plaintiff's Complaint.

### THIRD CLAIM FOR RELIEF
(§ 1983 Eighth and Fourteenth Amendment Violation—Failure to Train and Supervise—Against Defendants Board of County Commissioners of Chaffee County and Timothy Walker)

40. Defendants incorporate herein by reference, their answers to each and every allegation in paragraphs 1 through 39 of Plaintiff's Complaint above, as if said answers were set forth more fully herein as their answer to the allegations contained in paragraph 40 of Plaintiff's Complaint.

41. Defendants admit that Sheriff Walker has the authority and powers of the office of Sheriff as set forth in the Colorado Constitution and Colorado Statutes. Defendants deny all of the allegations contained in paragraph 41 of Plaintiff's Complaint inconsistent therewith. Defendants deny all of the remaining allegations contained in paragraph 41 of Plaintiff's

Complaint.

42.  Defendants deny all of the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.  Defendants deny all of the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.  Defendants deny all of the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.  Defendants deny all of the allegations contained in paragraph 45 of Plaintiff's Complaint.

46.  Defendants deny all of the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.  Defendants deny all of the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.  Defendants deny all of the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.  Defendants deny all of the allegations contained in paragraph 49 of Plaintiff's Complaint.

50.  Defendants deny all of the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.  Defendants deny all of the allegations contained in paragraph 51 of Plaintiff's Complaint.

52. Defendants deny all of the allegations contained in paragraph 52 of Plaintiff's Complaint.

53. Defendants deny all of the allegations contained in paragraph 53 of Plaintiff's Complaint.

### FOURTH CLAIM FOR RELIEF
(§ 1983 Conspiracy, First, Fourth, Eighth Amendment Violations—Against All Defendants)

54. Defendants incorporate herein by reference, their answers to each and every allegation in paragraphs 1 through 53 of Plaintiff's Complaint above, as if said answers were set forth more fully herein as their answer to the allegations contained in paragraph 54 of Plaintiff's Complaint.

55. Defendants state the Plaintiff's constitutional rights under the facts of this case speak for themselves. Defendants deny all of the allegations contained in paragraph 55 of Plaintiff's Complaint inconsistent with applicable law.

56. Defendants deny all of the allegations contained in paragraph 56 of Plaintiff's Complaint.

57. Defendants deny all of the allegations contained in paragraph 57 of Plaintiff's Complaint.

58. Defendants deny all of the allegations contained in paragraph 58 of Plaintiff's Complaint.

59. Defendants state the Plaintiff's constitutional rights under the facts of this case speak for themselves. Defendants deny all of the allegations contained in paragraph 59 of Plaintiff's Complaint inconsistent with applicable law.

60. Defendants deny all of the allegations contained in paragraph 60 of Plaintiff's Complaint.

61. Defendants deny all of the allegations contained in paragraph 61 of Plaintiff's Complaint.

62. Defendants state the Plaintiff's constitutional rights under the facts of this case speak for themselves. Defendants deny all of the allegations contained in paragraph 62 of Plaintiff's Complaint inconsistent with applicable law.

63. Defendants admit that Plaintiff gave an interview to <u>The Denver Post</u> and that an article concerning the Plaintiff was published in <u>The Denver Post</u> on February 4, 2004. Defendants state the Plaintiff's interview and the article both speak for themselves. Defendants deny all of the remaining allegations contained in paragraph 63 of Plaintiff's Complaint.

64. Defendants deny all of the allegations contained in paragraph 64 of Plaintiff's Complaint.

65. Defendants admit the Plaintiff was transferred from the Chaffee County Jail to the Park County Jail. Defendants admit the Plaintiff was incarcerated in the Park County Jail from approximately February 3, 2004, through June 26, 2004. Defendants deny all of the allegations contained in paragraph 65 of Plaintiff's Complaint.

66. Defendants deny all of the allegations contained in paragraph 66 of Plaintiff's Complaint.

67. Defendants admit the Plaintiff was transferred from the Chaffee County Jail to the Park County Jail. Defendants admit the Plaintiff was incarcerated in the Park County Jail from approximately February 3, 2004, through June 26, 2004. Defendants deny all of the allegations

contained in paragraph 67 of Plaintiff's Complaint.

68. Defendants deny all of the allegations contained in paragraph 68 of Plaintiff's Complaint.

69. Defendants deny all of the allegations contained in paragraph 69 of Plaintiff's Complaint.

70. Defendants deny all of the allegations contained in paragraph 70 of Plaintiff's Complaint.

## PRAYER FOR RELIEF

Defendants deny all of the allegations following the word "Wherefore" on pages 12-13 of Plaintiff's Complaint, including all of the allegations in paragraphs (a) through (f), and deny the Plaintiff is entitled to any of the relief requested in the Plaintiff's Complaint.

