IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, in their official and individual capacities,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER, in his official and individual capacity,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN, in his official and individual capacity,
DAVID PLATT, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO, in their official and individual capacities,
PARK COUNTY SHERIFF FRED WEGENER, in his official and individual capacity,

    Defendants.

---

**PARTIAL MOTION TO DISMISS FROM DEFENDANTS
BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY,
TIMOTHY WALKER, SCOTT GLENN, BOARD OF COUNTY
COMMISSIONERS OF PARK COUNTY, AND FRED WEGENER**

---

Defendants Board of County Commissioners of Chaffee County, Colorado, Timothy Walker, Scott Glenn, Board of County Commissioners of Park County, Colorado, and Fred Wegener, by and through their respective counsel, Andrew D. Ringel, Esq. and Edmund M. Kennedy, Esq. of Hall & Evans, L.L.C., and Anthony Melonakis, Esq. of Sutton Melonakis & Gulley, PA, pursuant to Fed. R. Civ. P. 12(b)(6), respectfully submit this Partial Motion to Dismiss, and as grounds therefore state as follows:

## INTRODUCTION

Plaintiff Thomas Montoya filed this action against the Defendants under 42 U.S.C. § 1983. Plaintiff asserts four claims for relief: (1) against Defendants Board of County Commissioners of Chaffee County, Sheriff Tim Walker, Scott Glenn and David Platt under the Fourth, Eighth and Fourteenth Amendments for allegedly using excessive force based on the Taser incident of October 16, 2003,[1]; (2) against all Defendants under the Eighth Amendment for failure to provide medical care; (3) against Defendants Board of County Commissioners of Chaffee County and Sheriff Tim Walker under the Eighth and Fourteenth Amendments for their alleged failure to train and supervise; and (4) against all Defendants for an alleged conspiracy.

Although Defendants generally deny plaintiff's assertion that his constitutional rights were violated, Defendants' submit that Plaintiff's claims are barred in whole or in part by the applicable statute of limitations. As a result, Defendants request that the Court dismiss Plaintiff's first claim for relief, and all aspects of the Plaintiff's remaining claims for conduct that occurred prior to December 14, 2003.[2]

## STANDARD OF REVIEW

A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) may be granted if it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." ***Hishon v. King & Spalding***,

---

[1] In his Complaint, Plaintiff states the date of the Taser incident was October 17, 2003. Upon information and belief, these Defendants believe it was really October 16, 2003. The exact date the Taser incident occurred, however, is immaterial for purposes of this Motion.

[2] While this Partial Motion to Dismiss is not filed on behalf of Defendant David Platt, who is presently appearing *pro se* in this matter, the arguments presented in this Motion are equally applicable to the Plaintiff's claims against Mr. Platt.

467 U.S. 69, 73 (1984) (*citing* **Conley v. Gibson**, 355 U.S. 41, 45-46 (1957)).  On a Rule 12(b)(6) motion, the court accepts the well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff.  **Shaw v. Valdez**, 819 F.2d 965, 968 (10th Cir. 1987).  Construing the allegations in the light most favorable to the plaintiff, the court determines whether the plaintiff is entitled to legal relief even if everything alleged in the complaint is true.  **Hall v. Bellmon**, 935 F.2d 1106, 1109 (10th Cir. 1991).  Dismissal of a complaint is appropriate pursuant to Fed. R. Civ. P. 12(b)(6) if it is clear from the facts alleged that the plaintiff's claims are barred by the applicable statute of limitations.  **Aldrich v. McCulloch Properties, Inc.,** 627 F.2d 1036, 1041 n. 4 (10th Cir. 1980); **Bullington v. United Air Lines, Inc.,** 186 F.3d 1301, 1310 n.3 (10th Cir. 1999), *overruled on other grounds by,* **Nat'l R.R. Passenger Corp. v. Morgan,** 536 U.S. 101 (2002); **Rohner v. Union Pacific R. Co.,** 225 F.2d 272, 274 (10th Cir. 1955).

