Westlaw.

Slip Copy

Slip Copy, 2005 WL 1660113 (N.D.N.Y.)
**(Cite as: Slip Copy)**

EXHIBIT A

Page 1

Briefs and Other Related Documents
Only the Westlaw citation is currently available.
United States District Court,N.D. New York.
Russell **MERRIHEW**, Jr., Plaintiff,
v.
THE TOWN OF ULSTER, the Town of Ulster Police Department, the City of Kingston, the City of Kingston Police Department, Detective Robert Reynolds, Lieutenant Timothy Mathews, Detective Brian Robertson, Detective John Sheeley, and Robert Henry, Defendants.
No. 1:04-CV-1027(LEKDRH).

July 7, 2005.

John W. Cobb, Cobb, Cobb Law Firm, Tuxedo, NY, for Plaintiff.
David L. Posner, McCabe, Mack Law Firm, Poughkeepsie, NY, Robert D. Cook, Cook, Netter Law Firm, Kingston, NY, for Defendants.

*MEMORANDUM-DECISION AND ORDER*

KAHN, J.

I. Background

*1 On August 21, 2004, Plaintiff Russell **Merrihew**, Jr. ("**Merrihew**") filed this action pursuant to 42 U.S.C. §§ 1983 (" § 1983") and 1988, alleging that he was subjected to various deprivations of his rights under the Fourth and Fourteenth Amendments, specifically: (1) malicious prosecution; (2) false arrest and imprisonment; (3) excessive force utilized by police in making an arrest; (4) illegal searches and seizures; and (5) denial of medical care while imprisoned by police. Complaint (Dkt. No. 1) at ¶ 17. Currently before the Court are two motions to dismiss, one by Defendants Town of Ulster, Detective Robert Reynolds, and Detective John Sheeley (collectively, "Ulster Defendants") and one by Defendants City of Kingston, City of Kingston Police Department, Lieutenant Timothy Mathews, Detective Brian Robertson, and Robert Henry (collectively, "Kingston Defendants"). Ulster Motion (Dkt. No. 29); Kingston Motion (Dkt. No. 43). In each motion, the respective defendants seek the dismissal of **Merrihew**'s claims based upon excessive force and denial of medical care as barred by the applicable statute of limitations. Ulster Motion (Dkt. No. 29) at 2; Kingston Motion (Dkt. No. 43) at 3. **Merrihew** has not responded to either motion.

On or about the evening of April 23, 1998, **Merrihew** was at Mid-Hudson Auto Upholstery and Boat Tops, his place of business, to load a truck and meet a friend. [FN1] Complaint (Dkt. No. 1) at ¶ 8. **Merrihew** alleges that he was approached by four police officers who pulled him out of his truck, threw him up against it, and then threw him to the ground. *Id.* at ¶ 9. He claims that they proceeded to beat him in the lower back, head, face, and neck. *Id.* According to **Merrihew**, the officers searched him, took money they found in his shirt pocket, and forced him to open the business to let them search it. *Id.* Nothing was found in the business. *Id.*

> FN1. As this is a motion to dismiss, **Merrihew**'s factual allegations are taken as true. *See Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir.1999).

**Merrihew** states that police then brought him to the police station, where he was told that he was being arrested for "sale of cocaine on video." *Id.* at ¶¶ 9-10. **Merrihew** told them he was never a drug dealer. *Id.* at ¶ 10. When police told him they suspected that he had large quantities of drugs in his basement safe, **Merrihew** said that he gave them the combination because he had nothing to hide. *Id.* The officers, armed with an allegedly valid search warrant, searched **Merrihew**'s residence and claimed to have found four ounces of cocaine in the

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Slip Copy                                                                                                                                                          Page 2

Slip Copy, 2005 WL 1660113 (N.D.N.Y.)
**(Cite as: Slip Copy)**

basement safe. *Id.* at ¶ 11. Police then went back to his business, again with an allegedly valid search warrant, and claim to have found cocaine in a key box. *Id.* While in police custody, **Merrihew** contends that he was denied requested medical treatment, and that he had to go to the hospital after his release from jail. *Id.* at ¶ 12.

Ultimately, **Merrihew** was charged with Criminal Possession of a Controlled Substance in the Second Degree, two counts of Criminal Possession of a Controlled Substance in the Third Degree, Criminal Possession of a Controlled Substance in the Fourth Degree, and two counts of Criminally Using Drug Paraphernalia in the Second Degree. *Id.* He was convicted on February 14, 2000. *Id.* at ¶ 13. On January 30, 2003, the Appellate Division, Third Department vacated his conviction because his pre-trial motion to dismiss on speedy trial grounds should have been granted. *Id.;* Ulster Memo. (Dkt. No. 29) at 2; *People v. Merrihew,* 301 A.D.2d 970, 755 N.Y.S.2d 462 (3rd Dept.2003).

