EXHIBIT B

3 of 4 DOCUMENTS

### CLARENCE CRAIG vs. POLICE OFFICER KENNETH FLEMMING and THE CITY OF PHILADELPHIA

### CIVIL ACTION NO. 86-1685

### UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

*1986 U.S. Dist. LEXIS 24102*

### June 17, 1986, Decided; June 18, 1986, Filed

**OPINIONBY:** [*1]

DITTER

**OPINION:**

MEMORANDUM AND ORDER

DITTER, J.

Plaintiff has filed a civil rights complaint accompanied by a request to proceed in forma pauperis. Since it appears plaintiff is unable to prepay the cost for commencement of this suit, leave to proceed in forma pauperis will be granted.

Plaintiff brings his claims under *42 U.S.C. § § 1983, 1985, and 1986.* He names as defendants Police Officer Flemming and the City of Philadelphia and alleges denial of medical care. He states that on July 3, 1983, he was knocked off his bicycle by a police van driven by defendant Flemming during a chase. He requested that he be taken to the hospital and his request was denied. Later, upon release from custody, plaintiff states he experienced leg, ankle, and back problems so he went to the hospital for a check-up. He filed this complaint on March 24, 1986. For the following reasons this complaint will be dismissed as frivolous pursuant to *28 U.S.C. § 1915(d).*

Plaintiff fails to state a claim under § § 1985 and 1986. Section 1985 has several subsections which cover numerous situations where defendants conspire to interfere with a plaintiff's civil rights. *U.S. ex rel. Hoss v. Cuyler* [*2] *, 452 F.Supp. 256, 278-79 (E.D. Pa. 1978).* Only those cases fitting into the specific categories of § 1985 are actionable. *Brown v. Chaffee, 612 F.2d 497, 502 (10th Cir. 1979).* Plaintiff fails to specify under which subsection he wishes to proceed, but an analysis of this case reveals that it fits none of the various categories. First, there is no allegation of a conspiracy, a requirement for all claims under § 1985(2). Nor are there allegations that defendants were motivated by racial animus as required for a claim under the second part of § 1985(2) and § 1985(3). *Griffin v. Breckenridge, 403 U.S. 88, 102 (1971); Brawer v. Horowitz, 535 F.2d 830, 840 (3d Cir. 1976).* Finally, § 1986 creates a cause of action against persons who fail to prevent a § 1985 conspiracy. Since plaintiff fails to allege any facts supporting his claim under § 1985, his claim under § 1986 necessarily fails. *Williams v. St. Joseph Hospital, 629 F.2d 448, 452 (7th Cir. 1980); Lyon v. Temple University, 507 F.Supp. 471, 479 (E.D. Pa. 1981); Brawer v. Horowitz, supra at 841.* Consequently, plaintiff's claims under § § 1985 and 1986 must be dismissed.

Plaintiff's claims under § [*3] 1983 must also be dismissed. The United States Supreme Court has held that all claims brought under § 1983 shall be characterized as "actions to recover damages for injuries to the person" for purposes of the statute of limitations. *Wilson v. Garcia, 105 S.Ct. 1938, 1947-48 (1985); Springfield Township School District v. Knoll, 105 S.Ct. 2065 (1985).* Therefore, with respect to plaintiff's § 1983 claim in this action, the Pennsylvania two-year statute of limitations applicable to "actions to recover damages for injuries to the person," *42 Pa. Cons. Stat. Ann. § 5524(2),* must be employed. The Third Circuit has determined that a plaintiff's cause of action under § 1983 accrues when the claimant "knew or had reason to know of the injury that constitutes the basis of [the] action." *Sandutch v. Muroski, 684 F.2d 252, 254 (3d Cir. 1982)* (per curiam).

In his complaint plaintiff demonstrates that he is aware of the statute of limitations issue. He quotes lan-

Case 1:05-cv-02533-EWN-MJW   Document 19-2   Filed 03/27/06   USDC Colorado   Page 2 of 2

Page 2
1986 U.S. Dist. LEXIS 24102, *

guage from two Fourth Circuit opinions, n1 nearly identical to that quoted above, arguing that his cause of action did not accrue until he became aware of the fact that he could file suit for denial of medical care. This [*4] interpretation misreads that language. It is knowledge of the injury, not knowledge of the potential for a lawsuit that dictates the time at which a cause of action accrues under § 1983. Thus, plaintiff's cause of action accrued, and the clock started running, on the day he was denied the medical treatment he requested, July 3, 1983. This complaint was filed on March 24, 196, approximately two years and eight months after the injury forming the basis of this complaint was sustained. It is clear, then, that the statute of limitations had expired by the date on which this complaint was filed, and plaintiff's action is, consequently, barred.

n1 Plaintiff cites *Bireline v. Seagandollar,* 567 F.2d 260 (4th Cir. 1977), cert. denied, *444 U.S. 842 (1979)* and *Cox v. Stanton, 529 F.2d 47 (4th Cir. 1975).* Both cases, contrary to plaintiff's assertion, are in accord with the position taken by the Third Circuit with respect to the accrual of a cause of action under § 1983.

An additional problem with this complaint is that plaintiff does not say what serious medical needs he suffered while in police custody and who refused him medical treatment. See *Estelle v. Gamble,* [*5] *429 U.S. 97, 104 (1976).* Plaintiff doesn't even make clear whether he was arrested just after the bike accident or sometime later. Finally, plaintiff names the city of Philadelphia as a defendant, but does not allege that a custom or policy of the City resulted in a constitutional deprivation to him. Without such an allegation, the City is not liable. *Monell v. Dept. of Social Services, 436 U.S. 658 (1978).*

Accordingly, for all of the reasons set forth above, this complaint will be dismissed as frivolous pursuant to *28 U.S.C. § 1915*(d). In view of this dismissal, plaintiff's request for appointment of counsel will be denied.

ORDER

AND NOW, this 17th day of June, 1986, in accordance with the Memorandum filed this date,

IT IS ORDERED that:

1. Leave to proceed in forma pauperis is GRANTED.

2. This complaint is DISMISSED as frivolous under *28 U.S.C. § 1915*(d).

3. Plaintiff's Motion for Appointment of Counsel is DENIED.