# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Magistrate Judge Michael J. Watanabe

**Civil Action No.**  05-cv-02533-EWN-MJW            FTR

**Date:**  March 27, 2006                            Cathy Coomes, Deputy Clerk

THOMAS MONTOYA,                                      Marcel Krzystek

                Plaintiff(s),

v.

BOARD OF COUNTY COMMISSIONERS OF                     Andrew Ringel
CHAFFEE COUNTY, ET AL.,                              Anthony Melonakis

                Defendant(s).

## COURTROOM MINUTES / MINUTE ORDER

**SCHEDULING CONFERENCE**

**Court in Session**      2:57 p.m.

The Court and counsel discuss the status of Defendant Platt and if he has retained counsel.

The Court notes that Defendant Platt represents himself in this case and has failed to appear for this hearing.  The Scheduling Conference will proceed in his absence.

[X]   Parties are directed to www.cod.uscourts.gov for Instructions for Preparation and Submission of  Preliminary Pretrial Order.
[X]   Scheduling Order entered as amended.

THE FOLLOWING WILL CONFIRM THE ACTIONS TAKEN AND DATES SET AT THE SCHEDULING CONFERENCE HELD THIS DATE.
DEADLINES:
Rule 26(a)(1) Disclosures:        **March 31, 2006**
Joinder of Parties/Amendment to Pleadings:   **April 14, 2006**
Fact Discovery:          **August 1, 2006**
Consent to Jurisdiction of a Magistrate Judge: **August 11, 2006**
Dispositive Motions Deadline:  **August 14, 2006** (previously set by Judge Nottingham)
Plaintiff's Disclosure of Experts:       **June 1, 2006**
Defendant's  Disclosure of Experts:      **June 1, 2006**
Defendant's Rebuttal of Plaintiff's Experts:      **July 3, 2006**
Plaintiff's Rebuttal of Defendant's Experts:      **July 3, 2006**
Interrogatories:         **June 29, 2006**
Requests for Production of documents:       **June 29, 2006**
Requests for Admissions:       **June 29, 2006**

**SETTLEMENT CONFERENCE** set for:          **June 15, 2006, at 1:30 p.m.**
Confidential settlement statements are due to Magistrate Judge Watanabe (and not to Judge Nottingham) via e-mail, as a PDF attachment, at Watanabe_Chambers@cod.uscourts.gov, by June 12, 2006.  In the subject line of the e-mail, counsel shall list the case number, short caption, and "confidential settlement statement."
> All attorneys, parties and/or representatives with full settlement authority shall be present at the settlement conference in courtroom A-502.    Valid photo identification is required to enter the courthouse.

**PRELIMINARY PRETRIAL CONFERENCE** set for:  **July 5, 2006, at 8:30 a.m.** in courtroom A-502.
> Valid photo identification is required to enter the courthouse.  The proposed preliminary pretrial order shall be filed, and then sent as a Word or WordPerfect attachment to Watanabe_Chambers@cod.uscourts.gov, by July 3, 2006.  In the subject line of the e-mail, counsel shall list the case number, short caption, and "proposed preliminary pretrial order."
> (See www.cod.uscourts.gov for more information.)

OTHER ORDERS:
Each side shall be limited to three (3) expert witnesses.
Each side shall be limited to ten (10) depositions, including experts; depositions not to exceed seve hours in length.
Each side shall be limited to 25 Interrogatories.
Each side shall be limited to 25 Requests for Production of Documents.
Each side shall be limited to 25 Requests for Admissions.

Absent exceptional circumstances, no request for rescheduling any appearance in this court will be entertained unless a written request is made FIVE (5) business days in advance of the date of appearance.

**Court in Recess .m.**
Total In-Court Time 0:21, hearing concluded.

*To obtain a transcript of this proceeding, please contact Avery Woods Reporting at (303)825-6119.

## INSTRUCTIONS CONCERNING PREPARATION FOR PRELIMINARY PRETRIAL CONFERENCE

(Click here to return to Table of Contents)

Eleven days before the Preliminary Pretrial Conference (see Fed. R. Civ. P. 6 for all computations of time), counsel are to tender a proposed PRELIMINARY PRETRIAL ORDER which shall include the signatures of counsel and pro se litigants and provide for *approval by the court* as specified on the attached form.  Electronic filers must follow ELECTRONIC CASE FILING PROCEDURES FOR THE DISTRICT OF COLORADO (CIVIL CASES)§ V.L. concerning submission of proposed orders.  The purpose of the Preliminary Pretrial Order is to structure the transition of the case from discovery to trial preparation.

