IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

    Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, in their official and individual capacities,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER, in his official and individual capacity,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN, in his official and individual capacity,
DAVID PLATT, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO, in their official and individual capacities,
PARK COUNTY SHERIFF FRED WEGENER, in his official and individual capacity.

    Defendants.
_____

### RESPONSE TO PARTIAL MOTION TO DISMISS FROM DEFENDANT BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, TIMOTHY WALKER, SCOTT GLENN, BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, AND FRED WEGENER
_____

Plaintiff Thomas Montoya, through his counsel, David A. Lane and Marcel Krzystek of KILLMER, LANE & NEWMAN, LLP, hereby responds to the *Partial Motion to Dismiss from Defendant Board of County Commissioners of Chaffee County, Timothy Walker, Scott Glenn, Board of County Commissioners of Park County, and Fred Wegener* as follows:

**INTRODUCTION AND BACKGROUND**

Plaintiff agrees with Defendants' recitation of the legal claims asserted against Defendants. Plaintiff alleges that, while he was incarcerated at the Chaffee County Jail, Defendants Glenn and Platt ordered him to link his arms with Glenn and Platt, and that they then

applied a Taser device on him as part of the Chaffee County Sheriff's Taser training program, thereby causing him extensive pain and suffering and physical injuries.  At no time was Plaintiff ever informed what the effect of a Taser would have on him or that it would cause him pain and injury.  At no time was he informed he had any choice but to participate in this "training."  In addition to the claim alleging excessive force based upon the Taser incident occurring on October 17, 2003[1], Plaintiff also alleges that the conspiracy began at that time because Defendants Platt and Glenn conspired to cause him pain and suffering.  *See* Complaint, ¶ 10.  Plaintiff further alleges that, when he complained of the mistreatment and alerted the media to it, the Defendants conspired to punish him by withholding medical treatment and transferring him to the Park County jail where he was put into punitive segregation.  *See* Complaint, ¶¶ 12 – 17.  Plaintiff alleges that the conspiracy to Taser him, deny him medical care and to punish him for complaining began on October 17, 2003 and continued until on or about April of 2004.  *See* Complaint, ¶ 70.

Plaintiff filed the instant Complaint on December 14, 2005.

## STANDARD OF REVIEW

Plaintiff agrees with the Defendants' recitation of the standard they must bear on a Motion to Dismiss, i.e., that Defendants' Motion may be granted only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Further, at this stage of the litigation, the Court must accept all well-pleaded allegations in the Complaint as true and construe them in the light most favorable to Plaintiff.  *See, e.g., Bell v. Fur Breeders Agricultural Cooperative*, 348 F.3d 1224, 1230 (10th Cir. 2003).

## ARGUMENT

---

[1] Defendants assert that Plaintiff was actually subjected to the Taser shock on October 16, 2003.  Plaintiff agrees that the exact date of occurrence is immaterial for purposes of Defendants' Partial Motion to Dismiss.

2

Defendants' Partial Motion to Dismiss is based upon the argument that all claims arising prior to December 14, 2003 are barred by the two year statute of limitations as set forth in C.S.A. § 13-80-102(g), *Wilson v. Garcia*, 471 U.S. 261 (1985), and *Workman v. Jordan*, 32 F.3d 475 (10th Cir. 1994). However, the Tenth Circuit precedent relied upon by Defendants does not stand for the proposition that the continuing violation doctrine never applies in § 1983 conspiracy cases, and it does not establish that Defendants are entitled to the relief they seek.

First, *Hunt v. Bennett*, 17 F.3d 1263 (10th Cir. 1994) does not hold that the continuing violation doctrine cannot be applied to § 1983 cases; in fact, the case acknowledges that, in appropriate circumstances, a conspiracy claim may be asserted even if the conspiracy began at a point outside of the limitations period. *See id*. at 1266. ("Hunt cites no case in which a court has extended the continuing violation doctrine to a 1983 claim. Nevertheless, we have held that an allegation of a conspiracy constitutes a viable claim under 1983, even if the alleged conspiracy began at a point that would be barred by the statute of limitations. *See Robinson v. Maruffi*, 895 F.2d 649, 654-655 (10th Cir. 1990) (rejecting statute of limitations defense against 1983 claim alleging conspiracy to cause malicious prosecution)"). The plaintiff's claim failed however, because he "fail[ed] to allege specific facts showing agreement and concerted action among Bennett and the other defendants." *Id*. The plaintiff's claim failed because he failed to allege facts evidencing a conspiracy, not because the Tenth Circuit declined to apply the continuing violation doctrine to § 1983 cases.

