IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

**THOMAS MONTOYA**,

    Plaintiff,

vs.

**BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO**, in their official and individual capacities,
**CHAFFEE COUNTY SHERIFF TIMOTHY WALKER**, in his official and individual capacity,
**CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN**, in his official and individual capacity,
**DAVID PLATT**, in his official and individual capacity,
**BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO**, in their official and individual capacities,
**PARK COUNTY SHERIFF FRED WEGENER**, in his official and individual capacity.

    Defendants.

---

### DEFENDANT SCOTT GLENN'S ANSWER AND JURY DEMAND

---

Defendant, Scott Glenn, by and through his attorney, Anthony Melonakis of the law firm of SUTTON, GULLEY & MELONAKIS, P.A., as his answer to plaintiff's complaint and jury demand submits the following:[1]

---

[1] Defendants have filed a partial motion to dismiss directed at the plaintiff's first claim for relief and all aspects of the Plaintiff's other claims for relief arising before December 14, 2003, as barred by the applicable two year statute of limitations period.

## I.    RESPONSES TO ALLEGATIONS IN PLAINTIFF'S COMPLAINT

### INTRODUCTION

Defendant Glenn admits the plaintiff attempts to assert this action pursuant to 42 U.S.C. § 1983. Defendant admits that Scott Glenn is a Deputy Sheriff with the Chaffee County Sheriff's Department; David Platt is a private citizen; Timothy Walker is the Sheriff of Chaffee County; and Fred Wegener is the Sheriff of Park County. Defendant denies all of the remaining allegations contained under the heading "Introduction" on pages 1 and 2 of plaintiff's complaint and deny the plaintiff is entitled to any relief sought on any of the plaintiff's claims.

### JURISDICTION AND VENUE

1.    Defendant admits the plaintiff attempts to assert this action pursuant to 42 U.S.C. § 1983. Defendant further admits that this court possesses subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343. Defendant denies all of the remaining allegations contained in paragraph 1 of plaintiff's complaint.

2.    Defendant admits that venue is proper in this court pursuant to 28 U.S.C. § 1391. Defendant denies all of the remaining allegations contained in paragraph 2 of plaintiff's complaint.

### PARTIES

3.    Defendant admits, upon information and belief, that plaintiff Thomas Montoya is a citizen of the United States and a resident of the State of

Colorado.

4. Defendant admits that Timothy Walker is the Sheriff of Chaffee County; Fred Wegener is the Sheriff of Park County; Scott Glenn is a Deputy Sheriff of Chaffee County; and David Platt is a private citizen. Defendant denies all of the remaining allegations contained in paragraph 4 of plaintiff's complaint.

## FACTUAL BACKGROUND

5. Defendant admits that plaintiff was an inmate at the Chafee County Jail on October 17, 2003.

6. Defendant admits a training session in the use of Tasers was held at the Chaffee County Jail on October 16, 2003. Defendant denies all of the remaining allegations contained in paragraph 6 of plaintiff's complaint.

7. Defendant denies all allegations contained in paragraph 7 of plaintiff's complaint.

8. Defendant admits plaintiff voluntarily participated in the Taser training session and was given a one second Taser shock along with Deputy Sheriff Scott Glenn by David Platt during the Taser training session. Defendant denies all of the remaining allegations contained in paragraph 8 of plaintiff's complaint.

9. Defendant admits plaintiff voluntarily participated in the Taser training session and was given a one second Taser shock along with Deputy Sheriff Scott Glenn by David Platt during the Taser training session. Defendant denies all of the remaining allegations contained in paragraph 9 of plaintiff's

complaint.

10.     Defendant denies all allegations contained in paragraph 10 of plaintiff's complaint.

11.     Defendant denies all of the allegations contained in paragraph 11 of plaintiff's complaint.

12.     Defendant admits that plaintiff gave an interview to <u>The Denver Post</u> and that an article concerning the plaintiff was published in <u>The Denver Post</u> on February 4, 2004.  Defendant states the plaintiff's interview and the article both speak for themselves.  Defendant denies all of the remaining allegations contained in paragraph 12 of plaintiff's complaint.

