IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

      Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN,
DAVID PLATT,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO,
PARK COUNTY SHERIFF FRED WEGENER,

      Defendants.

---

## REPLY BRIEF IN SUPPORT OF PARTIAL
## MOTION TO DISMISS PLAINTIFF'S COMPLAINT

---

      Defendants Board of County Commissioners of Chaffee County, Colorado, Timothy Walker, Scott Glenn, Board of County Commissioners of Park County, Colorado, and Fred Wegener, by and through their respective counsel, Andrew D. Ringel, Esq. and Edmund M. Kennedy, Esq. of Hall & Evans, L.L.C., and Anthony Melonakis, Esq., as their reply in support of their Partial Motion to Dismiss Plaintiff's Complaint, submit the following:[1]

---

[1] As previously noted, while this Partial Motion to Dismiss was not filed on behalf of Defendant David Platt, who is appearing *pro se* in this matter, the arguments presented in Partial Motion to Dismiss and this Reply Brief are equally applicable to the Plaintiff's claims against Mr. Platt. *See* Partial Motion to Dismiss, at 2 n.2.

## ARGUMENT

Plaintiff has not presented any authority to justify allowing him to pursue claims for conduct alleged to have occurred more than two years prior to the filing of the Complaint. First, Plaintiff has not demonstrated the applicability of the continuing violation doctrine under the circumstances of this case to save his untimely allegations. Second, even assuming *arguendo* that the continuing violation doctrine applies to conspiracy claims pursuant to 42 U.S.C. § 1983, Plaintiff has not established the factual predicate for a conspiracy including any aspects of his allegations prior to December 14, 2003. Accordingly, Plaintiff's First Claim for Relief, and all aspects of Plaintiff's remaining claims related to conduct that occurred prior to December 14, 2003, must be dismissed as a matter of law pursuant to the applicable two-year statute of limitations provided by C.R.S. § 13-80-102(g).

### I. THE CONTINUING VIOLATION DOCTRINE DOES NOT APPLY TO SAVE THE PLAINTIFF'S 42 U.S.C. § 1983 CLAIMS BASED UPON ALLEGATIONS OCCURRING PRIOR TO DECEMBER 14, 2003

Defendants submit the continuing violation doctrine is inapplicable to 42 U.S.C. § 1983 claims. [*See* Partial Motion to Dismiss, at 4-5]. In response, Plaintiff argues the Tenth Circuit has not expressly held that the continuing violation doctrine is inapplicable to § 1983 claims and particularly to claims alleging a conspiracy beginning outside the limitations period and continuing into the limitations period. [*See* Plaintiff's Response, at 3-6]. Plaintiff's argument is unavailing for several reasons.

Plaintiff principally relies upon the unpublished Tenth Circuit decision in *McCormick v. Farrar,* 147 Fed. Appx. 716 (10th Cir. 2005) (attached as Exhibit 1 to Plaintiff's Response). *McCormick,* however, hurts more than helps Plaintiff.

Initially, the *McCormick* court aptly recognized that a plaintiff may not use the continuing violation theory when dealing with "a discrete act that occurred outside the limitations period, even though the impact of the act continued." 147 Fed. Appx. at 722 (citing *Pike v. City of Mission*, 731 F.2d 655, 660 (10th Cir. 1984) and *Robinson v. Maruffi*, 895 F.2d 649, 655 (10th Cir. 1990)). Plaintiff's First Claim for Relief relates solely to the October 17, 2003, Taser incident. The continuing violation theory is inapplicable to this claim. This is a discrete incident barred by the two year statute of limitations. Therefore, Plaintiff's First Claim for Relief must be dismissed as untimely.

Further, while in *McCormick* the Tenth Circuit did assert that it had not previously "announced a precedential blanket rule that the continuing violation doctrine is inapplicable to § 1983 suits," the court did not actually adopt the continuing violation doctrine in the context of a § 1983 claim. *Id.* at 719-720. Instead, the *McCormick* court assumed that the doctrine applied to § 1983 actions; but held it did not "save" plaintiff's complaint from "being time barred. *Id.*

This Court has expressly determined that the continuing violation doctrine is inapplicable to § 1983 claims. [*See* Order Accepting Magistrate Judge's Recommendation and Denying Pending Motions, *Terry Akers v. Joseph Ortiz et. al.,* Civil Action No. 01-N-2513 (PAC), 8/25/04, attached to Partial Motion to Dismiss as Exhibit 3]. Nothing in *McCormick* changes this Court's reasoning in *Akers* holding that the continuing violation doctrine is inapplicable to § 1983 claims.

