IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05 CV 02533 - *EWN- MJW*

THOMAS MONTOYA,

    Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, in their official and individual capacities,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER, in his official and individual capacity,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN, in his official and individual capacity,
DAVID PLATT, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO, in their official and individual capacities,
PARK COUNTY SHERIFF FRED WEGENER, in his official and individual capacity,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN - 2 2006

GREGORY C. LANGHAM
CLERK

## ANSWER

### JURISDICTION AND VENUE

1.    Admit. This Court has jurisdiction over this matter.

2.    Admit. This venue is appropriate.

3.    Defendant Platt can neither admit nor deny.

4.    Defendant Platt denies that he was an officer and admits he is a private citizen who was conducting training for Chaffee County. All other allegations in this paragraph, Defendant Platt can neither admit nor deny.

### FACTUAL BACKGROUND

5.    Defendant Platt can neither admit nor deny.

6.    Admit.

7.    Deny.

8.  Defendant Platt can neither admit nor deny.

9.  Defendant Platt initiated a 1-1.5 second burst from the taser, all other allegations in this paragraph are denied.

10. Deny.

11. Defendant Platt can neither admit nor deny.

12. Defendant Platt can neither admit nor deny.

13. Defendant Platt can neither admit nor deny.

14. Defendant Platt can neither admit nor deny.

15. Defendant Platt can neither admit nor deny.

16. Defendant Platt can neither admit nor deny.

17. Deny.

### PLAINTIFF'S FIRST CLAIM FOR RELIEF

18. Defendant Platt incorporates by this reference his previous responses.

19. Defendant Platt can neither admit nor deny.

20. Deny.

21. Deny.

22. Deny.

23. Deny.

24. Deny.

25. Deny.

26. Defendant Platt can neither admit nor deny.

27. Defendant Platt can neither admit nor deny.

28. Deny.

29. Deny.

## SECOND CLAIM FOR RELIEF

30. Defendant Platt incorporates by this reference his previous responses.

31. Defendant Platt can neither admit nor deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

36. Defendant Platt can neither admit nor deny.

37. Defendant Platt can neither admit nor deny.

38. Deny.

39. Deny.

## PLAINTIFF'S THIRD CLAIM FOR RELIEF

40. Defendant Platt incorporates by this reference his previous responses.

41. Defendant Platt can neither admit nor deny.

42. Defendant Platt can neither admit nor deny.

43. Defendant Platt can neither admit nor deny.

44. Defendant Platt can neither admit nor deny.

45. Defendant Platt can neither admit nor deny.

46. Defendant Platt can neither admit nor deny.

47. Defendant Platt can neither admit nor deny.

48. Defendant Platt can neither admit nor deny.

49. Defendant Platt can neither admit nor deny.

50. Defendant Platt can neither admit nor deny.

51. Defendant Platt can neither admit nor deny.

52. Defendant Platt can neither admit nor deny.

53.     Defendant Platt can neither admit nor deny.

## PLAINTIFF'S FOURTH CLAIM FOR RELIEF

54.     Defendant Platt incorporates by this reference his previous responses.

55.     Defendant Platt can neither admit nor deny.

56.     Deny.

57.     Deny.

58.     Deny.

59.     Defendant Platt can neither admit nor deny.

60.     Deny.

61.     Deny.

62.     Defendant Platt can neither admit nor deny.

63.     Defendant Platt can neither admit nor deny.

64.     Defendant Platt can neither admit nor deny.

65.     Defendant Platt can neither admit nor deny.

66.     Defendant Platt can neither admit nor deny.

67.     Defendant Platt can neither admit nor deny.

68.     Defendant Platt can neither admit nor deny.

69.     Defendant Platt can neither admit nor deny.

70.     Deny.

## DEFENSES AND AFFIRMATIVE DEFENSES

1.      Some or all of Plaintiff's claims fail to state a claim upon which relief may be granted against the Defendants.

2.      All or parts of Plaintiff's claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted.

3. The injuries and damages sustained by Plaintiff, in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties over whom this Defendant has no control or right of control.

4. Defendant David Platt in his individual capacity is entitled to qualified immunity for all Plaintiff's claims of constitutional violations.

5. Plaintiff was deprived of no well-settled liberty or property interest and he was afforded all the rights, privileges and immunities guaranteed by the Constitution, no constitutionally protected interest is impugned in relation to any claim of Plaintiff.

6. Plaintiff's claims against Defendant Platt are barred, in whole or in part, due to a failure of personal participation on the part of Defendant Platt.

7. On information and belief, Plaintiff failed to mitigate his damages, if any.

8. Defendant's conduct was, at all times, lawful, justified and privileged; any actions complained of by Plaintiff in relation to Defendant Platt was justified by penological reasons.

9. To any extent that Plaintiff attempts through the Complaint here to assert any claim of any nature against any Defendants pursuant to Colorado law, any such attempt is barred, limited or controlled pursuant to the Colorado Governmental Immunity Act, C.R.S. §24-10-101, *et seq.* and other elements of Colorado law.

10. Defendant Platt is not nor could he become liable for any punitive damages pursuant to any law on the basis of any allegations attempted in this matter.

11. Plaintiff's injuries and damages, if any, were either a pre-existing or not aggravated by any action or omission of or by Defendant Platt, nor was he proximately caused by or related to any act or omission of Defendant Platt.

12. Plaintiff's claim for punitive damages, if any, is barred, reduced, or in the alternative, unconstitutional and a violation of Defendant's rights under the due process clauses

of the Fifth and Fourteenth Amendments to the United States Constitution. Further, any claim for punitive damages against Defendant in any official capacity is precluded under federal law.

13. At all times pertinent herein, Defendant Platt acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause Plaintiff harm.

14. Plaintiff is not entitled to the relief sought in his Complaint under any of the theories asserted.

15. All actions of Defendant Platt taken with respect to Plaintiff were taken in good faith and were reasonable under the circumstances.

16. Defendant Platt never breached any duty owed Plaintiff at any time in the course of his incarceration.

17. Defendant Platt may not be held liable on the basis of any vicarious liability or respondeat superior theory for any alleged violation of the United States Constitution.

18. Some or all of the Defendants are not proper parties for some or all of the Plaintiff's claims.

19. Plaintiff's damages, if any, are subject to offset by virtue of amounts received from other sources.

20. On information and belief, Plaintiff may have failed to exhaust administrative remedies with respect to some or all of his claims or allegations.

21. Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

22. Some or all of the Plaintiff's claims are barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §§1997e *et. seq.*

23. All actions of Defendants taken with respect to Plaintiff were taken in good faith and were reasonable under the circumstances and no action taken by Defendant Platt related to any "protected activity" of the Plaintiff's.

24.     Defendant Platt specifically reserves the right to amend his Answer to include additional defenses and affirmative defenses and/or delete defenses and affirmative defenses that have become non-applicable upon completion of additional discovery.

## PRAYER FOR RELIEF

Defendant Platt denies all of the allegations following the word "Wherefore" on Pages 12-13 of the Plaintiff's Complaint.

WHEREFORE, having answered all the allegations of the Plaintiff's Complaint in full, Defendant Platt moves the Court for entry of an Order dismissing all elements of all claims against them in complete and total fashion, awarding them costs and attorney fees, and ordering such other and further relief as to the Court appears proper.

Respectfully submitted this __30__ day of May 2006.

David Platt, Pro Se
1115 East Rainbow Blvd.
Salida, CO 81201
719-539-9000
775-871-9827 - FAX