IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

    Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, in their official and individual capacities,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER, in his official and individual capacity,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN, in his official and individual capacity,
DAVID PLATT, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO, in their official and individual capacities,
PARK COUNTY SHERIFF FRED WEGENER, in his official and individual capacity.

    Defendants.

---

## PRELIMINARY PRETRIAL ORDER

---

### 1. DATE OF CONFERENCE

The Preliminary Pretrial Conference was held on July 5, 2006, at 8:30 a.m. at the Alfred A. Arraj United States Court House 901 19th Street in Denver, Colorado 80294.

| Appearing on behalf of Plaintiff: | Appearing on behalf of Defendants: |
|---|---|
| David A. Lane, Esq.<br>KILLMER, LANE & NEWMAN, LLP<br>1543 Champa St., Ste. 400<br>Denver, CO 80202<br>(303) 571-1000 | Andrew D. Ringel, Esq.<br>HALL & EVANS, LLC<br>1125 17th Street, Suite 600<br>Denver, CO 80202<br>(303) 628-3453<br>*Counsel for Board of County Commissioners of Chaffee County, Timothy Walker, Board of County* |

*Commissioners of Park County, and Fred Wegener*

Anthony Melonakis, Esq.
LAW FIRM OF ANTHONY MELONAKIS
1660 Wynkoop, Suite 800
Denver, Colorado 80202
(303) 730-0210
*Counsel for Scott Glenn*

David Platt
1115 E. Rainbow Blvd.
Salida, Colorado 81201-2913
*Pro se*

## 2. JURISDICTION

Jurisdiction is conferred on this Court pursuant to 28 U.S.C. §§ 1331, 1343 and 2201. Jurisdiction supporting Plaintiffs' claim for attorney fees and costs is conferred by 42 U.S.C. § 1988.

## 3. CLAIMS AND DEFENSES

<u>Plaintiff's Claims</u>:

This is an action for damages arising under the United States Constitution and the laws of the State of Colorado. Defendants violated the rights of THOMAS MONTOYA under the First, Fourth, Eighth and Fourteenth Amendments to the Constitution and the laws of the State of Colorado when knowingly and with deliberate indifference to his constitutional rights, they maliciously, wantonly and willfully forced jail inmate THOMAS MONTOYA to link his arms with Defendant DEPUTY SHERIFF SCOTT GLENN and DAVID PLATT, either a deputy sheriff or possibly a private citizen acting in concert with GLENN then applied a Taser device on him as part of the Chaffee County Sheriff's Taser training program, thereby causing him extensive pain and suffering and physical injuries. At no time was MONTOYA ever informed

what the effect of a Taser would have on him or that it would cause him pain and injury. At no time was he informed he had any choice in the matter. When he complained of this mistreatment and alerted the media to it, the Defendants conspired to punish him by withholding medical treatment, and transferring him to the Park County jail where he was put into punitive segregation. Defendants' conduct under color of state law proximately caused the deprivation of Plaintiff's federally protected rights. Defendants' conduct, done willfully and wantonly, also gives rise to punitive damages. It is further alleged that Defendant Sheriff WALKER is a law enforcement supervisory officer who has failed to adequately or properly train or supervise his officers in the use of force generally and specifically with the type of force used in this matter and to adequately respond to an inmate's obvious, serious medical needs. It is further alleged that Defendant Sheriff WEGENER agreed to house inmate MONTOYA in punitive conditions to help WALKER retaliate against him for protesting his mistreatment in the CHAFFEE COUNTY jail. As such, and for all acts described above, they have "final policymaking authority" as that phrase is defined by *St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988) and *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481-83 (1986) and their progeny. It is further alleged that because the Sheriffs are decision makers for Chaffee and Park Counties, and because the abuse of Tasers in this manner, as well as ignoring the serious medical needs of inmates and retaliating against inmates who protest constitutional rights violations is custom, policy and practice for CHAFFEE and PARK COUNTIES, the Boards of County Commissioners are named as defendants in this action.

Thomas Montoya asserts four claims for relief against Defendants 1) malicious, wanton and willful use of force in violation of the Fourth, Eighth and Fourteenth Amendments; 2) failure

3

to provide medical care and treatment in violation of the Eighth Amendment; 3) failure to train and supervise in violation of the Eighth and Fourteenth Amendment; 4) conspiracy in violation of the First, Fourth, and Eighth Amendments.

Defendants' Defenses:

Defendants Scott Glenn and David Platt deny that they used excessive force on the Plaintiff on October 17, 2003, and deny that they violated the Plaintiff's constitutional rights in any fashion whatsoever during the Plaintiff's incarceration in the Chaffee County Jail. Defendants Timothy Walker and the Board of County Commissioners of Chaffee County deny that they violated the Plaintiff's constitutional rights in any fashion during his incarceration in the Chaffee County Jail. All of these Defendants deny they violate the Plaintiff's constitutional rights in any fashion by transferring him from the Chaffee County Jail to the Park County Jail. Defendants Fred Wegener and Board of County Commissioners of Park County deny they violated the Plaintiff's constitutional rights in any fashion during his incarceration in the Park County Jail.

