listing the witness in the Final Pretrial Order, unless the party can show good cause for the omission.

c. **Disclosure of Expert Testimony**

No later than eleven days after the entry of this Preliminary Pretrial Order, any party with the burden of proof on an issue shall serve all other parties with a report which shall identify any person whom that party expects to call as an expert witness at trial under Fed. R. Evid. 702. Except as otherwise stated in this paragraph, the report shall contain all the information shall contain all the information specified in Fed. R. Civ. P. 26(a)(2)(B). Within eleven days after such service, any other party wishing to call a rebuttal expert shall serve all other parties with a report which shall identify such expert and which, except as otherwise stated in this paragraph, shall contain all the information specified in Fed. R. Civ. P. 26(a)(2)(B). This Preliminary Pretrial Order requires rule 26(a)(2)(B) reports from *any* person who will provide expert testimony -- including, for example, a treating physician -- except that a treating physician's report need not contain a recitation of compensation paid to the physician or a list of other cases in which the physician has given testimony. *See* Fed. R. Civ. P. 26(a)(2) advisory committee's note ("requirement of written report may be . . . imposed upon additional persons who will provide opinions under [r]ule 702").[1]

---

[1] The Scheduling Order entered by this Court established a deadline for expert disclosures of June 1, 2006, and for rebuttal expert disclosures of July 3, 2006. No party designated any experts by the June 1, 2006, deadline. Defendants believe, based on the June 1, 2006, deadline established by the Scheduling Order that it is inappropriate for the Preliminary Pretrial Order to allow the Plaintiff to belatedly designate experts given the existing August 1, 2006, discovery cut off established in this matter. Defendants object to any designation of experts by the Plaintiff. If the Plaintiff is allowed to designate any experts, Defendants request the opportunity to depose any expert designated by the Plaintiff and to designate any appropriate

8

## 6. REMAINING DISCOVERY

a. **Depositions:**

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition | Why Deposition Not Completed Earlier and Objection to Taking Deposition Now |
|---|---|---|---|---|
| Thomas Montoya | TBA | TBA | 7 hours | Discovery cutoff is August 1, 2006; No objection |
| David Platt | TBA | TBA | 3 hours | Discovery cutoff is August 1, 2006; No objection |
| Fred Wegener | TBA | TBA | 3 hours | Discovery cutoff is August 1, 2006; No objection |
| Scott Glenn | TBA | TBA | 3 hours | Discovery cutoff is August 1, 2006; No objection |
| Timothy Walker | TBA | TBA | 3 hours | Discovery cutoff is August 1, 2006; No objection |

b. **Interrogatories and Requests for Documents**

Plaintiff propounded interrogatories and requests for production of documents to all Defendants on April 18, 2006. Defendant Glenn responded on May 25, 2006. Defendant Platt responded on May 18, 2006. Defendant Board of County Commissioners of Chaffee County responded on May 30, 2006. Defendant Board of County Commissioners of Park County responded May 30, 2006.

Defendants Board of County Commissioners of Chaffee County, Board of County Commissioners of Park County, Fred Wegener, and Timothy Walker propounded interrogatories and requests for production of documents on April 21, 2006. Plaintiff responded on May 22, 2006.

---

rebuttal experts. Counsel for the Plaintiff has indicated an intent not to designate any experts in this matter.

9

c.  **Requests for Admissions**

Plaintiff propounded a request for admission to Defendant Platt on April 18, 2006. Defendant Platt has not responded.

Plaintiff propounded requests for admission to Defendant Glenn on April 18, 2006. Defendant Glenn responded on May 25, 2006.

d.  **Other Discovery Orders and Issues**

A Protective Order was entered on June 1, 2006. The discovery cutoff is August 1, 2006.

## 7. SETTLEMENT

The undersigned counsel for the parties hereby certify that:

a.  They have not met to discuss settlement of this case. The parties believe that settlement negotiations will not be productive prior to the Court's decision on Defendants' Partial Motion to Dismiss and the taking the depositions listed above.

b.  The following persons participated in the settlement conference:

For Plaintiff:

    Other participant:

For Defendants:

    Other participants:

No settlement offers have been made.

c.  Counsel do not intend to hold future settlement conferences prior to the close of all discovery.

d.  It appears from the discussion by all counsel that there is little possibility of settlement.

  f. The following specific problems have created a hindrance to settlement of this case:

The parties have not completed depositions, and the Court has not ruled on Defendants' Partial Motion to Dismiss. Therefore, the parties have been unable to assess the value of the case.

  g. The date of the next settlement conference is September 21, 2006 at 3:00 p.m.

### 8. SPECIAL ISSUES

  a. Discovery or scheduling issues on which counsel, after a good faith effort, were unable to reach an agreement: None.

  b. Any other issues which the court may wish to consider prior to the Final Pretrial Conference: None.

### 9. TRIAL AND ESTIMATED TRIAL TIME

  a. Trial is to a jury and is expected to take five days to take place in Denver at the Alfred A. Arraj United States Court House.

  b. Subject to other matters on the court's docket, the trial date and a date for a trial preparation conference will be set by the court at the Final Pretrial Conference heretofore scheduled. Counsel and the parties shall schedule all proceedings in the case so that the case is ready for trail at any time after the Final Pretrial Conference. Specifically, counsel and the parties will strictly observe (a) the discovery cutoff date and (b) the dispositive motion date, so that the court will have the opportunity to consider dispositive motions in advance of the Final Pretrial Conference.

### 10. EFFECT OF PRELIMINARY PRETRIAL ORDER

The Preliminary Pretrial Order may be altered or amended upon a showing of *good cause.*

### 11. WAIVER OF PRELIMINARY PRETRIAL CONFERENCE

The parties agree to waive the Preliminary Pretrial Conference.

DATED this 5TH day of July, 2006.

BY THE COURT:

_____
Michael J. Watanabe
United States District Court Magistrate Judge

PRELIMINARY PRETRIAL ORDER TENDERED
FOR REVIEW:

s/Marcel Krzystek

_____
David A. Lane, Esq.
Marcel Krzystek, Esq.
KILLMER, LANE & NEWMAN, LLP
1543 Champa St., Ste. 400
Denver, CO 80202
(303) 571-1000
*Counsel for Plaintiff*

s/Andrew D. Ringel

_____
Andrew D. Ringel, Esq.
HALL & EVANS, LLC
1125 17th Street, Suite 600
Denver, CO 80202
(303) 628-3453
*Counsel for Board of County Commissioners of Chaffee County, Timothy Walker, Board of County Commissioners of Park County, and Fred Wegener*


s/Anthony Melonakis

_____
Anthony Melonakis, Esq.
LAW FIRM OF ANTHONY MELONAKIS
1660 Wynkoop, Suite 800

12

Denver, Colorado 80202
(303) 730-0210
*Counsel for Scott Glenn*


s/ David Platt

---

David Platt
1115 E. Rainbow Blvd.
Salida, Colorado 81201-2913

*Pro se*

13