IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN,
DAVID PLATT,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO,
PARK COUNTY SHERIFF FRED WEGENER,

Defendants.

## MOTION FOR PROTECTIVE ORDER FROM DEFENDANT WEGENER AND REQUEST FOR EXPEDITED RULING

Defendant Fred Wegener,[1] by and through counsel, Andrew D. Ringel, Esq. and Edmund M. Kennedy, Esq. of Hall & Evans, L.L.C., respectfully submits the following Motion for Protective Order and Request for Expedited Ruling, pursuant to Fed. R. Civ. P. 26(c) as follows:

### COMPLIANCE WITH D.C.COLO.L.CIV.R 7.1(A)

Pursuant to D.C.Colo.LCivR 7.1(A), counsel for Defendant Wegener, Andrew D. Ringel, Esq. conferred with Plaintiff's Counsel, Marcel Krzystek, Esq., concerning this Motion and was informed that Plaintiff opposes the Motion. The undersigned has conferred with Anthony

---

[1] As of the time of filing this Motion, Defendant Sheriff Timothy Walker's deposition has yet to be scheduled. The undersigned believes the same issue raised here will be raised on behalf of Defendant Walker since Plaintiff has indicated a desire to depose him in Denver, Colorado as well, rather than in Salida, Colorado, where Sheriff Walker works and resides.

Melonakis, Esq., counsel for Defendant Scott Glenn, and David Platt, a *pro se* Defendant, and have been informed that neither Defendant opposes this Motion.

## INTRODUCTION

Plaintiff Thomas Montoya filed this action against Defendants under 42 U.S.C. § 1983. Plaintiff asserts four claims for relief: (1) against Defendants Board of County Commissioners of Chaffee County, Sheriff Tim Walker, Scott Glenn and David Platt under the Fourth, Eighth and Fourteenth Amendments for allegedly using excessive force based on the Taser incident of October 16, 2003, (2) against all Defendants under the Eighth Amendment for failure to provide medical care; (3) against Defendants Board of County Commissioners of Chaffee County and Sheriff Tim Walker under the Eighth and Fourteenth Amendments for their alleged failure to train and supervise; and (4) against all Defendants for an alleged conspiracy.

On July 11, 2006, Plaintiff noticed the deposition of Defendant Fred Wegener to be taken at the office of Plaintiff's counsel in Denver, Colorado. [See Notice of Deposition, attached hereto as Exhibit A]. Sheriff Wegener resides in Fairplay, Colorado, which is a one hundred and seventy-two mile roundtrip to Denver, Colorado. As such, Sheriff Wegener now moves this Court for a Protective Order requiring Plaintiff to take his deposition in Fairplay, Colorado, the place Sheriff Wegener resides and works.

## STANDARD OF REVIEW

A district court has broad discretion to establish the time and place of depositions. ***Hyde & Drath v. Baker***, 24 F.3d 1162, 1166 (9th Cir. 1994). An examining party may set the time and place for deposition of another party wherever he wishes, subject to the power of the court to

grant a protective order designating a different place. *Id.*; *Farquhar v. Shelden*, 116 F.R.D. 70 (E.D. Mich. 1987); Fed. Civ. Proc. Rule 26(c).

## ARGUMENT

Courts are more willing to protect a defendant from having to travel far from his residence for the taking of depositions than for a plaintiff. *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591 (S.D.N.Y. 1994); 8 Wright & Miller § 2112, at 409-10 (1970); *see also Buzzeo v. Board of Education, Hemptstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) ("'[T]he plaintiff is generally required to bear any reasonable burdens of inconvenience that the action presents.'"). A review of case law addressing the issues raised in this Motion support the granting of this protective order. Sheriff Wegener, as the highest-ranking law enforcement officer in Park County, must not be required to travel one hundred seventy-two miles roundtrip because it is crucial for him to be available for issues that may arise within the Sheriff's Department.

