IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

    Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, in their official and individual capacities,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER, in his official and individual capacity,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN, in his official and individual capacity,
DAVID PLATT, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO, in their official and individual capacities,
PARK COUNTY SHERIFF FRED WEGENER, in his official and individual capacity.

    Defendants.
_____

**PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER FROM DEFENDANT WEGENER AND REQUEST FOR EXPEDITED RULING**
_____

Plaintiff Thomas Montoya, through his counsel, David A. Lane and Marcel Krzystek of KILLMER, LANE & NEWMAN, LLP, hereby responds to the *Motion for Protective Order from Defendant Fred Wegener and Request for Expedited Ruling* **[51]** as follows:

## INTRODUCTION AND BACKGROUND

Plaintiff agrees with Defendants' recitation of the legal claims asserted against Defendants. After disagreement amongst counsel with respect to the location of the deposition, Plaintiff did notice Defendant Wegener's deposition to take place at the office of Plaintiff's counsel in Denver, Colorado on July 19, 2006 at 9:00 a.m. All counsel in this case have business

addresses in downtown Denver. For purposes of this response, Plaintiff does not dispute that Defendant Wegener is a resident of Fairplay, Colorado.[1]

Defendant Wegener seeks the entry of a protective order pursuant to Rule 26(c). Specifically, Defendant Wegener seeks an order requiring Plaintiff to take his deposition in Fairplay instead of in Denver.

## LEGAL STANDARD FOR OBTAINING A PROTECTIVE ORDER

Upon a showing of "good cause," this Court may enter "any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . ." Fed.R.Civ.P. 26(c). As a general rule, "the party noticing the deposition usually has the right to choose the location." *Buzzeo v. Board of Education, Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998), *citing* Moore's Federal Practice, § 30.20[1][b][ii]; Fed. R. Civ. P. 30(b)(1). This Court does, however, have "broad discretion in determining the appropriate place for examination and may attach conditions such as payment of expenses. . . . Although there is an initial presumption that a defendant should be examined at his residence or the principal place of business, a number of factors serve to dissipate the presumption and may persuade the Court to require the deposition to be conducted in the forum district or some other place. Ultimately the court must consider each case on its own facts and the equities of the particular situation." *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988).

## ARGUMENT

Although it is not clear from Defendant's motion, it appears that the relief requested is based on the argument that conducting his deposition in Denver would constitute an "undue burden or expense." Based on the facts of this case as well as the various legal citations

---

[1] According to http://maps.google.com, via U.S. 285, Fairplay is 85.8 miles and 2 hours and 7 minutes from downtown Denver.

2

submitted by Defendant, he has failed to meet his burden and his motion for protective order should be denied.

Fairplay is less than 100 miles from Denver and travel time from Fairplay to Denver will be approximately two hours.  Furthermore, Defendant Wegener's deposition will take no longer than three (3) hours, as Defendant Platt is scheduled to be deposed at 1:00 p.m. that same day at the office of Plaintiff's counsel.  Defendant has provided no explanation as to why a 170 mile round trip to Denver would constitute an "undue burden or expense" except to say that it is "important for the Sheriff to be available to law enforcement personnel" and that the trip "would not promote the well-running of the Sheriff's Department."  Presumably, however, Defendant would not be available to law enforcement personnel even if deposed in Fairplay, as he will be obligated to participate in his deposition and not conduct law enforcement for the county at that time.  Furthermore, with respect to the four hours of travel time, Defendant will still be relatively available to his department by telephone.  Although his travel to Denver for a three hour deposition will necessarily entail *some* burden and expense, it does not rise to the level of an *undue* burden or expense as required by Rule 26(c).  By contrast, ordering that Defendant Wegener's deposition be conducted in Fairplay would require all counsel to travel from Denver to Fairplay for the purpose of conducting one three hour deposition.

Furthermore, none of the cases Defendant cites supports his position that a protective order should enter under these circumstances.  First, all but one of the cases cited by Defendant involves interstate or international travel and diversity jurisdiction.  The only exception, *Buzzeo v. Board of Education, Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998), involved the taking and associated inconvenience of a substantial amount of depositions, which is not the case here.

3

Second, each case (except *Buzzeo*) cited by Defendant involves travel far greater than the 86 miles at issue here.

