IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

      Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, in their official and individual capacities,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER, in his official and individual capacity,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN, in his official and individual capacity,
DAVID PLATT, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO, in their official and individual capacities,
PARK COUNTY SHERIFF FRED WEGENER, in his official and individual capacity.

      Defendants.

---

## PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER PURSUANT TO 28 U.S.C. § 636 AND FED.R.CIV.P. 72(a)

Plaintiff Thomas Montoya, through his counsel, David A. Lane and Marcel Krzystek of

KILLMER, LANE & NEWMAN, LLP, hereby requests that the Court, pursuant to 28 U.S.C. § 636

and Fed.R.Civ.P. 72(a), review and reverse the *Minute Order* **[56]** entered by the Magistrate

Judge on July 18, 2006 ordering counsel to depose Defendant Sheriff Fred Wegener in Salida.

### INTRODUCTION AND BACKGROUND

After disagreement amongst counsel with respect to the location of the deposition,

Plaintiff noticed Defendant Wegener's deposition to take place at the office of Plaintiff's counsel

in Denver, Colorado on July 19, 2006 at 9:00 a.m.  All counsel in this case had business

addresses in downtown Denver.[1]  For purposes of this response, Plaintiff does not dispute that
Defendant Wegener is a resident of Fairplay, Colorado.[2]

Defendant Wegener filed a *Motion for Protective Order from Defendant Wegener and
Request for Expedited Ruling* **[51]** on July 14, 1006.  In his Motion, Defendant Wegener sought
an order requiring Plaintiff to take his deposition in Fairplay instead of in Denver.

On July 18, 2006, Plaintiff filed *Plaintiff's Response to Motion for Protective Order from
Defendant Wegener and Request for Expedited Ruling* **[54]**.  Defendant Wegener filed a *Reply in
Support of Motion for Protective Order from Defendant Wegener, and Request for Expedited
Ruling* **[55]** that same day.

On July 18, 2006, the Magistrate Judge entered a *Minute Order* **[56]** granting Defendant
Wegener's motion for protective order and ordering that "[t]he deposition of Defendant Sheriff
Wegener shall take place in Fairplay, Colorado."  The Magistrate Judge took "judicial notice,
pursuant to F.R.E. 201, that if Sheriff Wegener were required to have his deposition taken in
Denver, Colorado, he would have to travel over 150 miles round trip by car", which it found to
be "a substantial distance."  The Court further found that "[a]s the chief law enforcement officer
for Park County, Sheriff Wegener's absence from Park County for an entire day could
compromise the safety of the citizens of Park County."

## LEGAL STANDARD FOR OBTAINING A PROTECTIVE ORDER

Upon a showing of "good cause," a Court may enter "any order which justice requires to
protect a party or person from annoyance, embarrassment, oppression, or undue burden or
expense . . ."  Fed.R.Civ.P. 26(c).  As a general rule, "the party noticing the deposition usually

---

[1] Since the entry of the Minute Order, Barry Meinster entered an appearance on behalf of Defendant Platt.  Mr.
Meinster's business address is in Evergreen, Colorado.
[2] According to http://maps.google.com, via U.S. 285, Fairplay is 85.8 miles and 2 hours and 7 minutes from
downtown Denver.

has the right to choose the location." *Buzzeo v. Board of Education, Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998), *citing* Moore's Federal Practice, § 30.20[1][b][ii]; Fed. R. Civ. P. 30(b)(1). A court does, however, have "broad discretion in determining the appropriate place for examination and may attach conditions such as payment of expenses. . . . Although there is an initial presumption that a defendant should be examined at his residence or the principal place of business, a number of factors serve to dissipate the presumption and may persuade the Court to require the deposition to be conducted in the forum district or some other place. Ultimately the court must consider each case on its own facts and the equities of the particular situation." *Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988).

## STANDARD OF REVIEW

This Court may reconsider a pretrial order entered by a Magistrate Judge when the order is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a).

