In the United States District Court
For the District of Colorado

Civil Action No. 05-cv-02533-EWN-MJW

Thomas Montoya,

    Plaintiff,

vs.

Board of County Commissioners, Chaffee County, Colorado, et al.,

    Defendants.

---

### Motion to Dismiss from the Defendant David Platt

---

Barry Meinster, Esq., Meinster & Meinster, PC, files this Motion to Dismiss on behalf of the Defendant David Platt (Platt) and says:

**Introduction:**

The Defendant Platt agrees with the comments in the "introduction" to the *Partial Motion to Dismiss from Defendants Board of County Commissioners of Chaffee County, Timothy Walker, Scott Glenn, Board of County Commissioners of Park County, and Fred Wegener* (Partial Motion).

**Standard of Review:**

The Defendant Platt agrees with the "Standard of Review" set out in the Partial Motion.

**Statement of Undisputed Facts:**

The Defendant Platt agrees with the "Statement of Undisputed Facts" set out in the Partial Motion.

**Argument:**

The Defendant Platt adopts the arguments presented in the Partial Motion with the following additions:

The Partial Motion sets out valid reasons supported by appropriate legal authority for why the Complaint, or parts thereof, should be dismissed because the applicable statute of limitations ran prior to filing. The *Response to Partial Motion to Dismiss from Defendants Board of County Commissioners of Chaffee County, Timothy Walker, Scott Glenn, Board of County Commissioners of Park County, and Fred Wegener* (Response) answers the Partial Motion by an argument centered on the allegation that the continuing denial by the Defendants of medical treatment for the Plaintiff was a continuing violation of his rights therefore extending the statute of limitations.

It is not necessary in this Motion to Dismiss on behalf of the Defendant Platt to assert that this argument in the Response is incorrect. Any action of Platt was completed prior to the two year statute of limitations period.

Platt is referred to in the Complaint as:

*Introduction* (Paragraph 4): "either a deputy sheriff or *possibly a private citizen*"

*Parties*: "*either a private citizen training CHAFFEE COUNTY offices in the use of a taser* or a deputy sheriff."

Platt is alleged in paragraph 14 to have "transferred MONTOYA to the Park County jail . . ." In paragraph 17 Platt is alleged to have "conspired to cover-up the taser incident and to retaliate against MONTOYA by denying him medical care and placing him into a punitive lock-down . . ." Paragraph 61 states that Platt conspired with the other

2

Defendants "to deny medical treatment, and did deny medical treatment, to MONTOYA in violation of the Eighth Amendment."

In paragraph 4 of Platt's answer he denied "that he was an officer" and admitted he was "a private citizen who was conducting training for Chaffee County." In a taped interview on February 3, 2004, the Plaintiff clearly indicated that there was a question as to the affiliation between Platt and the sheriff's department. At one point the Plaintiff states: "I think it was the same guy that runs a bonds – Triple A Bonds - but I'm not sure." Plaintiff's attorney was aware of this statement as it was attached to the Defendant Scott Glenn's initial disclosures sent on March 30, 2006.

In the answers under oath to the Plaintiff's first set of interrogatories from the Defendant Board of County Commissioners of Chaffee County submitted on May 30, 2006, the following two answers verify that the Plaintiff and his attorneys knew that Platt was an independent contractor and not an employee of the Sheriff's Department:

1.  Identify each individual charged with instructing Chaffee County Sheriff's deputies with respect to the use of Tasers.

    Response: . . . The Chaffee County Sheriff's Department has contracted with David Platt to provide training for Chaffee County Sheriff's Deputies on the use of Taser devices. . . .

9.  Describe the relationship between the Chaffee County Sheriff's Department and David Platt.

    Response: . . . David Platt provided training in the use of Tasers to the Chaffee County Sheriff's Department as an independent contractor. Mr. Platt was not an employee of Chaffee County and provided invoices to the Chaffee County Sheriff's Department for his services as he provided them.

In answers under oath to the Plaintiff's first set of interrogatories from Platt it was set out in a number of Platt's answers that he was not an employee of the Sheriff's Department. This is confirmed in his affidavit attached as Exhibit A

3

**Conclusion:**

In neither the Complaint nor the Response are facts alleged that would indicate how Platt as a private citizen and independent contractor could have furthered or participated in any conspiracy to deprive the Plaintiff of medical care or retaliate against him. The Plaintiff filed his Complaint on December 14, 2005. The incident occurred on either October 16th or 17th, 2003. In short, all information before the Court clearly indicates that Platt is not connected with any event occurring after these dates, and therefore this action should be dismissed as to him.

Respectfully submitted: August 1, 2006

/s/ Barry Meinster, Esq.
_____
Barry Meinster, Esq.
Meinster & Meinster, PC
PO Box 681
Conifer, Colorado 80433
303-674-5977
303-674-9662 (fax)
bmeinster@meinster.com

Attorney for David Platt

4

## Certificate of Service

I certify that on August 1, 2006, I electronically filed the foregoing pleading with the Clerk of Court using the CM/EFC system which will send notification of such filing to the following e-mail addresses:

David A. Lane, Esq.
Marcel Krzystek, Esq.
Killmer, Lane & Newman, LLP
dlane@Killmerlane.com
mkrzystek@Killmerlane.com

Anthony Melonakis, Esq.
Sutton Melonakis & Gulley, PA
amelonakis@smglaw.us

Andrew D. Ringel, Esq.
Edmond M. Kennedy, Esq.
Hall & Evans, L.L.C.
ringela@hallevans.com
Kennedye@hallevans.com


/s/ Barry Meinster, Esq.
_____
Barry Meinster, Esq.