IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN,
DAVID PLATT,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO,
PARK COUNTY SHERIFF FRED WEGENER,

Defendants.

---

**DEFENDANT WEGENER'S OBJECTION TO PLAINTIFF'S
APPEAL OF MAGISTRATE JUDGE'S ORDER**

---

Defendant Fred Wegener, by and through counsel, Andrew D. Ringel, Esq. and Edmund M. Kennedy, Esq. of Hall & Evans, L.L.C., respectfully submits the following Objection to Plaintiff's Appeal of the Magistrate Judge's Order, as follows:

1.  On July 14, 2006, Defendant Sheriff Wegener submitted a Motion for Protective Order seeking an Order that his deposition be taken at his place of residence and work, Fairplay, Colorado. The request was based on the fact that Sheriff Wegener, as the highest-ranking law enforcement officer in Park County, must not be required to travel one hundred seventy-two miles roundtrip because it is crucial for him to be available for issues that may arise within the Sheriff's Department. [*See* Motion for Protective Order, Docket No. 51].

2. On July 18, 2006, Plaintiff filed a Response to Motion for Protective Order. In his Response, Plaintiff offered the exact arguments he now raises in his Objection. [*Compare* Plaintiff's Response to Protective Order, Docket No. 54, *with* Plaintiff's Objection to Magistrate Judge's Order, Docket No. 59].

3. In essence, Plaintiff asserts that the burden for his counsel to travel the one-hundred and seventy plus miles round trip from Denver, Colorado, to Fairplay, Colorado, outweighs the burden of requiring a county's top law enforcement officer to travel the same distance. [*See* Plaintiff's Response to Protective Order, Docket No. 54, at 8 (complaining about the undue burden of requiring Plaintiff's counsel to travel to Fairplay, Colorado, for the deposition while asserting throughout the Objection that there is no undue burden)]. Plaintiff disingenuously attempts to imply that the burden includes the other defense attorney's travel time. [*Id.* at 4]. However, only Plaintiff's counsel refuses to conduct Sheriff Wegener's deposition in Fairplay, Colorado, apparently finding such travel an undue burden on Plaintiff's counsel, yet arguing that such travel is not burdensome at all.

4. Pursuant to 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a), this Court reviews the Magistrate Judge's decision on this non-dispositive pretrial matter under a clearly erroneous or contrary to law standard. See **First Savings Bank, F.S.B. v. U.S. Bancorp**, 184 F.R.D. 363, 366 (D. Kan. 1998); **Creative Gifts, Inc. v. UFO**, 183 F.R.D. 568, 570 (D.N.M. 1998). "The clearly erroneous standard requires that the court affirm the decision of the magistrate judge unless 'on the entire evidence [the court] is left with the definite and firm conviction that a mistake has been committed.'" **Hinsdale v. City of Liberal, Kan.**, 981 F.Supp. 1378, 1379 (D. Kan. 1997) (quoting **Ocelot Oil Corp. v. Sparrow Industries**, 847 F.2d 1458, 1464 (10th Cir.

2

1988) (alteration in original)). However, under the contrary to law standard, this Court is not bound by the Magistrate Judge's conclusions of law. *See* **Kasting v. American Family Mut. Ins. Co.**, 196 F.R.D. 595, 596 (D. Kan. 2000). A magistrate judge's non-dispositive order, which is contrary to law, must be reversed by a district court. *See* **Gallardo v. Board of County Commissioners**, 881 F.Supp. 525, 529 (D. Kan.), corrected on other grounds by 885 F.Supp. 236 (D. Kan. 1995); **Ryall v. Appleton Elec. Co.**, 153 F.R.D. 660, 662-63 (D. Colo. 1994); **Moore v. Pyrotech Corp.**, 137 F.R.D. 356, 357 (D. Kan. 1991).

5.    Here, the Magistrate Judge's determination that requiring Sheriff Wegener, as Park County's top law enforcement officer, to travel a substantial distance to be deposed in Denver, Colorado, could compromise the safety of the citizens of Park County is neither clearly erroneous nor contrary to law. [*See* Minute Order, dated July 18, 2006, Docket No. 56].