## GENERAL DENIAL

Defendants deny each and every allegation contained in Plaintiff's Complaint not specifically admitted herein.

## DEFENSES AND AFFIRMATIVE DEFENSES

1. Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted against the Defendants.

2. All or part of Plaintiff's claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted.

3. The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom the Defendants have no control or right of control.

4. Defendants Timothy Walker and Fred Wegener in their individual capacities are entitled to qualified immunity for all Plaintiff's claims of constitutional violations.

5. Plaintiff was deprived of no well-settled liberty or property interest and he was afforded all the rights, privileges and immunities guaranteed by the Constitution, no constitutionally protected interest is impugned in relation to any claim of Plaintiff.

6. Defendants followed the regulations and procedures of their respective jails and the State of Colorado in connection with contact with Plaintiff, if any.

7. Plaintiff's claims against Defendants are barred, in whole or in part, due to a failure of personal participation on the part of Defendants.

8. On information and belief, Plaintiff failed to mitigate his damages, if any.

9. Defendants' conduct was, at all times, lawful, justified and privileged; any actions complained of by Plaintiff in relation to Defendants were justified by penological reasons.

10. To any extent that Plaintiff attempts through the Complaint here to assert any claim of any nature against any Defendants pursuant to Colorado law, any such attempt is barred, limited or controlled pursuant to the Colorado Governmental Immunity Act, C.R.S. § 24-10-101, *et seq*. and other elements of Colorado law.

11. Defendants are not nor could they become liable for any punitive damages pursuant to any law on the basis of any allegations attempted in this matter.

12. Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by Defendants, nor were they proximately caused by or related to any act or omission of Defendants.

13. Plaintiff's claim for punitive damages, if any, is barred, reduced, or in the alternative, unconstitutional and a violation of Defendants' rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution. Further, any claim for punitive damages against Defendants in any official capacity is precluded under federal law.

14. At all times pertinent herein, Defendants acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiff harm.

15. Plaintiff is not entitled to the relief sought in his Complaint under any of the theories asserted.

16. All actions of Defendants taken with respect to Plaintiff were taken in good faith and were reasonable under the circumstances.

17. Defendants never breached any duty owed Plaintiff at any time in the course of his incarceration.

18. Defendants may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution.

19. Some or all of the Defendants are not proper parties for some or all of the Plaintiff's claims.

20. Plaintiff's damages, if any, are subject to offset by virtue of amounts received from other sources.

21. On information and belief, Plaintiff may have failed to exhaust administrative remedies with respect to some or all of his claims or allegations.

22. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

23. Some or all of the Plaintiff's claims are barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §§ 1997e *et. seq.*

24. All actions of Defendants taken with respect to Plaintiff were taken in good faith and were reasonable under the circumstances and no action taken by any of the Defendants related to any "protected activity" of the Plaintiff's.

25. Defendants specifically reserve the right to amend their Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become non-applicable upon completion of additional discovery.

WHEREFORE, having answered the allegations of the Plaintiff's Complaint in full, Defendants Board of County Commissioners of Chaffee County, Colorado, Timothy Walker, Board of County Commissioners of Park County, Colorado, and Fred Wegener move the Court for entry of an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorneys fees, and ordering such other and further relief as to the Court appears proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Defendants hereby demand a trial by jury on all issues so triable.

Dated this 27th day of March 2006.

        Respectfully submitted,

        s/ Andrew D. Ringel_____
        Andrew D. Ringel, Esq.
        Edmund M. Kennedy, Esq.
        of HALL & EVANS, L.L.C.
        1125 17th Street, Suite 600
        Denver, CO 80202-5800
        (303) 628-3300

        **ATTORNEYS FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, TIMOTHY WALKER, BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, AND FRED WEGENER**

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 27th day of March, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David A. Lane, Esq.
Marcel Krzystek, Esq.
Killmer, Lane & Newman, LLP
dlane@killmerlane.com
mkrzystek@killmerlane.com

Anthony Melonakis, Esq.
Sutton, Melonakis & Gulley, PA
amelonakis@smglaw.us

and hereby certify that I have mailed or served the document or paper to the following non/CM/ECF participant in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

David Platt
Chaffee County Patrol & Investigation
1115 E. Rainbow Blvd.
Salida, CO 81201-2913

                                                        s/Loree Trout, Secretary to
                                                        Andrew D. Ringel, Esq.
                                                        Edmund M. Kennedy, Esq.
                                                        Hall & Evans, L.L.C.
                                                        1125 17th Street, Suite 600
                                                        Denver, CO 80202-2052
                                                        303-628-3300
                                                        Fax: 303-293-3238
                                                        ringela@hallevans.com
                                                        kennedye@hallevans.com

H:\Users\RINGELA\park\Montoya, Thomas\Answer.doc