## STATEMENT OF UNDISPUTED FACTS[3]

1. On October 17, 2003, Plaintiff Thomas Montoya was an inmate at the Chaffee County Jail.  [*See* Plaintiff's Complaint, ¶ 5].

2. On October 17, 2003, the Chaffee County Sheriff was having training exercise for deputies who were learning how to appropriately use Tasers.  [*Id.* ¶ 6].

3. On that date, Plaintiff participated in the exercise.  [*Id.* ¶¶ 7-10].

4. Plaintiff filed his Complaint on December 14, 2005.  [*Id.*].

---

[3] These Defendants accept the following facts as true for the purpose of this Motion only.

3

### ARGUMENT

### ALL ASPECTS OF THE PLAINTIFF'S CLAIMS ARISING BEFORE DECEMBER 14, 2003, ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS PERIOD AS A MATTER OF LAW

Because Congress established no specific statute of limitations for actions brought pursuant to 42 U.S.C. § 1983, the general personal injury or residual statute of limitations of the forum state applies.  ***Wilson v. Garcia,*** 471 U.S. 261, 276-80 (1985); 42 U.S.C. § 1988(a).  In Colorado, COLO. REV. STAT.. § 13-80-102(g) provides a two-year statute of limitations period for claims brought pursuant to federal law where no limitations period is set by Congress. ***Workman v. Jordan,*** 32 F.3d 475, 482 (10th Cir. 1994), *cert. denied,* 514 U.S. 1015 (1995); ***Arnold v. Duschesne County,*** 26 F.3d 982, 985 n. 5 (10th Cir. 1994), *cert. denied,* 513 U.S. 1076 (1995).  Although state law governs the time period within which a § 1983 claim must be commenced, the issue of when a claim accrues is a question of federal law.  ***Price v. Philpot,*** 420 F.3d 1158, 1162 (10th Cir. 2005).  A § 1983 claim accrues when the plaintiff "knows or has reason to known of the injury which is the basis of the action."  ***Baker v. Bd. of Regents,*** 991 F.2d 628, 632 (10th Cir. 1993).  Claims for excessive force and denial of medical treatment accrue on the date force is used and medical treatment is denied.  ***Merrihew v. Town of Ulster,*** 2005 WL 16601113, at p 2 (N.D.N.Y. July 7, 2005) (citing ***Singleton v. City of New York,*** 632 F.2d 185, 191 (2nd Cir. 1980), attached hereto as Exhibit A; ***Craig v. Flemming***, 1986 U.S. Dist. LEXIS 24102, at p. 2 (D. Pa. June 17, 1986), attached hereto as Exhibit B.

The continuing violation doctrine is inapplicable to 42 U.S.C. § 1983 claims.  *See, e.g.,* ***Thomas v. Denny's, Inc.***, 111 F.3d 1506, 1513-14 (10th Cir.1997), *cert. denied,* 522 U.S. 1028 (1997) (rejecting continuing violation for 42 U.S.C. § 1981 claims); ***Hunt v. Bennett,*** 17 F.3d

1263 (10th Cir. 1994), *cert. denied,* 513 U.S. 832 (1994) (declining to extend continuing violation theory to 42 U.S.C. § 1983 claims); **Pike v. City of Mission, Kan.**, 731 F.2d 655, 660 (10th Cir. 1984) (same); **LRL Properties v. Portage Metro Housing Auth.,** 55 F.3d 1097, 1105 n. 3 (6th Cir. 1995) (same).  Thus, this Court previously has concluded a plaintiff in a § 1983 claim may only recover for events that occurred within the two year limitations period.  [*See* Order Accepting Magistrate Judge's Recommendation and Denying Pending Motions, **Terry Akers v. Joseph Ortiz et. al.,** Civil Action No. 01-N-2513 (PAC), 8/25/04, attached hereto as Exhibit C].  As a result, Defendants submit that Plaintiff is precluded from any reliance on any events prior to December 14, 2003, to form the factual predicate of any of his 42 U.S.C. § 1983 claims against Defendants.