## II. Discussion

*2 A motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure must be denied " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." ' *Cohen v. Koenig,* 25 F.3d 1168, 1172 (2d Cir.1994) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). In assessing the sufficiency of a pleading, the Court must "assume all well-pleaded factual allegations to be true, and ... view all reasonable inferences that can be drawn from such allegations in the light most favorable to the plaintiff." *Dangler v. New York City Off Track Betting Corp.,* 193 F.3d 130, 138 (2d Cir.1999). Consideration is limited to the complaint, documents attached to the complaint or incorporated into it by reference, matters of which judicial notice may be taken, and "documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Brass v. Amer. Film Techs., Inc.,* 987 F.2d 142, 150 (2d Cir.1993); *Young v. Goord,* No. 01 CV 626(JG), 2005 WL 562756, at *6 (E.D.N.Y. Mar.10, 2005).

Ulster Defendants and Kingston Defendants contend that the claims alleging excessive force and denial of access to medical care are barred by the applicable statute of limitations. Ulster Memo. (Dkt. No. 29) at 3; Kingston Memo. (Dkt. No. 43) at 5.

The statute of limitations period for § 1983 claims such as the two at issue in this motion is determined by the forum state's statute of limitations for personal injury actions. *Okure v. Owens,* 816 F.2d 45, 47 (2d Cir.1987); *Taylor v. New York State Dep't of Corr.,* No. 03 Civ.1929(PKC), 2004 WL 2979910, at *8 (S.D.N.Y. Dec.22, 2004). Under New York State law, the statute of limitations period for personal injury claims is three years. N.Y. C.P.L.R. § 214(5) (1991). Because the complaint was filed on August 31, 2004, (Dkt. No. 1), claims accruing prior to August 31, 2001 are barred.

A claim pursuant to § 1983 "accrues when the alleged conduct has caused the claimant harm and the claimant knows or has reason to know of the allegedly impermissible conduct and the resulting harm." [FN2] *Veal v. Geraci,* 23 F.3d 722, 724 (2d Cir.1994). The basis for **Merrihew's** excessive force claim is that on April 23, 1998, he was thrown to the ground and beaten by police officers in the course of his arrest. Complaint (Dkt. No. 1) at ¶ 9. The circumstances underlying **Merrihew's** denial of medical care claim occurred while he was in the custody of police after his arrest. *Id.* at ¶ 12. These were the only allegations in his complaint that could form the bases of claims relating to excessive force and denial of medical care. Based upon the facts as recited by **Merrihew** in his complaint, the conduct and harm underlying his claims regarding excessive force and denial of medical care occurred on April 23, 1998. *Id.* at ¶¶ 9, 12. **Merrihew** had knowledge of the force and the denial of medical care on that same evening. *See, Singleton v. City of New York,* 632 F.2d 185, 191 (2d Cir.1980). His knowledge of the denial of medical care is evidenced by his request for medical treatment while in custody, which was denied. *Id.* at ¶ 12.

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

FN2. In certain circumstances, § 1983 claims do not accrue until a plaintiff's conviction is overturned or otherwise invalidated. *Heck v. Humphrey,* 512 U.S. 477, 489-90, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). If the basis for a § 1983 claim is "harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove that the conviction or sentence was reversed, expunged, invalidated, or called into question by the issuance of a writ of habeas corpus, and thus, the cause of action does not accrue until that point. *Id.* at 486-87; 489-90. When a "plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed." *Id.* at 487. Because there is nothing in **Merrihew's** complaint that suggests that his claims regarding excessive force and denial of medical care are in any way related to the validity or invalidity of **Merrihew's** criminal conviction, the claims began to accrue when the harms occurred and he had (or should have had) knowledge of them.

*3 As there are no allegations in the complaint indicating that the statute of limitations for these claims may be equitably tolled or otherwise extended, **Merrihew's** claims relating to excessive force and denial of medical care filed on August 31, 2004 are barred by the three year statute of limitations, which expired on April 23, 2001. That **Merrihew** was incarcerated for most (or all) of the statute of limitations period is of no matter; he could have pursued these claims from prison.

III. Conclusion

Based on the foregoing discussion, it is hereby

ORDERED, that the motion to dismiss filed by the Town of Ulster, Detective Robert Reynolds, and Detective John Sheeley is GRANTED, and **Merrihew's** claims regarding excessive force and denial of medical care pursuant to 42 U.S.C. § 1983 are DISMISSED as to these defendants; and it is further

ORDERED, that the motion to dismiss filed by the City of Kingston, the City of Kingston Police Department, Lieutenant Timothy Mathews, Detective Brian Robertson, and Robert Henry is GRANTED, and **Merrihew's** claims regarding excessive force and denial of medical care pursuant to 42 U.S.C. § 1983 are DISMISSED as to these defendants; and it is further

ORDERED, that the Clerk serve a copy of this order on all parties.

N.D.N.Y.,2005.
Merrihew v. Town of Ulster
Slip Copy, 2005 WL 1660113 (N.D.N.Y.)

Briefs and Other Related Documents (Back to top)

• 2005 WL 2803042 (Trial Motion, Memorandum and Affidavit) Memorandum of Law in Opposition to Plaintiff's Motion to Disqualify (Sep. 02, 2005)
• 2005 WL 2171711 (Trial Motion, Memorandum and Affidavit) Notice of Cross Motion (Feb. 08, 2005)
• 2004 WL 3514635 (Trial Motion, Memorandum and Affidavit) Memorandum of Law (Oct. 05, 2004)
• 2004 WL 3514634 (Trial Pleading) Complaint (Aug. 30, 2004)

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.