Listed on the following pages are matters to be included in the Preliminary Pretrial Order.  For convenience of the court and counsel, the following sequence and terminology must be used in the preparation of the Preliminary Pretrial Order, **with each of the items listed below capitalized as a heading**.  The bracketed and italicized information on the form explains what the court expects.  A computerized version of the form (in WordPerfect version 9.0) can be obtained by delivering a 3½" diskette to my secretary or courtroom deputy clerk and asking for a copy of the form.  The form is also pages nineteen through twenty-four of my Practice Standards — Civil posted on the court's web site, www.cod.uscourts.gov.  Click first on the "United States District Court" button and then on the "Judges' Information" button to navigate to this set of trial procedures.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Edward W. Nottingham**

Civil Action No.

@,

    Plaintiff,

v.

@,

    Defendant.

## PRELIMINARY PRETRIAL ORDER

### 1. DATE OF CONFERENCE

### 2. JURISDICTION

[Provide a statement of the basis for subject matter jurisdiction with appropriate statutory citations.  If jurisdiction is denied, **give the specific reason** for the denial and **include a statement concerning the feasibility of determining jurisdictional issues in advance of trial**.]

### 3. CLAIMS AND DEFENSES

[Summarize the claims and defenses of all parties, including the respective versions of the facts and legal theories.  **Do not copy the pleadings.**  If claims have narrowed or changed since entry of the Scheduling Order, that change should be reflected here.  Each party should, in light of discovery undertaken thus far, take special care to eliminate frivolous claims or defenses. Fed. R. Civ. P. 16(c)(1), 11.]

### 4. PENDING MOTIONS

[List any pending motion, giving the filing date and the filing date of any briefs in support or opposition.  If there are no pending motions, please state, "None."]

### 5. WITNESSES

    a.    List all persons who may be called as witnesses by each party, together with the address and

telephone number of each witness, if that information has not already been supplied under Fed. R. Civ. P. 26(a)(1).

    *(1)*    *Plaintiff(s)*

    *(2)*    *Defendant(s)*

    *(3)*    *Other Parties*

*[The following paragraphs shall also be included in the Preliminary Pretrial Order:]*

b.    The names, addresses, and telephone numbers of any additional non-expert witnesses must be disclosed in writing to opposing counsel within ten (10) days of the date on which they become known or, in the exercise of due diligence, should have become known.  *See* Fed. R. Civ. P. 26(a)(3).  Failure to disclose a witness under the terms of this paragraph precludes listing the witness in the Final Pretrial Order, unless the party can show good cause for the omission.

c.    **Disclosure of Expert Testimony**

No later than eleven days after entry of this Preliminary Pretrial Order, any party with the burden of proof on an issue shall serve all other parties with a report which shall identify any person whom that party expects to call as an expert witness at trial under Fed. R. Evid. 702.  Except as otherwise stated in this paragraph, the report shall contain all the information specified in Fed. R. Civ. P. 26(a)(2)(B).  Within eleven days after such service, any other party wishing to call a rebuttal expert shall serve all other parties with a report which shall identify such expert and which, except as otherwise stated in this paragraph, shall contain all the information specified in Fed. R. Civ. P. 26(a)(2)(B).  This Preliminary Pretrial Order requires rule 26(a)(2)(B) reports from ***any*** person who will provide expert testimony — including, for example, a treating physician — except that a treating physician's report need not contain a recitation of compensation paid to the physician or a list of other cases in which the physician has given testimony.  *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note ("requirement of written report may be . . . imposed upon additional persons who will provide opinions under [r]ule 702").