Similarly, in *Pike v. City of Mission*, 731 F.2d 655 (10th Cir. 1984), the plaintiff's claims did not fail because the Tenth Circuit declined to apply the continuing violation doctrine to § 1983 cases. There, the plaintiff filed suit as a result of alleged civil rights violations that arose after his termination approximately five years prior to the filing of his complaint. *See id*. at 657.

3

The plaintiff argued that his claims "should be tolled both because defendants fraudulently conspired to conceal their violations of his constitutional rights and because these violations are continuing in nature." *Id*. at 658.  With respect to the plaintiff's tolling argument, the Tenth Circuit disagreed:

> Under Kansas law, fraudulent concealment does not toll the statute of limitations unless the plaintiff's claim for relief is grounded on fraud. . . . Pike's claims for relief are asserted under section 1983 and are based on allegations of constitutional deprivations.  They do not sound in fraud.  Under Kansas law, therefore, Pike's allegations of fraudulent concealment would not prevent the running of the limitations period.

*Id*. at 658.

The plaintiff also argued, with respect to his continuing violation theory, that his claims were not time-barred because "defendants [] continued to deny him reinstatement and a due process hearing, and [] continued to maintain employment records reflecting that he was discharged for cause."  *Id*. at 660.  The Tenth Circuit disagreed, stating that "[t]hese acts are the natural result of the original employment decision and are therefore not grounds for permitting Pike to challenge defendants' time-barred conduct under the theory of continuing violation."  *Id.*  Unlike *Pike*, Plaintiff in this case does not assert that the statute of limitations was tolled by Colorado law.  Further, and more importantly for purposes of this Response, the retaliatory acts that flowed from Plaintiff's complaints about the Taser incident were *not* the natural result of the original constitutional violation.  By contrast, the actions were ongoing and continuing retaliation taken by Defendants against Plaintiff as a result of his complaints to jail officials and the media.

Particularly telling is the fact that the Tenth Circuit was recently presented with the opportunity to hold that the continuing violation doctrine does not apply to § 1983 cases but expressly refused to do so.  In the unpublished decision in *McCormick v. Farrar*, 147 Fed. Appx.

716, U.S. App. LEXIS 18801 (10th Cir. 2005) (attached as Exhibit 1), the Tenth Circuit decided a case factually similar to the case presently before this Court.  There, the plaintiff was arrested on January 22, 2000 by a defendant police officer and allegedly suffered injuries (including a broken thumb) as a result.  *See id*. at 718.  The plaintiff was also suffering from a fever at the time of the arrest.  *See id*.  During the trip to the jail, the defendant police officer refused the plaintiff's requests for medical attention, and told him that he would be charged with battery on a law enforcement officer and consequently would not be permitted to post bond until he saw a judge on Monday, January 24.  *See id*.  Once at the jail, the plaintiff alleged that the defendant police officer told four jail employees not to provide the plaintiff with any medical attention, and that those employees (also named defendants) "implicitly or expressly agreed to do so."  *Id*.  The plaintiff alleged that he was kept in jail without any medical attention until he was brought before the judge at 5:00 p.m. on January 24, 2000.  *See id.*  In addition to his claim for unreasonable seizure, the plaintiff alleged that the defendants had engaged in a conspiracy to deprive him of medical attention.  *See id*.

The plaintiff filed his complaint on January 24, 2002, two years after the last day of the three day confinement.  *See id*. at 719.  Relying upon an unpublished Tenth Circuit decision, the district court held that the plaintiff's claims were barred by the applicable two year statute of limitations because the continuing violation doctrine did not apply to § 1983 cases.  *See id*. at 719.  On appeal, the Tenth Circuit disagreed with the district court's reasoning and responded by stating that "[t]his court has not, however, announced a precedential blanket rule that the continuing violation doctrine is inapplicable to § 1983 suits."  *See id*.  The Tenth Circuit then went on to analyze the plaintiff's claims as if the continuing violation doctrine did apply. "Assuming, without deciding, that the continuing violation doctrine applies to § 1983 actions, the

doctrine does not save any of McCormick's claims from being time-barred." *Id*. at 720. The reason the plaintiff's claims still failed was because "[t]o apply the continuing violation doctrine, there must be at least one act within the statutory filing period." *Id*., *citing Furr v. AT&T Techs., Inc*., 824 F.2d 1537, 1543 (10th Cir. 1987). The plaintiff, however, failed "to include any allegations in the deliberate indifference and conspiracy claims that any of the defendants acted on January 24, 2000." *Id*. Having failed to amend the complaint to allege such conduct within the limitations period, the plaintiff's claims were time-barred. *See id*.