13.     Defendant denies all of the allegations contained in paragraph 13 of plaintiff's complaint.

14.     Defendant admits the plaintiff was transferred from the Chaffee County Jail to the Park County Jail.  Defendant admits plaintiff was incarcerated in the Park County Jail from approximately February 3, 2004, through June 26, 2004.  Defendant denies all of the allegations contained in paragraph 14 of plaintiff's complaint.

15.     Defendant admits the plaintiff was classified as a protective custody inmate in the Park County Jail due to his status as a former correctional officer with the Colorado Department of Corrections and housed in administrative segregation during some of the time of his incarceration in the Park County Jail for his safety and well being.  Defendant denies all of the remaining allegations

contained in paragraph 15 of plaintiff's complaint.

16. Defendant denies all of the allegations contained in paragraph 16 of plaintiff's complaint.

17. Defendant denies all of the allegations contained in paragraph 17 of plaintiff's complaint.

### FIRST CLAIM FOR RELIEF
(§ 1983 Fourth, Eighth, and Fourteenth Amendment Violations—
Malicious, Wanton and Willful Use of Force—Against Defendants Chaffee
County, Walker, Glenn and Platt)

18. Defendant incorporates herein by reference, his answers to each and every allegation in paragraphs 1 through 17 of plaintiff's complaint above, as if said answers were set forth more fully herein as his answer to the allegations contained in paragraph 18 of plaintiff's complaint.

19. Defendant states the plaintiff's constitutional rights under the facts of this case speak for themselves.  Defendant denies all of the allegations contained in paragraph 19 of plaintiff's complaint inconsistent with applicable law.

20. Defendant denies all of the allegations contained in paragraph 20 of plaintiff's complaint.

21. Defendant denies all of the allegations contained in paragraph 21 of plaintiff's complaint.

22. Defendant denies all of the allegations contained in paragraph 22 of plaintiff's complaint.

23. Defendant denies all of the allegations contained in paragraph 23 of plaintiff's complaint.

5

24. Defendant admits the actions of Timothy Walker, Scott Glenn and Fred Wegener were taken under color of state law and were within the scope of their official duties. Defendant denies all of the remaining allegations contained in paragraph 24 of plaintiff's complaint.

25. Defendant denies all of the allegations contained in paragraph 25 of plaintiff's complaint.

26. Defendant denies all of the allegations contained in paragraph 26 of plaintiff's complaint.

27. Defendant denies all of the allegations contained in paragraph 27 of plaintiff's complaint.

28. Defendant denies all of the allegations contained in paragraph 28 of plaintiff's complaint.

29. Defendant denies all of the allegations contained in paragraph 29 of plaintiff's complaint.

**SECOND CLAIM FOR RELIEF**
(§ 1983 Eighth Amendment Violation—Failure to Provide
Medical Care and Treatment—All Defendants)

30. Defendant incorporates herein by reference, his answers to each and every allegation in paragraphs 1 through 29 of plaintiff's complaint above, as if said answers were set forth more fully herein as his answer to the allegations contained in paragraph 30 of plaintiff's complaint.

31. Defendant states the plaintiff's constitutional rights under the facts of this case speak for themselves. Defendant denies all of the allegations

contained in paragraph 31 of plaintiff's complaint inconsistent with applicable law.

32. Defendant denies all of the allegations contained in paragraph 32 of plaintiff's complaint.

33. Defendant denies all of the allegations contained in paragraph 33 of plaintiff's complaint.

34. Defendant denies all of the allegations contained in paragraph 34 of plaintiff's complaint.

35. Defendant denies all of the allegations contained in paragraph 35 of plaintiff's complaint.

36. Defendant denies all of the allegations contained in paragraph 36 of plaintiff's complaint.

37. Defendant denies all of the allegations contained in paragraph 37 of plaintiff's complaint.

38. Defendant denies all of the allegations contained in paragraph 38 of plaintiff's complaint.

39. Defendant denies all of the allegations contained in paragraph 39 of plaintiff's complaint.

### THIRD CLAIM FOR RELIEF
(§ 1983 Eighth and Fourteenth Amendment Violation—Failure to Train and Supervise—Against Defendants Board of County Commissioners of Chaffee County and Timothy Walker)

40. Defendant incorporates herein by reference, his answers to each and every allegation in paragraphs 1 through 39 of plaintiff's complaint above, as if said answers were set forth more fully herein as his answer to the allegations

contained in paragraph 40 of plaintiff's complaint.