Whatever the applicability of the continuing violation doctrine is here, no question exists that for the continuing violation doctrine to apply, there must be a link between events within the two year limitations period and events prior to the two year limitations period. Thus, even if

3

there was merit to Plaintiff's theory, for the continuing violation doctrine to apply, Plaintiff must demonstrate that his pre-December 14, 2003, allegations are part of a conspiracy amongst the Defendants that encompassed both pre-December 14, 2003, conduct and post-December 14, 2003, conduct as part of the same overall conspiracy.  As discussed in detail below, Plaintiff has not alleged sufficient non-conclusory and specific facts demonstrating the Defendants engaged in any conspiracy to violate his constitutional rights.  In particular, Plaintiff has failed to allege sufficient non-conclusory and specific facts that the Defendants participated in a conspiracy subject him to a Taser, to deny him medical care following doing so, and to retaliate against him for speaking to a reporter from <u>The Denver Post</u> by transferring him from the Chaffee County Jail to the Park County Jail at any time prior to December 14, 2003.  As such, even assuming *arguendo* that the continuing violation doctrine applies at all, Plaintiff's allegations fail to establish its applicability here.

## II.  PLAINTIFF'S CLAIMS CONTAIN INSUFFICIENT SPECIFIC AND NON-CONCLUSORY ALLEGATIONS TO DEMONSTRATE ANY CONSPIRACY EXISTED BETWEEN THE DEFENDANTS SUFFICIENT TO JUSTIFY APPLYING THE CONTINUING VIOLATION DOCTRINE

In an effort to avoid the applicable two-year limitations period, Plaintiff attempts to link an alleged conspiracy to injure him through the use of the Taser with a continuing conspiracy to deny him medical treatment and to retaliate against him by transferring him from the Chaffee County Jail to the Park County Jail.  [*See* Plaintiff's Complaint, ¶ 70 ("The conspiracy to taser him, deny him medical care and to punish him for complaining began on October 17, 2003 and continued until on or about April 2004.")].  However, to support such a broad and continuing conspiracy, Plaintiff must allege specific and non-conclusory facts demonstrating that all of the participants in the conspiracy acted together to violate the Plaintiff's constitutional rights on a

continuing basis in the fashion alleged by the Plaintiff. To bring the pre-December 14, 2003, events under the ambit of the continuing conspiracy, Plaintiff must necessarily allege the object of the Defendants' conspiracy began October 17, 2003, and continued uninterrupted until April 2004. To do so, Plaintiff would have to allege that the Defendants formed the requisite conspiratorial intent prior to or on October 17, 2003, at the time that he was subject to the Taser. Unless the Plaintiff alleges sufficient non-conclusory and specific allegations to demonstrate the object of the conspiracy was a continuing conspiracy, even under the Plaintiff's theory, no basis exists to include the events prior to two-years before the Plaintiff filed his Complaint.

To state a 42 U.S.C. § 1983 conspiracy claim, a plaintiff must demonstrate the alleged conspirators had a meeting of the minds and engaged in concerted action to violate the plaintiff's constitutional rights. *Gallegos v. City & County of Denver,* 984 F.2d 358, 364 (10th Cir.), *cert. denied,* 508 U.S. 972 (1993); *Dixon v. City of Lawton,* 898 F.2d 1443, 1449 (10th Cir. 1990). "[M]ere conclusory allegations with no supporting factual averments are insufficient; the pleadings must specifically present facts tending to show agreement and concerted action." *Sooner Products Co. v. McBride,* 708 F.2d 510, 512 (10th Cir. 1983); *Durre v. Dempsey,* 869 F.2d 543, 545 (10th Cir. 1989); *Gallagher v. Neil Young Freedom Concert,* 49 F.3d 1442, 1453 (10th Cir. 1995); *Martin v. Stites,* 31 F. Supp.2d 926 932-33 (D.Kan. 1998). Accordingly, even assuming the continuing violation doctrine is applicable to § 1983 actions, a plaintiff still must "allege specific facts showing agreement and concerted action" to justify applying the doctrine. *Hall v. Bennett*, 17 F.3d 1263,1266 (10th Cir. 1994), *cert. denied*, 513 U.S. 832 (1994).