Defendants contend that plaintiff's first claim for relief alleging an excessive force claim for events that occurred on October 17, 2003 is barred by the applicable statute of limitations; and, as to the remaining claims, that plaintiff cannot recover for any events that occurred before December 14, 2003. Defendants further assert as affirmative defenses that 1) some or all of plaintiff's claims fail to state a claim upon which relief may be granted; 2) plaintiff's claims do not rise to the level of constitutional violations, sufficient to state a claim upon which relief may be granted; 3) The injuries and damages sustained by plaintiff, in whole or in part, were proximately caused by his own acts or omissions and/or the acts or omissions of third parties

4

over whom the defendants have no control or right of control; 4) qualified immunity; 5) plaintiff was not deprived of a well-settled liberty or property interest and he was afforded all the rights, privileges and immunities guaranteed by the Constitution, no constitutionally protected interest is impugned in relation to any claim of plaintiff; 6) plaintiff failed to mitigate his damages, if any; 7) Defendant's conduct was, at all times, lawful, justified and privileged; any actions complained of by plaintiff in relation to defendants were justified by penological reasons; 8) Plaintiff's injuries and damages, if any, were either pre-existing or not aggravated by any action or omission of or by defendant, nor were they proximately caused by or related to any act or omission of defendant.; 9) Plaintiff's claim for punitive damages, if any, is barred, reduced, or in the alternative, unconstitutional and a violation of defendant's rights under the due process clauses of the Fifth and Fourteenth Amendments to the United States Constitution.; 10).defendants acted in accordance with all common law, statutory and constitutional obligations and without any intent to cause plaintiff harm;.11) defendant's actions were taken with respect to plaintiff were taken in good faith and were reasonable under the circumstances; 12) Defendants never breached any duty owed plaintiff at any time in the course of his incarceration; 13) Defendants are not proper party for some or all of the plaintiff's claims; 14) Plaintiff's damages, if any, are subject to offset by virtue of amounts received from other sources; 15) Some or all of the Plaintiff's claims are barred and/or limited by the Prison Litigation Reform Act, 42 U.S.C. §§ 1997e *et. seq.*; and 16) All actions of defendants took with respect to plaintiff were taken in good faith and were reasonable under the circumstances and no action taken by the defendant related to any "protected activity" of the plaintiff's.

## 4. PENDING MOTIONS

*Partial Motion to Dismiss From Defendants Board of County Commissioners of Chaffee County, Timothy Walker, Scott Glenn, Board of County Commissioners of Park County, and Fred Wegener* [19], filed March 27, 2006 is still pending before the court. Plaintiff's Response [25] was filed April 17, 2006, and Defendants' Reply [31] was filed May 15, 2006.

## 5. WITNESSES

a. List all persons who may be called as witnesses by each party, together with the address and telephone number of each witness, if that information has not already been supplied under Fed. R. Civ. P. 26(a)(1).

(1) Plaintiff:

Scott Glenn, c/o Anthony Melanokis, Esq., 1660 Wynkoop, Suite 800, Denver, CO 80202, (303) 730-0210

Thomas Montoya, 902 Greenwood Ave. #6, Canon City, CO 81212, (719) 214-2119

David James Platt, 1115 E. Rainbow Blvd., Salida, CO 81201-2913

Timothy Walker, c/o Andrew Ringel, Esq., 1125 17th Street, Suite 600 Denver, CO 80202, (303) 628-3453

Fred Wegener, c/o Andrew Ringel, Esq., 1125 17th Street, Suite 600 Denver, CO 80202, (303) 628-3453

(2) Defendants:

Scott Glenn, 624 Palmer, Salida, CO 81201 (719) 539-6859

Richard Holland, 8576 W. Hyw 285 Street, Salida, CO 81201 (719) 539-3747

Douglas Kailey, 108 C.R. 48, Howard, CO 81233 (719) 942-3369

Deborah Cole, 30380 C.R. 383 49, Buena Vista, CO 81211 (719) 395-9362

6

David Platt, 1115 East Rainbow Boulevard, Salida, CO 81201-2913 (719) 539 9000

Larry Dean Asberry, 5630 E. Hwy 50 St. 5, Salida, CO 81201 Phone number unknown

Gerald Pacheco, 240 Cherry Street, Del Norte, CO 81132 (719) 657-2963

John Brandon, 26836 C.R. 312, Buena Vista, CO 81211 (719) 395-6791

Sean Kelly, 702 Ash Street, Lisbon, NC 58054 (701) 683-5782

Timothy Walker, c/o Andrew Ringel, Esq., 1125 17th Street, Suite 600 Denver, CO 80202, (303) 628-3453

Fred Wegener, c/o Andrew Ringel, Esq., 1125 17th Street, Suite 600 Denver, CO 80202, (303) 628-3453

Jerry Swaro, Chaffee County Sheriff's Office, 132 Crestone Avenue, P.O. Box 699, Salida, CO 81201 (719) 539-2814.

Jim Dickson, Chaffee County Sheriff's Office, 132 Crestone Avenue, P.O. Box 699, Salida, CO 81201 (719) 539-2814.

Leonard Post, 7405 W. Hwy 50, Salida, CO 81201 (719) 539-3565

Monte Gore, Park County Sheriff's Office, P.O. Box 1373, Fairplay, Colorado 80440 (719) 836-4100

Nick Leva, Chaffee County Sheriff's Office, 132 Crestone Avenue, P.O. Box 699, Salida, CO 81201 (719) 539-2814.

Dan Muldoon, Park County Sheriff's Office, P.O. Box 1373, Fairplay, Colorado 80440 (719) 836-4100

(3)     Other Parties: None

b.     The names, addresses, and telephone numbers of any additional non-expert witnesses must be disclosed in writing to opposing counsel within ten (10) days of the date on which they become known or, in the exercise of due diligence, should have become known. *See* Fed.R.Civ.P. 26(a)(3). Failure to disclose a witness under the terms of this paragraph precludes