In *Perry v. Edwards*, 16 F.R.D. 131 (D. Mo. 1954), the plaintiff, a Missouri resident, sought to compel the defendant, a resident of Michigan, to attend a deposition in Kansas City. The court held that requiring the defendant to leave his work and travel, at his own expense, from his home to Kansas City and back, was unreasonable and oppressive. In *Pinkham v. Paul*, 91 F.R.D. 613 (D. Maine 1981), the court noted that although a court may order a defendant to appear at any convenient place, case law indicates that "it will be presumed that the defendant will be examined at his residence or place of business or employment." *Pinkham*, 91 F.R.D. at 615 (citing 4 Moore's Federal Practice § 26.70[1-3], at 26-514); *see also Farquhar v. Shelden*, 116 F.R.D. 70 (E.D. Mich. 1987) (In the absence of special circumstances, party seeking

discovery must go where desired witnesses are normally located); *Undraitis v. Luka*, 142 F.R.D. 675 (N.D. Ind. 1992) (As a general rule, a plaintiff may be required to attend deposition in district where case was filed, but a defendant may insist upon being deposed in district where he or she resides); *Metrex Research Corp. v. U.S.*, 151 F.R.D. 122 (D. Colo. 1993) (Absent exceptional circumstances, the deposing party should be required to take deposition at location in vicinity in which the deponent resides if the deponent resides at substantial distance from the deposing party's residence, even if the deponent is a party).

In *Buzzeo*, *supra*, the plaintiff attempted to depose a number of defendants, who were public employees in the Hempstead School District.   *See Buzzeo*, 178 F.R.D. at 391.  The Court determined the defendants had shown good cause for requiring the deposition to be taken where the defendants reside in part because the cost of having them travel would be at taxpayer expense and the importance of promoting the well-running of the school by having the defendants available for school issues was persuasive.  *Id.* at 392-93.  Here, the expense of any travel would be born by the taxpayers of Park County and requiring Sheriff Wegener to travel one hundred and seventy-two miles roundtrip would not promote the well-running of the Sheriff's Department.  It is important for the Sheriff to be available to law enforcement personnel within his department.  The only expense for Plaintiff would be the time and travel of his counsel.  Accordingly, the cost, convenience and litigation efficiency tip the scales in favor of conducting the deposition in Fairplay, Colorado.  In fact, Defendant David Platt, who is to be deposed that same day, has expressed to the undersigned that the taking of his deposition in Fairplay, Colorado would be more cost effective and convenient for him since he works and resides in Salida, Colorado.

Again, the only party that benefits from having the depositions of Mr. Platt and Sheriff Wegener in Denver, Colorado is Plaintiff and "'the plaintiff is generally [the one] required to bear any reasonable burdens of inconvenience that the action presents.'"  *Buzzeo*, 178 F.R.D. at 392.

## CONCLUSION

For the reasons set forth above, Defendants Fred Wegener respectfully requests this Court grant him a protective order requiring Plaintiff to take his deposition in Fairplay, Coloraod, and for all other and further relief as this Court deems just and appropriate.

Dated this 14th day of July 2006.

        Respectfully submitted,

        s/ Edmund M. Kennedy, Esq.
        Andrew Ringel, Esq.
        Edmund M. Kennedy, Esq.
        Hall & Evans, L.L.C.
        1125 17th Street, Suite 600
        Denver, Colorado 80202-2052
        303-628-3300
        303-628-3368 (fax)
        ringela@hallevans.com
        kennedye@hallevans.com
        **ATTORNEYS FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, PARK COUNTY SHERIFF FRED WEGENER, BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, CHAFFEE COUNTY SHERIFF TIMOTHY WALKER**

## CERTIFICATE OF MAILING

I hereby certify that on this 14th day of July 2006, I electronically filed the foregoing **MOTION FOR PROTECTIVE ORDER FROM DEFENDANT WEGENER AND REQUEST FOR EXPEDITED RULING** with the Clerk of Court using the CM/EFC system which will send notification of such filing to the following e-mail addresses:

    David A. Lane, Esq.
    dlane@killmerlane.com

    Marcel Krzystek, Esq.
    mkrzystek@killmerlane.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/EFC participants in the manner indicated by the non-participant's name:

David Platt
Chaffee County Patrol & Investigation
1115 E. Rainbow Blvd.
Salida, CO 81201-2913

                              s/Loree Trout, Secretary to
                              Andrew D. Ringel, Esq.
                              Edmund M. Kennedy, Esq.
                              Hall & Evans, L.L.C.
                              1125 17th Street, Suite 600
                              Denver, CO 80202-2052
                              303-628-3300
                              Fax: 303-293-3238
                              ringela@hallevans.com
                              kennedye@hallevans.com
                              **ATTORNEYS FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, TIMOTHY WALKER, BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, AND FRED WEGENER**