All but one the cases cited by Defendant required interstate or international travel, and the jurisdiction of those courts was based upon diversity of citizenship. *See Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591 (S.D.N.Y. 1994) (order requiring defense counsel to travel from New York to England to depose plaintiff in diversity case); *Undraitis v. Luka*, 142 F.R.D. 675 (N.D. Ind. 1992) (order requiring defense counsel to travel, at own expense, from Kansas to Indiana in diversity case); *Perry v. Edwards*, 16 F.R.D. 131 (D. Mo. 1954) (denying order requiring travel from Pontiac, Michigan to Kansas City, Missouri in diversity case); *Pinkham v. Paul*, 91 F.R.D. 613 (D. Maine 1981) (denying order requiring travel from Massachusetts to Maine in diversity case); *Farquhar v. Shelden*, 116 F.R.D. 70 (E.D. Mich. 1987) (order requiring plaintiff's counsel to travel from Michigan to England at defendant's expense). In *Metrex Research Corp. v. U.S.*, 151 F.R.D. 122 (D. Colo. 1993), the court noted "that 11 of Plaintiff's 14 deposition notices require *extensive travel* by the proposed deponents, and that such travel will result in undue burden and expense." *Id*. at 125 (emphasis added). Although the decision does not define "extensive travel," it does rely upon and cite *General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc*., 84 F.R.D. 130 (W.D. Mo. 1979) (seeking order forcing travel from Texas to Kansas City) and *Moore v. Pyrotech Corp*., 137 F.R.D. 356 (D. Kan. 1991) (seeking order forcing travel from Vancouver, British Columbia to Kansas).

The fact that the above cases are diversity jurisdiction cases is significant, because the reasoning in support of requiring plaintiff and his or her counsel to travel to a defendant's residence for purpose of conducting a deposition is based upon the premise that "the Plaintiff has greater influence over the choice of forum . . ." *O'Sullivan v. Rivera*, 229 F.R.D. 187 (D. N.M.

4

2004) (granting defendant's motion for protective order after plaintiff sought to depose out-of-state defendant in New Mexico in a diversity of jurisdiction case).  Here, Plaintiff had no choice of forum; both Plaintiff and all Defendants, including Wegener, are residents of this district, and all acts relevant to the subject matter of this suit occurred in this district.  Neither jurisdiction nor venue is disputed.  "The general presumption stated above [that the deposition of a non-resident defendant is generally conducted at the defendant's place of residence] loses its significance, where, as here, all parties reside within the same forum district."  *Buzzeo*, 178 F.R.D. at 392.  *See also Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988) ("Although there is an initial presumption that a defendant should be examined at his residence or the principal place of business, a number of factors serve to dissipate the presumption and may persuade the Court to require the deposition to be conducted *in the forum district* or some other place.") (emphasis added)  Here, the deposition of Defendant Wegener has been noticed in the forum district.

In *Buzzeo*, the only case cited by Defendant in which a court ordered intrastate travel counsel to travel to defendant's place of business, the court was persuaded by the fact that a "substantial number" of employees would need to leave their place of business, which would have caused a disruption.  Furthermore, it found that because of the "voluminous" amount of records at the school, efficiency of the litigation favored conducting the depositions at the defendant's location.

> The court further finds that the defendants' claim that taking the depositions at the school district "promotes the well-running of the school" is persuasive.  The fact that a substantial number of school district employees would need to leave their place of business to travel to the office of the plaintiff's attorney would be disruptive to the regular operation of the school district.  On the other hand, only plaintiff's counsel would need to travel to the school district. . . . The factor of convenience, therefore, also weighs in favor of

5

> conducting the deposition at the defendant school district. . . .
> Finally, efficiency of the litigation also favors the Hempstead
> location. The records at the school district are "quite voluminous."
> . . . It is far more efficient to conduct the deposition at the school
> district, where such records are readily available.

*Buzzeo*, 178 F.R.D. at 393 (internal legal and record citations omitted). Again, at issue is the deposition of one witness, not "a substantial number." For the reasons stated above, Defendant Wegener will not suffer any undue burden or expense if required to appear in Denver for a three hour deposition, and there are no "voluminous" records in Fairplay; written discovery has been exchanged, and relevant documents are in the office of Plaintiff's counsel. Efficiency of litigation suggests that one witness should travel to Denver, where all counsel and relevant documents are located, as opposed to three sets of counsel traveling with the relevant documents to Fairplay for one three hour deposition.