## ARGUMENT

Although it is not clear from Defendant's motion, it appears that the relief requested is based on the argument that conducting his deposition in Denver would constitute an "undue burden or expense." Although the Magistrate Judge's Minute Order reasons that "Sheriff Wegener's absence from Park County for an entire day could compromise the safety of the citizens of Park County," not even Defendant's own Motion makes such an argument; Defendant Wegener simply stated that "[i]t is important for the Sheriff to be available to law enforcement personnel within his department", and that compelling his deposition in Denver "would not promote the well-running of the Sheriff's Department."

The Magistrate Judge's Minute Order is clearly erroneous and contrary to law. Fairplay is less than 100 miles from Denver and travel time from Fairplay to Denver will be

approximately two hours.  Furthermore, Defendant Wegener's deposition will take no longer than three (3) hours, thereby enabling the deposition and all travel to take place in one business day.  In his motin, Defendant provided no explanation as to why a 170 mile round trip to Denver would constitute an "undue burden or expense" except to say that it is "important for the Sheriff to be available to law enforcement personnel" and that the trip "would not promote the well-running of the Sheriff's Department."  *Motion for Protective Order from Defendant Wegener and Request for Expedited Ruling* **[51]** at 4.  Furthermore, there is no support for the conclusion that "Sheriff Wegener's absence from Park County for an entire day could compromise the safety of the citizens of Park County," and not even Defendant's own Motion makes such an argument.  Presumably, Defendant would not be available to law enforcement personnel even if deposed in Fairplay, as he will be obligated to participate in his deposition and not conduct law enforcement for the county at that time.  Furthermore, with respect to the four hours of travel time, Defendant will still be relatively available to his department by telephone.  Although his travel to Denver for a three hour deposition will necessarily entail *some* burden and expense, it does not rise to the level of an *undue* burden or expense as required by Rule 26(c).  By contrast, ordering that Defendant Wegener's deposition be conducted in Fairplay would require all counsel to travel from Denver (or Evergreen) to Fairplay for the purpose of conducting one three hour deposition.

Furthermore, there exists no legal authority for the proposition that a court may order all counsel to travel under these circumstances.  First, nearly all cases addressing the subject matter involve interstate or international travel and diversity jurisdiction.  Courts generally do not compel the taking of a deposition in the vicinity in which the deponent resides unless the jurisdiction of those courts was based upon diversity of citizenship.  *See Abdullah v. Sheridan*

*Square Press, Inc.*, 154 F.R.D. 591 (S.D.N.Y. 1994) (order requiring defense counsel to travel from New York to England to depose plaintiff in diversity case); *Undraitis v. Luka*, 142 F.R.D. 675 (N.D. Ind. 1992) (order requiring defense counsel to travel, at own expense, from Kansas to Indiana in diversity case); *Perry v. Edwards*, 16 F.R.D. 131 (D. Mo. 1954) (denying order requiring travel from Pontiac, Michigan to Kansas City, Missouri in diversity case); *Pinkham v. Paul*, 91 F.R.D. 613 (D. Maine 1981) (denying order requiring travel from Massachusetts to Maine in diversity case); *Farquhar v. Shelden*, 116 F.R.D. 70 (E.D. Mich. 1987) (order requiring plaintiff's counsel to travel from Michigan to England at defendant's expense).  The only exception, *Buzzeo v. Board of Education, Hempstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998), involved the taking and associated inconvenience of a substantial amount of depositions, which is not the case here.  Second, each case (except *Buzzeo*) involves travel far greater than the 86 miles at issue here.

In *Metrex Research Corp. v. U.S.*, 151 F.R.D. 122 (D. Colo. 1993), relied upon by the Magistrate Judge, the court noted "that 11 of Plaintiff's 14 deposition notices require *extensive travel* by the proposed deponents, and that such travel will result in undue burden and expense." *Id*. at 125 (emphasis added).  Although *Metrex* does not define "extensive travel," it does rely upon and cite *General Leasing Co. v. Lawrence Photo-Graphic Supply, Inc*., 84 F.R.D. 130 (W.D. Mo. 1979) (seeking order forcing travel from Texas to Kansas City) and *Moore v. Pyrotech Corp*., 137 F.R.D. 356 (D. Kan. 1991) (seeking order forcing travel from Vancouver, British Columbia to Kansas).  Therefore, a fair reading of *Metrex* assumes that travel far greater than 86 miles would be required before a protective order would enter.