6.    Determining that a law enforcement emergency requiring Sheriff Wegener's immediate presence in Park County may occur is neither an erroneous determination nor contrary to any law. Plaintiff's assertion that Sheriff Wegener's would be "relatively available" by telephone and, that in any event, Sheriff Wegener "would not be available to law enforcement personnel even if deposed in Fairplay" does not establish any error concerning the Magistrate Judge's determination. [*See* Plaintiff's Response to Protective Order, Docket No. 54, at 4]. If an emergency requiring Sheriff Wegener's immediate attention were to occur during his deposition, his ability to be present, if needed, is certainly enhanced by the deposition being taken in Fairplay, Colorado.

7.    Plaintiff cites no case law requiring a top law enforcement officer to travel over one hundred seventy miles for his deposition. In fact, case law discussing qualified immunity

3

suggests that the Magistrate Judge's determination is proper and supported by law since one of the purposes of qualified immunity is to protect public officials, such as Sheriff Wegener, "from undue interference with their duties." *Elder v. Holloway*, 510 U.S. 510, 513 (1994) (internal citations and quotations omitted). As such, it is neither clearly erroneous nor contrary to law to determine that the taking of Sheriff Wegener's deposition in Denver, Colorado, would create undue interference with his duties as Park County's top law enforcement officer. Furthermore, case law suggests that courts are more willing to protect a defendant from having to travel far from his residence for the taking of depositions than for a plaintiff. *Abdullah v. Sheridan Square Press, Inc.*, 154 F.R.D. 591 (S.D.N.Y. 1994); 8 Wright & Miller § 2112, at 409-10 (1970); *see also Buzzeo v. Board of Education, Hemptstead*, 178 F.R.D. 390, 392 (E.D.N.Y. 1998) ("'[T]he plaintiff is generally required to bear any reasonable burdens of inconvenience that the action presents.'").

8. As discussed above, Plaintiff, in essence, seeks this Court to determine that his counsel's time is of greater importance than that of a county's top law enforcement officer. Plaintiff believes it is clearly erroneous and contrary to law to conclude that a county's top law enforcement officer's time is of greater importance than Plaintiff's counsel's time. [*See*, *generally*, Plaintiff's Objection to Magistrate Judge's Order, (complaining about the burdens imposed on Plaintiff's counsel while also arguing that there is virtually no burden on Park County's top law enforcement officer)]. Again, no other attorney in this action is opposed to traveling to Fairplay, Colorado, for the deposition of Sheriff Wegener. All other counsel recognize that their time is not more vital than that of a county's top law enforcement officer.

9.    For such reasons set forth above, as well as those contained in the Motion for Protective Order, Defendants Fred Wegener respectfully requests this Court affirm the Magistrate Judge's Order granting the protective order requiring Plaintiff to take his deposition in Fairplay, Colorado, and for all other and further relief as this Court deems just and appropriate.

Dated this 7th day of August 2006.

Respectfully submitted,

s/ Edmund M. Kennedy, Esq.
Andrew Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, Colorado 80202-2052
303-628-3300
303-628-3368 (fax)
ringela@hallevans.com
kennedye@hallevans.com
**ATTORNEYS FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, PARK COUNTY SHERIFF FRED WEGENER, BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, CHAFFEE COUNTY SHERIFF TIMOTHY WALKER**

## CERTIFICATE OF MAILING

I hereby certify that on this 7th day of August 2006, I electronically filed the foregoing with the Clerk of Court using the CM/EFC system which will send notification of such filing to the following e-mail addresses:

David A. Lane, Esq.
dlane@killmerlane.com

Marcel Krzystek, Esq.
mkrzystek@killmerlane.com

Anthony Melonakis, Esq.
a_melonakis@hotmail.com

and I hereby certify that I have mailed or served the document or paper to the following non CM/EFC participants in the manner indicated by the non-participant's name:

None.

s/Loree Trout, Secretary to
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
303-628-3300
Fax: 303-293-3238
ringela@hallevans.com
kennedye@hallevans.com
**ATTORNEYS FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, TIMOTHY WALKER, BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, AND FRED WEGENER**

H:\Users\RINGELA\park\Montoya, Thomas\Obj to pla's appeal of Mag Order.doc