Plaintiff's First Claim for Relief alleges that on October 17, 2003, Defendants Chaffee County Board of County Commissioners, Walker, Glenn, and Platt subjected Plaintiff to excessive force of being Tasered while in these Defendants custody.  [*See* Plaintiff's Complaint, ¶¶ 6-10].  All allegations concerning the Taser incident occurred prior to December 14, 2003, and therefore this claim is barred by the applicable statute of limitations.

Plaintiff's Second Claim for Relief alleges that all Defendants failed to provide Plaintiff with medical care ant treatment concerning the alleged injuries he incurred on October 17, 2003.  [*See* Plaintiff's Complaint, ¶¶ 6-10].  Although the dates Plaintiff contends he was denied medical treatment are not specified in the Complaint, Plaintiff is nonetheless barred from relying on any acts or omissions occurring prior to December 14, 2003, to state any failure to provide medical care claim.

Plaintiff's Third Claim for Relief alleges that Defendants Walker and Chaffee County Board of County Commissioners failed to properly train and supervise the administration of the taser exercise which occurred on October 17, 2003. [*See* Plaintiff's Complaint, ¶¶ 6-10]. Any allegations concerning a failure to train and supervise in regard to the October 17, 2003, Taser training is barred by the applicable statute of limitations since the incident occurred prior to December 14, 2003. Further, any additional allegations concerning failure to train or supervise that occurred prior to December 14, 2003, are also barred by applicable statute of limitations.

In sum, Plaintiff's claims are limited to those events that are alleged to have violated his constitutional rights that occurred after December 14, 2003. Any allegations pertaining to any act or omission of any Defendant that occurred prior to December 14, 2003, are barred by the applicable two year statute of limitations period and must be dismissed by this Court as a matter of law.

## CONCLUSION

Defendants Board of County Commissioners of Chaffee County, Colorado, Timothy Walker, Scott Glenn, Board of County Commissioners of Park County, Colorado, and Fred Wegener respectfully request this Court dismiss Plaintiff's first claim for relief; dismiss all of the Plaintiff's remaining claims to the extent they arose before December 14, 2003; and for all other and further relief as this Court deems just and appropriate.

Dated this 27th day of March 2006.

Respectfully submitted,


| | |
|---|---|
| s/ Andrew D. Ringel_____ | s/ Anthony Melonakis_____ |
| Andrew D. Ringel, Esq. | Anthony Melonakis, Esq. |
| Edmund M. Kennedy, Esq. | Sutton Melonakis & Gulley, PA |
| of HALL & EVANS, L.L.C. | 26 W. Dry Creek Circle, Suite 375 |
| 1125 17th Street, Suite 600 | Littleton, CO 80120-8065 |
| Denver, CO 80202-5800 | (303) 730-0210 |
| (303) 628-3300 | amelonakis@smglaw.us |
| ringela@hallevans.com | |
| kennedye@hallevans.com | **ATTORNEYS FOR** |
| | **DEFENDANT SCOTT GLENN** |
| **ATTORNEYS FOR DEFENDANTS** | |
| **BOARD OF COUNTY COMMISSIONERS** | |
| **OF CHAFFEE COUNTY, TIMOTHY WALKER,** | |
| **BOARD OF COUNTY COMMISSIONERS OF** | |
| **PARK COUNTY, AND FRED WEGENER** | |

**CERTIFICATE OF SERVICE (CM/ECF)**

I HEREBY CERTIFY that on the 27th day of March, 2006, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

David A. Lane, Esq.
Marcel Krzystek, Esq.
Killmer, Lane & Newman, LLP
dlane@killmerlane.com
mkrzystek@killmerlane.com

Anthony Melonakis, Esq.
Sutton, Melonakis & Gulley, PA
amelonakis@smglaw.us

and hereby certify that I have mailed or served the document or paper to the following non/CM/ECF participant in the manner (mail, hand delivery, etc.) indicated by the non-participant's name:

David Platt
Chaffee County Patrol & Investigation
1115 E. Rainbow Blvd.
Salida, CO 81201-2913

s/Loree Trout, Secretary to
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3300
Fax: 303-293-3238
ringela@hallevans.com
kennedye@hallevans.com

H:\Users\RINGELA\park\Montoya, Thomas\partial motion to dismiss.doc