## 6. REMAINING DISCOVERY

a.    **Depositions:**

| *Name of Deponent* | *Date of Deposition* | *Time of Deposition* | *Expected Length of Deposition* | *Why Deposition Not Completed Earlier and Objections to Taking Now* |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |

[Provide the names of persons remaining to be deposed before the discovery cutoff and a schedule of remaining depositions, which schedule shall include (i) a good faith estimate of the time needed for the deposition, (ii) date(s) and time(s) for the deposition which have been agreed to by the persons signing the Preliminary Pretrial Order, and (iii) (last column) *if the deposition was one which was previously scheduled to be taken before the Preliminary Pretrial Conference*, a statement as to why the deposition has not been completed and a notation of

any party's objections to completion of the deposition after the Preliminary Pretrial Conference.]

    **b.**    **Interrogatories and Requests for Documents**

[Provide a schedule for the submission of and response to additional written interrogatories and requests for documents, together with an explanation concerning the reason(s) why the interrogatories or document requests were not submitted at least forty-five days before the Preliminary Pretrial Conference and a notation of any party's objections to service after the expiration of this time.]

    **c.**    **Requests for Admissions**

[Provide a schedule for the submission of and response to requests for admissions.]

    **d.**    **Other Discovery Orders and Issues**

[Include a statement of further limitations to be placed on discovery, including further protective or confidentiality orders, if any.]

### 7. SETTLEMENT

*[The following paragraphs shall be included in the Preliminary Pretrial Order:]*

The undersigned counsel for the parties hereby certify that:

    a.    They met (in person) (by telephone) on _____, 200_, to discuss in good faith the settlement of this case.

    b.    The following persons participated in the settlement conference:

For plaintiff(s):   Counsel: _____

    Other participants: _____

For defendant(s):   Counsel: _____

    Other participants: _____

For (insert other parties):   Counsel: _____

    Other participants: _____

    c.    The parties were promptly informed of all offers of settlement.

    d.    Counsel (do) (do not) intend to hold future settlement conferences prior to the close of discovery.

    e.    It appears from the discussion by all counsel that there is
(a good possibility of settlement).
(some possibility of settlement).

(little possibility of settlement).
(no possibility of settlement).

  f.  The following specific problems have created a hindrance to settlement of this case:
_____
_____

  g.  The date of the next settlement conference before the magistrate judge is _____.

### 8. SPECIAL ISSUES

  a.  Include a statement of those discovery or scheduling issues, if any, on which counsel, after a good faith effort, were unable to reach an agreement. If none, please state, "None."

  b.  List any other issues which the court may wish to consider prior to the Final Pretrial Conference. If none, please state, "None."

### 9. TRIAL AND ESTIMATED TRIAL TIME

  a.  State (a) whether trial is to the court or a jury, (b) estimated trial time, (c) situs of trial, and (d) any other orders pertinent thereto.

*[The following paragraph shall be included in the Preliminary Pretrial Order]:*

  b.  Subject to other matters on the court's docket, the trial date and a date for a trial preparation conference will be set by the court at the Final Pretrial Conference heretofore scheduled. Counsel and the parties shall schedule all proceedings in the case so that the case is ready for trial at any time after the Final Pretrial Conference. Specifically, counsel and the parties will strictly observe (a) the discovery cutoff date and (b) the dispositive motion date, so that the court will have the opportunity to consider dispositive motions in advance of the Final Pretrial Conference.

### 10. EFFECT OF PRELIMINARY PRETRIAL ORDER

[Include a statement that the Preliminary Pretrial Order may be altered or amended upon a showing of **_good cause_**.]

### 11. WAIVER OF PRELIMINARY PRETRIAL CONFERENCE

If the parties unanimously agree, **and if the court approves**, they can waive the Preliminary Pretrial Conference by *__timely__* filing a complete Preliminary Pretrial Order. Indicate in this section whether all parties agree to waive the Preliminary Pretrial Conference. If the court approves, all parties will be notified before the Preliminary Pretrial Conference.

* * * * *

[Using the following format, provide for names, addresses, telephone numbers, and signatures of counsel and a provision for approval of the court and a signature line for the judge.]

DATED this ___ day of _____, 200__.

BY THE COURT:

_____
EDWARD W. NOTTINGHAM
United States District Judge

PRELIMINARY PRETRIAL ORDER TENDERED
FOR REVIEW:

_____          _____
(Name)                                    (Name)
(Address)                                 (Address)
(Telephone Number)                        (Telephone Number)
Attorney for Plaintiff                    Attorney for Defendant

Please affix counsel's signatures before submission of the Preliminary Pretrial Order to the court.