Here, Plaintiff specifically alleges that Defendants acted and conspired well into the two year period prior to the expiration of the statute of limitations. Paragraph 14 of his Complaint alleges that, in retaliation for his complaint, Defendants Glenn, Platt, Walker, and Chaffee County transferred him to the Park County jail where he stayed for approximately five months. (Five months would be mid-March, 2004.) In paragraph 15, the Complaint further alleges that while in the Park County jail, Plaintiff was subjected to far more severe conditions of confinement than in Chaffee County, including 23-hour per day lockdown in maximum security, even though he was a prisoner on a probation violation and had a clean disciplinary record. Paragraph 70 provides that "[t]he conspiracy to taser him, deny him medical care and to punish him for complaining began on October 17, 2003 and continued until on or about April of 2004."

In sum, Defendants have failed to meet their burden of establishing that it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Contrary to Defendants' argument that the continuing violation doctrine is inapplicable § 1983 cases, *McCormick* expressly held that the Tenth Circuit has never foreclosed such a possibility and in fact analyzed a similar case as if the doctrine did apply. In light of *McCormick*, Defendants cannot find shelter under *Thomas v. Denny's, Inc*., 111 F.3d 1506 (10th Cir. 1997),

which addresses only claims brought under § 1981.  In addition, *Pike v. City of Mission* and *Hunt v. Bennett* are also unavailing to Defendants, as those cases were resolved under state law and on their facts, not pursuant to a holding that the continuing violation doctrine does not apply to § 1983 actions.

Finally, application of the continuing violation doctrine to § 1983 conspiracy cases would be in harmony with the application of the statute of limitations in criminal conspiracy cases.

> Conspiracy, the offense charged in count three of the indictment, is the prototypical continuing offense. . . . It is well established that, where an overt act is required for a conspiracy, the statute of limitations on a continuing conspiracy does not begin to run until the last overt act in furtherance of the conspiracy is committed.

*United States v. Jaynes*, 75 F.3d 1493, 1505 (10th Cir. 1996) (internal citations omitted)  "And for statute-of-limitations purposes, a non-overt-act conspiracy is not committed simply on the date the agreement is made but 'is deemed to continue as long as its purposes have neither been abandoned nor accomplished, and no affirmative showing has been made that it has terminated.'"  *United States v. Magleby*, 430 F.3d 1136, 1145 (10th Cir. 2005), *citing United States v. Arnold,* 117 F.3d 1308, 1313 (11th Cir. 1997).  Here, the facts, as pled in the Complaint, establish that Defendants' retaliation and conspiratorial acts continued into April of 2004, well within the limitations period.  No affirmative showing has been made that the conspiracy was terminated before that time, or that the conspiracy was accomplished or abandoned prior to that time.  There is no logical reason why the application of the statute of limitations in the criminal context should not apply with equal force in the civil § 1983 conspiracy context.

Because the retaliatory and conspiratorial acts of Defendants continued until March or April of 2004, Plaintiff's Complaint, which was filed within two years, was timely filed.

## CONCLUSION

For all of the above and foregoing reasons, Plaintiff respectfully requests that Defendants' Partial Motion to Dismiss be denied.

Respectfully submitted this 17th day of April, 2006.

            KILLMER, LANE & NEWMAN LLP

            s/ Marcel Krzystek

            David A. Lane
            Marcel Krzystek
            1543 Champa St., Suite 400
            Denver, Colorado 80202
            (303) 571-1000
            dlane@killmerlane.com
            mkrzystek@killmerlane.com
            Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2006, I electronically filed the foregoing **RESPONSE TO PARTIAL MOTION TO DISMISS FROM DEFENDANT BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, TIMOTHY WALKER, SCOTT GLENN, BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, AND FRED WEGENER** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses

- **Edmund Martin Kennedy**
kennedye@hallevans.com wilsonm@hallevans.com;cmecf@hallevans.com
- **Marcel Krzystek**
mkrzystek@killmerlane.com m.krzystek@gmail.com
- **David Arthur Lane**
dlane@killmerlane.com hholtschneider@killmerlane.com
- **Anthony Melonakis**
a_melonakis@hotmail.com
- **Andrew David Ringel**
ringela@hallevans.com troutl@hallevans.com;cmecf@hallevans.com

and I hereby certify that I have mailed or served the document or paper to the following participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

**David Platt**
Chaffee County Patrol & Investigation

8

1115 E. Rainbow Blvd.
Salida, Colorado 81201-2913
(via U.S. mail)

KILLMER, LANE & NEWMAN, LLP

s/ Marcel Krzystek
_____
Marcel Krzystek
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Telephone (303) 571-1000
mkrzystek@killmerlane.com

9