  41. Defendant admits that Sheriff Walker has the authority and powers of the office of Sheriff as set forth in the Colorado Constitution and Colorado Statutes.  Defendant denies all of the allegations contained in paragraph 41 of plaintiff's complaint inconsistent therewith.  Defendant denies all of the remaining allegations contained in paragraph 41 of plaintiff's complaint.

  42. Defendant denies all of the allegations contained in paragraph 42 of plaintiff's complaint.

  43. Defendant denies all of the allegations contained in paragraph 43 of plaintiff's complaint.

  44. Defendant denies all of the allegations contained in paragraph 44 of plaintiff's complaint.

  45. Defendant denies all of the allegations contained in paragraph 45 of plaintiff's complaint.

  46. Defendant denies all of the allegations contained in paragraph 46 of plaintiff's complaint.

  47. Defendant denies all of the allegations contained in paragraph 47 of plaintiff's complaint.

  48. Defendant denies all of the allegations contained in paragraph 48 of plaintiff's complaint.

  49. Defendant denies all of the allegations contained in paragraph 49 of plaintiff's complaint.

50. Defendant denies all of the allegations contained in paragraph 50 of plaintiff's complaint.

51. Defendant denies all of the allegations contained in paragraph 51 of plaintiff's complaint.

52. Defendant denies all of the allegations contained in paragraph 52 of plaintiff's complaint.

53. Defendant denies all of the allegations contained in paragraph 53 of plaintiff's complaint.

**FOURTH CLAIM FOR RELIEF**
(§ 1983 Conspiracy, First, Fourth, Eighth Amendment Violations—Against All Defendants)

54. Defendant incorporates herein by reference, his answers to each and every allegation in paragraphs 1 through 53 of plaintiff's complaint above, as if said answers were set forth more fully herein as his answer to the allegations contained in paragraph 54 of plaintiff's complaint.

55. Defendant states the plaintiff's constitutional rights under the facts of this case speak for themselves. Defendant denies all of the allegations contained in paragraph 55 of plaintiff's complaint inconsistent with applicable law.

56. Defendant denies all of the allegations contained in paragraph 56 of plaintiff's complaint.

57. Defendant denies all of the allegations contained in paragraph 57 of plaintiff's complaint.

58. Defendant denies all of the allegations contained in paragraph 58 of

plaintiff's complaint.

59. Defendant states the plaintiff's constitutional rights under the facts of this case speak for themselves. Defendant denies all of the allegations contained in paragraph 59 of plaintiff's complaint inconsistent with applicable law.

60. Defendant denies all of the allegations contained in paragraph 60 of plaintiff's complaint.

61. Defendant denies all of the allegations contained in paragraph 61 of plaintiff's complaint.

62. Defendant states the plaintiff's constitutional rights under the facts of this case speak for themselves. Defendant denies all of the allegations contained in paragraph 62 of plaintiff's complaint inconsistent with applicable law.

63. Defendant admits that plaintiff gave an interview to The Denver Post and that an article concerning the plaintiff was published in The Denver Post on February 4, 2004. Defendant states the plaintiff's interview and the article both speak for themselves. Defendant denies all of the remaining allegations contained in paragraph 63 of plaintiff's complaint.

64. Defendant denies all of the allegations contained in paragraph 64 of plaintiff's complaint.

65. Defendant admits the plaintiff was transferred from the Chaffee County Jail to the Park County Jail. Defendant admits the plaintiff was incarcerated in the Park County Jail from approximately February 3, 2004, through June 26, 2004. Defendant denies all of the allegations contained in

paragraph 65 of plaintiff's complaint.

66. Defendant denies all of the allegations contained in paragraph 66 of plaintiff's complaint.

67. Defendant admits the plaintiff was transferred from the Chaffee County Jail to the Park County Jail. Defendant admits the plaintiff was incarcerated in the Park County Jail from approximately February 3, 2004, through June 26, 2004. Defendant denies all of the allegations contained in paragraph 67 of plaintiff's complaint.