A review of Plaintiff's Complaint reveals Plaintiff alleges a grand conspiracy between the individual Defendants to subject him to a Taser, to deny him medical care following doing so,

and to retaliate against him for speaking to a reporter from <u>The Denver Post</u> by transferring him

from the Chaffee County Jail to the Park County Jail.  Plaintiff alleges the following conspiracy:

- On October 17, 2003, the Chaffee County Sheriff was having a training exercise for deputies who were learning how to appropriately use Taser-brand stun-guns (hereafter "Tasers"). [*See* Complaint, ¶ 6].

- On that date, Defendant Deputy Scott Glenn, ordered that Plaintiff link arms with him so they could both get "tased."  [*Id.*, ¶ 7].

- Both Defendant Glenn and Plaintiff were attached to the Taser.  [*Id.*, ¶ 8].

- Defendant Platt fired a taser burst which went through Plaintiff's body allegedly causing substantial pain and injury to him.  [*Id.*, ¶ 9].

- Plaintiff complained about the Taser incident to Defendant Walker, Chaffee County Sheriff.  [*Id.*, ¶ 12].

- Plaintiff also gave an interview to <u>The Denver Post</u> complaining of the Taser incident.  [*Id.*]

- In retaliation for complaining about the Taser incident, Defendants Glenn, Platt, Walker, and Chaffee County transferred Plaintiff to the Park County Jail where Defendants Wegener and Park County joined in the conspiracy by placing Plaintiff in segregation.  [*Id.*, ¶¶ 14-16].

- All Defendants were engaged in a conspiracy to violate Plaintiff's civil rights. Defendant Glenn and Platt conspired to violate Plaintiff's right to be free from cruel and unusual punishment and an unreasonable seizure when they conspired to "tase" him and then did so; Defendants Glenn, Platt, Walker, Wegener, Chaffee County and Park County all conspired to cover-up the taser incident and to retaliate against Plaintiff by denying him medical care and placing him into a punitive lock-down status after he complained about being abused.  [*Id.*, ¶ 17].

When reviewed in its entirety, even taken in the light most favorable to the Plaintiff, however,

Plaintiff's Complaint fails to allege any actual specific, concrete, and non-conclusory facts

demonstrating a conspiracy between and amongst the Defendants actually existed.

Initially, Plaintiff fails to allege sufficient facts to establish the existence of any meeting of the minds between Defendants Glenn and Platt in the first instance. The Complaint alleges on October 17, 2003, a "training exercise for deputies who were learning how to appropriately use Taser-brand stun-gun." [*See* Complaint, ¶ 6]. Defendant Glenn ordered Plaintiff to lock arms with him, [*id.* ¶ 7], both were then hooked to the Taser, [*id.* ¶ 8], and then both were hit with a bolt from the Taser. [*Id.* ¶ 9]. None of these allegations demonstrate any meeting of the minds between Defendants Glenn and Platt. Moreover, there are absolutely no allegations anywhere in the Plaintiff's Complaint that demonstrate any meeting of the minds or other contact of any kind whatsoever between Defendants Glenn and Platt and Defendants Walker, Wegener, the Board of County Commissioners of Chaffee County, and the Board of County Commissioners of Park County prior to the October 17, 2003, Taser incident involving Defendant Glenn, Defendant Platt, and the Plaintiff. The Complaint is devoid of a single allegation, let alone a specific and non-conclusory one, alleging the Defendants, as a group, had any meeting of the minds to subject Plaintiff to a Taser *prior to or on* October 17, 2003.

Furthermore, even if the Court determines that the allegations are sufficient to state a conspiracy between Defendants Glenn and Platt to injure Plaintiff through the use of the Taser, such a conspiracy ended on October 17, 2003, when Plaintiff was in fact Tasered. For the Plaintiff's continuing conspiracy to exist, the Defendants would have had to have conspired to subject him to a Taser, and at the same time they did so they would also have had to conspire to deny the Plaintiff medical treatment (at a time when they could not possibly know the Plaintiff would be injured as a result of the Taser) and would also have had to conspire to retaliate against

the Plaintiff for discussing the Taser incident with a reporter from The Denver Post (at a time when they could not possible know the Plaintiff would contact any member of the media).