At least two cases cited by Defendant support the proposition that Defendant should in fact be deposed in Denver. In *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591 (S.D.N.Y. 1994), defendants sought a protective order when the plaintiff insisted that his deposition be taken at his residence in England, rather than in New York, where his suit was filed. After examining the facts and circumstances of the case, including the fact that plaintiff's immigration status may not permit re-entry into England if he left the country, the court ordered defense counsel to travel, at their expense, to England for purposes of conducting the plaintiff's deposition: "Under all the circumstances, the most reasonable solution is to hold plaintiff's deposition in London, at his apartment as he has offered . . . or at such reasonable office location as defendants provide at their expense." *Id*. at 593. *Undraitis v. Luka*, 142 F.R.D. 675 (N.D. Ind. 1992) was a diversity of jurisdiction case involving defendant, a Kansas resident. Plaintiff's counsel offered to split the cost of defendant's travel to Indiana, an offer to which defense

6

counsel failed to respond.  *See id*. at 676.  Plaintiff then sought order compelling defendant to appear in Indiana, although insurance company offered to pay plaintiff's counsel to conduct the deposition in Kansas.  *Id*.  As a result of dilatory tactics by defendant and his counsel (including repeatedly ignoring plaintiff's counsel's efforts to resolve the dispute), plaintiff's motion to compel discovery was granted, and the court ordered the defendant to appear in Indiana at defendant's expense.  *See id*. at 677.  Plaintiff certainly does not allege that Defendant or his counsel have engaged in any dilatory tactics here; however, *Abdullah* and *Undraitis* certainly do suggest that the Court has the power to order a defendant or plaintiff to travel even substantial distances for purposes of conducting his or her deposition when justice so requires.

Finally, if the Court does order that Defendant Wegener's deposition be conducted in Fairplay, the Court should order Defendant to pay to Plaintiff's counsel costs associated with the travel.  "The court is permitted to exercise a broad discretion in determining the appropriate place for examination *and may attach conditions such as payment of expenses*."  *Turner v. Prudential Ins. Co. of Am*., 119 F.R.D. at 383 (emphasis added).  *See also Farquhar v. Shelden*, 116 F.R.D. at 70.  "After considering the arguments advanced by both parties, and in light of defendant Shelden's willingness to be deposed in the Netherlands, his offer to advance plaintiff the cost of deposing him in the Netherlands, and his demonstrated ability to be deposed there, I fail to discern a compelling reason why I should depart from the general rule requiring a defendant to be deposed where he resides."  *Id*. at 73.

## CONCLUSION

For all of the above and foregoing reasons, Plaintiff respectfully requests that *Motion for Protective Order from Defendant Wegener and Request for Expedited Ruling* **[51]** be denied.  If Defendant's motion is granted, Plaintiff requests this Court to enter an order compelling

7

Defendant to reimburse payment of all costs associated with Plaintiff's and Plaintiff's counsel's travel costs.

Respectfully submitted this 18th day of July, 2006.

KILLMER, LANE & NEWMAN LLP

s/ Marcel Krzystek

David A. Lane
Marcel Krzystek
1543 Champa St., Suite 400
Denver, Colorado 80202
(303) 571-1000
dlane@killmerlane.com
mkrzystek@killmerlane.com
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2006, I electronically filed the foregoing **PLAINTIFF'S RESPONSE TO MOTION FOR PROTECTIVE ORDER FROM DEFENDANT WEGENER AND REQUEST FOR EXPEDITED RULING** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses

- **Edmund Martin Kennedy**
  kennedye@hallevans.com wilsonm@hallevans.com;cmecf@hallevans.com
- **Marcel Krzystek**
  mkrzystek@killmerlane.com m.krzystek@gmail.com
- **David Arthur Lane**
  dlane@killmerlane.com hholtschneider@killmerlane.com
- **Anthony Melonakis**
  a_melonakis@hotmail.com
- **Andrew David Ringel**
  ringela@hallevans.com troutl@hallevans.com;cmecf@hallevans.com

and I hereby certify that I have mailed or served the document or paper to the following participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

**David Platt**
Chaffee County Patrol & Investigation
1115 E. Rainbow Blvd.
Salida, Colorado 81201-2913
(via U.S. mail)

8

K<small>ILLMER</small>, L<small>ANE</small> & N<small>EWMAN</small>, LLP

s/ Marcel Krzystek
_____
Marcel Krzystek
K<small>ILLMER</small>, L<small>ANE</small> & N<small>EWMAN</small>, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Telephone (303) 571-1000
mkrzystek@killmerlane.com