The fact that the above cases are diversity jurisdiction cases is significant, because the reasoning in support of requiring plaintiff and his or her counsel to travel to a defendant's

residence for purpose of conducting a deposition is based upon the premise that "the Plaintiff has greater influence over the choice of forum . . ." *O'Sullivan v. Rivera*, 229 F.R.D. 187 (D. N.M. 2004) (granting defendant's motion for protective order after plaintiff sought to depose out-of-state defendant in New Mexico in a diversity of jurisdiction case).  Here, Plaintiff had no choice of forum; both Plaintiff and all Defendants, including Wegener, are residents of this district, and all acts relevant to the subject matter of this suit occurred in this district.  Neither jurisdiction nor venue is disputed.  "The general presumption stated above [that the deposition of a non-resident defendant is generally conducted at the defendant's place of residence] loses its significance, where, as here, all parties reside within the same forum district."  *Buzzeo*, 178 F.R.D. at 392. *See also Turner v. Prudential Ins. Co. of Am.*, 119 F.R.D. 381, 383 (M.D.N.C. 1988) ("Although there is an initial presumption that a defendant should be examined at his residence or the principal place of business, a number of factors serve to dissipate the presumption and may persuade the Court to require the deposition to be conducted *in the forum district* or some other place.") (emphasis added)  Here, the deposition of Defendant Wegener was noticed in the forum district.

In *Buzzeo*, the only case in which a court ordered intrastate travel counsel to travel to defendant's place of business, the court was persuaded by the fact that a "substantial number" of employees would need to leave their place of business, which would have caused a disruption. Furthermore, it found that because of the "voluminous" amount of records at the school, efficiency of the litigation favored conducting the depositions at the defendant's location.

> The court further finds that the defendants' claim that taking the depositions at the school district "promotes the well-running of the school" is persuasive.  The fact that a substantial number of school district employees would need to leave their place of business to travel to the office of the plaintiff's attorney would be disruptive to the regular operation of the school district.  On the other hand, only

> plaintiff's counsel would need to travel to the school district. . . .
> The factor of convenience, therefore, also weighs in favor of
> conducting the deposition at the defendant school district. . . .
> Finally, efficiency of the litigation also favors the Hempstead
> location.  The records at the school district are "quite voluminous."
> . . . It is far more efficient to conduct the deposition at the school
> district, where such records are readily available.

*Buzzeo*, 178 F.R.D. at 393 (internal legal and record citations omitted).  Again, at issue is the deposition of one witness, not "a substantial number."  For the reasons stated above, Defendant Wegener will not suffer any undue burden or expense if required to appear in Denver for a three hour deposition, and there are no "voluminous" records in Fairplay; written discovery has been exchanged, and relevant documents are in the office of Plaintiff's counsel.  Efficiency of litigation suggests that one witness should travel to Denver, where all counsel and relevant documents are located, as opposed to three sets of counsel traveling with the relevant documents to Fairplay for one three hour deposition.