68. Defendant denies all of the allegations contained in paragraph 68 of plaintiff's complaint.

69. Defendant denies all of the allegations contained in paragraph 69 of plaintiff's complaint.

70. Defendant denies all of the allegations contained in paragraph 70 of plaintiff's complaint.

## PRAYER FOR RELIEF

Defendant denies all of the allegations following the word "Wherefore" on pages 12-13 of plaintiff's complaint, including all of the allegations in paragraphs (a) through (f), and deny the plaintiff is entitled to any of the relief requested in the plaintiff's complaint.

## II.   GENERAL DENIAL

Defendant denies each and every allegation contained in plaintiff's complaint not specifically admitted herein.

### III.     DEFENSES AND AFFIRMATIVE DEFENSES

1. Some or all of plaintiff's claims fail to state a claim upon which relief may be granted against the defendant.

2. All or part of plaintiff's claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted.

3. The injuries and damages sustained by plaintiff, in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom the defendants have no control or right of control.

4. Defendant is entitled to qualified immunity for all plaintiff's claims of constitutional violations.

5. Plaintiff was deprived of no well-settled liberty or property interest and he was afforded all the rights, privileges and immunities guaranteed by the Constitution, no constitutionally protected interest is impugned in relation to any claim of plaintiff.

6. On information and belief, plaintiff failed to mitigate his damages, if any.

7. Defendant's conduct was, at all times, lawful, justified and privileged; any actions complained of by plaintiff in relation to defendant were justified by penological reasons.

8. Plaintiff's injuries and damages, if any, were either pre-existing or

not aggravated by any action or omission of or by defendant, nor were they proximately caused by or related to any act or omission of defendant.

9. Plaintiff's claim for punitive damages, if any, is barred, reduced, or in the alternative, unconstitutional and a violation of defendant's rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.

10. At all times pertinent herein, defendants acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause plaintiff harm.

11. Plaintiff is not entitled to the relief sought in his complaint under any of the theories asserted.

12. All actions of defendant taken with respect to plaintiff were taken in good faith and were reasonable under the circumstances.

13. Defendant never breached any duty owed plaintiff at any time in the course of his incarceration.

14. Defendant is not proper party for some or all of the plaintiff's claims.

15. Plaintiff's damages, if any, are subject to offset by virtue of amounts received from other sources.

16. On information and belief, plaintiff may have failed to exhaust administrative remedies with respect to some or all of his claims or allegations.

17. Some or all of plaintiff's claims are barred by the applicable statute of limitations.

18. Some or all of the Plaintiff's claims are barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §§ 1997e *et. seq.*

19. All actions of defendant taken with respect to plaintiff were taken in good faith and were reasonable under the circumstances and no action taken by the defendant related to any "protected activity" of the plaintiff's.

20. Defendant specifically reserves the right to amend his answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses which have become non-applicable upon completion of additional discovery.

WHEREFORE, having answered the allegations of the plaintiff's complaint in full, defendant requests that the court enter an order dismissing all elements of all claims against him in complete and total fashion, awarding him costs and attorneys fees, and ordering such other and further relief as to the court appears proper.

## IV.    JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), defendant hereby demands a trial by jury on all issues so triable.

Dated this 21st day of April 2006, in Littleton, Colorado.

Respectfully submitted,

*s/ Anthony Melonakis*
_____
Anthony Melonakis
SUTTON, MELONAKIS & GULLEY, P.A.
26 W. Dry Creek Circle, Suite 375
Littleton, CO  80120
(303) 730-0210
E-mail:  a_melonakis@hotmail.com

Attorney for defendant Scott Glenn

## **CERTIFICATE OF SERVICE (CM/ECF)**

The undersigned hereby certifies that on this 21st day of April, 2006 a true and correct copy of the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following e-mal addresses:

David A. Lane, Esq. (DLane@killmerlane.com)

Marcel Krzystek, Esq. (MKrzystek@killmerlane.com)

Andrew D. Ringel, Esq. (RINGELA@HallEvans.com)

*s/ Anthony Melonakis*
_____