Plaintiff's allegations of a conspiracy essentially amount to three separate and distinct conspiracies without any actual link between them: (1) an alleged conspiracy to injure the Plaintiff by subjecting him to a Taser; (2), an alleged conspiracy to not provide the Plaintiff with medical care following the Taser incident; and, (3) an alleged conspiracy to retaliated against the Plaintiff after he reported the Taser incident to the media.  Fundamentally, the problem with Plaintiff's effort to link these three alleged conspiracies together is that the Defendants could not have known the Plaintiff would be injured as a result of the Taser or that he would contact a media representative prior to the Taser incident.  As such, it defies logic to suggest the Defendants collectively formed an intent to conspire in all of the many different ways alleged by the Plaintiff.  Other than making conclusory allegations of a grand and interlinked conspiracy, Plaintiff provides absolutely no factual allegations to support the notion that a link exists between the events that occurred within the two year limitations period and the events that transpired after December 14, 2003.

The factual predicate of a conspiracy simply does not exist in the Plaintiff's Complaint. Plaintiff presents no allegations of any conspiratorial meeting of the minds between any of the Defendants.  None of the allegations contained in Plaintiff's Complaint evidence that all of the alleged conspirators had any knowledge of the essential objective of the conspiracy.  Plaintiff fails to present any allegations that would equate to either an overt agreement or an official acquiescence in any attempt to harm Plaintiff.  Plaintiff's Complaint is also entirely devoid of adequate allegations concerning any concerted action taken by all of the individual Defendants

demonstrating the existence and furtherance of any conspiracy. To demonstrate concerted action, Plaintiff must allege sufficient facts to support the inference that some prearranged plan or joint action existed between the conspirators to engage in *all* of the alleged conspiratorial activities. Plaintiff alleges the Defendants conspired to violate his constitutional rights. However, no allegations anywhere in the Complaint demonstrate any concerted action on the part of Defendants to accomplish the alleged conspiratorial objectives. In the absence of sufficient allegations of a conspiracy between the Defendants, no basis exists for this Court to apply the continuing violation doctrine to save the Plaintiff's claims based on untimely allegations. As a result, any allegations pertaining to events prior to December 14, 2003, must be dismissed based on the applicable statute of limitations for Plaintiff's 42 U.S.C. § 1983 claims as a matter of law.

## CONCLUSION

For the reasons set forth above, as well as based on the arguments and authorities contained in these Defendants' Motion for Partial Dismissal of Plaintiff's Complaint, Defendants Board of County Commissioners of Chaffee County, Colorado, Timothy Walker, Scott Glenn, Board of County Commissioners of Park County, Colorado, and Fred Wegener respectfully request this Court dismiss Plaintiff's first claim in its entirety with prejudice as being time barred; dismiss plaintiff's remaining claims to the extent they arose before December 14, 2003; and for all other and further relief as this Court deems just and appropriate.

Dated this 12th day of May 2006.

Respectfully submitted,

s/Andrew D. Ringel
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
of HALL & EVANS, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-5800
(303) 628-3300
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEYS FOR DEFENDANTS**
**BOARD OF COUNTY COMMISSIONERS**
**OF CHAFFEE COUNTY, TIMOTHY WALKER,**
**BOARD OF COUNTY COMMISSIONERS OF**
**PARK COUNTY, AND FRED WEGENER**

s/Anthony Melonakis
Anthony Melonakis, Esq.
1660 Wynkoop, Suite 800
Denver, CO 80202
303-730-0210
a_melonakis@hotmail.com

**ATTORNEY FOR DEFENDANT**
**SCOTT GLENN**

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of May 2006, I electronically filed the foregoing with the Clerk of Court using the CM/EFC system which will send notification of such filing to the following e-mail addresses:

David A. Lane, Esq.
dlane@killmerlane.com

Marcel Krzystek, Esq.
mkrzystek@killmerlane.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/EFC participants in the manner indicated by the non-participant's name:

David Platt
Chaffee County Patrol & Investigation
1115 E. Rainbow Blvd.
Salida, CO 81201-2913

s/Valerie Hahl, Secretary to
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3300
Fax: 303-293-3238
ringela@hallevans.com
kennedye@hallevans.com
**ATTORNEYS FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, TIMOTHY WALKER, BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, AND FRED WEGENER**