At least two cases support the proposition that Defendant should in fact be deposed in Denver.  In *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591 (S.D.N.Y. 1994), defendants sought a protective order when the plaintiff insisted that his deposition be taken at his residence in England, rather than in New York, where his suit was filed.  After examining the facts and circumstances of the case, including the fact that plaintiff's immigration status may not permit re-entry into England if he left the country, the court ordered defense counsel to travel, at their expense, to England for purposes of conducting the plaintiff's deposition: "Under all the circumstances, the most reasonable solution is to hold plaintiff's deposition in London, at his apartment as he has offered . . . or at such reasonable office location as defendants provide at their expense."  *Id.* at 593.  *Undraitis v. Luka*, 142 F.R.D. 675 (N.D. Ind. 1992) was a diversity of jurisdiction case involving defendant, a Kansas resident.  Plaintiff's counsel offered to split

the cost of defendant's travel to Indiana, an offer to which defense counsel failed to respond.  *See*

*id*. at 676.  Plaintiff then sought order compelling defendant to appear in Indiana, although

insurance company offered to pay plaintiff's counsel to conduct the deposition in Kansas.  *Id.*

As a result of dilatory tactics by defendant and his counsel (including repeatedly ignoring

plaintiff's counsel's efforts to resolve the dispute), plaintiff's motion to compel discovery was

granted, and the court ordered the defendant to appear in Indiana at defendant's expense.  *See id*.

at 677.  Plaintiff certainly does not allege that Defendant or his counsel have engaged in any

dilatory tactics here; however, *Abdullah* and *Undraitis* certainly do suggest that the Court has the

power to order a defendant or plaintiff to travel even substantial distances for purposes of

conducting his or her deposition when justice so requires.

        Finally, if the Court does order that Defendant Wegener's deposition be conducted in

Fairplay, the Court should order Defendant to pay to Plaintiff's counsel costs associated with the

travel.  "The court is permitted to exercise a broad discretion in determining the appropriate

place for examination *and may attach conditions such as payment of expenses*."  *Turner v.*

*Prudential Ins. Co. of Am*., 119 F.R.D. at 383 (emphasis added).  *See also Farquhar v. Shelden*,

116 F.R.D. at 70.  "After considering the arguments advanced by both parties, and in light of

defendant Shelden's willingness to be deposed in the Netherlands, his offer to advance plaintiff

the cost of deposing him in the Netherlands, and his demonstrated ability to be deposed there, I

fail to discern a compelling reason why I should depart from the general rule requiring a

defendant to be deposed where he resides."  *Id*. at 73.  The Magistrate Judge's Minute Order only

requires Defendant Wegener to "provide a room for his deposition . . . at no expense to

Plaintiff."  Such an order does not cover the costs of conducting the deposition in Fairplay.  If

this Court does order that Defendant Wegener's deposition be conducted in Fairplay, in addition

to providing a room at no cost, Defendant should also pay, at minimum, round-trip mileage at the federal rate.

## CONCLUSION

For all of the above and foregoing reasons, Plaintiff respectfully requests that this Court review and reverse the Magistrate Judge's Minute Order **[56]**.

Respectfully submitted this 28th day of July, 2006.

KILLMER, LANE & NEWMAN LLP

s/ Marcel Krzystek

_____

David A. Lane
Marcel Krzystek
1543 Champa St., Suite 400
Denver, Colorado 80202
(303) 571-1000
dlane@killmerlane.com
mkrzystek@killmerlane.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on July 28, 2006, I electronically filed the foregoing **PLAINTIFF'S OBJECTION TO MAGISTRATE JUDGE'S ORDER PURSUANT TO 28 U.S.C. § 636 AND FED.R.CIV.P. 72(a)** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses

- **Edmund Martin Kennedy**
  kennedye@hallevans.com wilsonm@hallevans.com;cmecf@hallevans.com
- **Marcel Krzystek**
  mkrzystek@killmerlane.com m.krzystek@gmail.com
- **David Arthur Lane**
  dlane@killmerlane.com hholtschneider@killmerlane.com
- **J. Barry Meinster**
  bmeinster@meinster.com
- **Anthony Melonakis**
  a_melonakis@hotmail.com
- **Andrew David Ringel**
  ringela@hallevans.com troutl@hallevans.com;cmecf@hallevans.com

KILLMER, LANE & NEWMAN, LLP

9

s/ Marcel Krzystek

_____

Marcel Krzystek
KILLMER, LANE & NEWMAN, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
Telephone (303) 571-1000
mkrzystek@killmerlane.com