EXHIBIT A-2

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

    Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, in their official and individual capacities,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER, in his official and individual capacity,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN, in his official and individual capacity,
DAVID PLATT, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO, in their official and individual capacities,
PARK COUNTY SHERIFF FRED WEGENER, in his official and individual capacity.

    Defendants.

---

## DEFENDANT BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR OF DOCUMENTS TO CHAFFEE COUNTY

---

Defendant Board of County Commissioners of Chaffee County, Colorado (hereinafter "Defendant"), by and through its counsel, Andrew D. Ringel, Esq. and Edmund M. Kennedy, Esq. of Hall & Evans, L.L.C., pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby responds to plaintiff's First Set of Interrogatories and Requests for Production of Documents as follows:

### AVAILABILITY OF DOCUMENTS

Any documents responsive to the Plaintiff's Requests for Production of Documents not already produced are available for inspection by counsel for the Plaintiff at the law offices of counsel for this Defendant at a mutually agreeable date and time. Counsel for the Defendant will make copies of any documents at the Plaintiff's expense upon the request of counsel for the Plaintiff. In addition, counsel for this Defendant will make copies of any documents at the

request of any other party at the expense of that party.

## CONFIDENTIALITY

Initially, as a share of the inquiries and responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents involve reference to confidential information, Defendant designates these Objections and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents as confidential pursuant to the Protective Order entered by the District Court in this matter.

## PRELIMINARY STATEMENT

Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Chaffee County are directed at "Chaffee County." "Chaffee County" is not a Defendant in this action. Defendant Board of County Commissioners of Chaffee County assumes that the Plaintiff's First Set of Interrogatories and Requests for Production of Documents are directed at it because the Board of County Commissioners of Chaffee County governs Chaffee County and is the legal entity who may be sued on behalf of Chaffee County. *See* C.R.S. § 30-11-105.

Defendant Board of County Commissioners of Chaffee County's General Objections to Plaintiff's First Set of Interrogatories and Requests for Production of Documents are set forth below. To avoid the necessity of restating each objection in full, these General Objections are incorporated within each Response where applicable. The assertion of additional specific objections to certain of the Interrogatories and Requests for Production of Documents shall not waive or be construed to waive any applicable General Objection.

In addition, Defendant's response to each Interrogatory and Request for Production of Documents shall not waive any right to challenge the relevance, materiality, or admissibility of the information or documents provided, or to object to the use of the information or documents in any subsequent proceeding including the trial in this matter. Defendant's search for information is ongoing and its responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents are based on information known to the Defendant at this time only. Defendant specifically reserves its right to supplement or amend its responses at any time pursuant to the Federal Rules of Civil Procedure.

## PRELIMINARY OBJECTION

Defendant objects to the definitions and instructions contained in Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent said definitions and instructions purport to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they seek information and/or documents protected from disclosure by the attorney-client privilege, work product doctrine, the required reports privilege, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under federal or Colorado law.

2. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they seek information and/or documents concerning Defendant's contentions or positions regarding legal issues in this action and as being overbroad and premature because discovery in this action is ongoing. In addition, Defendant will comply with all of the disclosure requirements of Fed. R. Civ. P. 26, the Scheduling Order entered in this case, and all other applicable deadlines of the Federal Rules of Civil Procedure.

3. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they seek information and/or documents that would violate any constitutional, statutory, or common law privacy interest or privilege of any current or former employee, representative, agent, client, customer, or user of the products or services of Defendant.

4. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they seek information and/or documents that are neither relevant in that there is no logical nexus between the requested information and/or documents and the issues and controversies between the parties alleged with particularity in the pleadings, nor likely to lead to the discovery of admissible evidence.

5. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they are unduly burdensome and oppressive in that the burden and expense to Defendant in locating and producing such information and/or documents outweighs its likely benefit, especially with respect to such information and/or documents which may be as readily obtained by the Plaintiff from other sources.

6. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they are overbroad and seek information and/or documents without proper limit to their subject matter and impose obligations on Defendant greater than those provided by the applicable rules and law.

7. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they are vague and ambiguous, and thus likely to lead to confusing, misleading, inaccurate, or incomplete responses.

8. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they seek information and/or documents which are as equally available to the Plaintiff as to Defendant pursuant to Fed. R. Civ. P. 33(d).

## INTERROGATORIES

1. Identify each individual charged with instructing Chaffee County Sheriff's deputies with respect to the use of Tasers.

**RESPONSE:** Objection. *See* General Objections No. 7. In addition, Defendant objects to this Interrogatory to the extent it can be construed to request information about the training of any Chaffee County Sheriff's Deputy not assigned to work at the Chaffee County Jail since any such information would not be relevant or lead to the discovery of relevant evidence. Without waiving these objections, Defendant states: The Chaffee County Sheriff's Department has contracted with David Platt to provide training for Chaffee County Sheriff's Deputies on the use of Taser devices. Mr. Platt provided Taser training for the Chaffee County Sheriff's Department in 2003. Mr. Platt received an Advanced Taser Instructor Certification from Taser International. *See* Park-Chaffee 0195. Since April 2004, Patrol Officer Sandy Brownlee has provided training for Chaffee County Sheriff's Deputies on the use of Taser devices.

2. State the name and credentials of any individual charged with instructing Chaffee County Sheriff's deputies with respect to the use of force and constitutional rights of inmates.

**RESPONSE:** Objection. *See* General Objection No. 7. In addition, Defendant objects to this Interrogatory to the extent it can be construed to request information about the training of any Chaffee County Sheriff's Deputy not assigned to work at the Chaffee County Jail since any such information would not be relevant or lead to the discovery of relevant evidence. Without waiving this objection, Defendant states: Chaffee County Sheriff's Deputies working in the Chaffee County Jail receive training on the use of force and constitutional rights of inmates as part of their field officer training program, at a correctional officer academy, and as part of monthly training sessions held at the Chaffee County Jail. A variety of different supervisors provided this training. The principal individual who provided such training was Nick Leva. A copy of Mr. Leva's resume is identified herewith. *See* Park-Chaffee 0329-0330.

3. State the personnel action, if any, that was initiated against Scott Glenn as a result of his participation in the Taser training incident involving Plaintiff.

**RESPONSE:** Objection. *See* General Objection Nos. 1, 3 and 7. Without waiving these objections, Defendant states: Sheriff Timothy Walker suspended Scott Glenn without pay for three days. *See* Park-Chaffee 0249.

4. State the personnel action, if any, that was initiated against any staff member at the Chaffee County Sheriff's Department as a result of his or her participation in the Taser

4

training incident involving Plaintiff.

**RESPONSE**: Objection. *See* General Objections Nos. 1, 3, and 7. Without waiving these objections, Defendant states: Other than Scott Glenn, no personnel action was taken against any other employee of the Chaffee County Sheriff's Department as a result of the Taser training incident involving Plaintiff. *See* Response to Interrogatory No. 3 above.

5. Describe in detail any communication(s) between Timothy Walker and/or Scott Glenn, and Fred Wegener and/or any agent of the Park County Sheriff's department related to Plaintiff.

**RESPONSE**: Objection. *See* General Objection No. 7. Without waiving this objection, Defendant states: Defendant is unaware of any communication between Timothy Walker and Fred Wegener or any other employee of the Park County Sheriff's Department concerning Plaintiff Thomas Montoya. Defendant is also unaware of any communication between Scott Glenn and Fred Wegener or any other employee of the Park County Sheriff's Department.

6. State the date that Plaintiff was transferred from Chaffee County to Park County and the reason(s) for the transfer.

**RESPONSE**: Objection. *See* General Objections Nos. 5 and 7. Without waiving these objections, Defendant states: Plaintiff Thomas Montoya was transferred from the Chaffee County Jail to the Park County Jail on February 3, 2004. Mr. Montoya was transferred after Sheriff Timothy Walker was contacted by a reporter from The Denver Post about the incident that occurred involving a Taser and Mr. Montoya on October 16, 2003. Sheriff Walker determined to transfer Mr. Montoya from the Chaffee County Jail after his allegations became known as a safety measure so that there could be no problem with any retaliation against Mr. Montoya by anyone associated with the Chaffee County Sheriff's Department or other inmates as a result of Mr. Montoya's allegations. Copies of documents reflecting the transfer are identified herewith. *See* Park-Chaffee 0343-0345.

7. State what instructions, if any, were provided by any agent and/or deputy of the Chaffee County Sheriff's department to any agent of the Park County Sheriff's Department regarding the custody of Plaintiff.

**RESPONSE:** Objection. *See* General Objections Nos. 5 and 7. Without waiving these objections, Defendant states: Lieutenant Nick Leva contacted Captain Monte Gore of the Park County Sheriff's Department by telephone and requested that Park County take custody of Plaintiff Thomas Montoya. Lieutenant Leva explained to Captain Gore that the reason for the transfer or Mr. Montoya was because of the incident that occurred involving a Taser and Mr. Montoya as a safety measure because of Mr. Montoya's allegations about what occurred and the investigation launched by the Chaffee County Sheriff's Department as a result of those allegations. Lieutenant Leva did so as a standard security precaution under the circumstances.

8. Identify the procedures to be followed regarding the medical care and treatment of inmates or deputies that have been subjected to a Taser shock.

RESPONSE: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: The Chaffee County Sheriff's Department does not have any specific policies or procedures regarding providing medical care to anyone participating in a Taser training exercise. The Detention Center Inmate Handbook provides the policies and procedures of the Chaffee County Jail concerning inmates requesting medical care during their incarceration. *See* Park-Chaffee 0196-0243.

9. Describe the relationship between the Chaffee County Sheriff's Department and David Platt.

RESPONSE: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: David Platt provided training in the use of Tasers to the Chaffee County Sheriff's Department as an independent contractor. Mr. Platt was not an employee of Chaffee County and provided invoices to the Chaffee County Sheriff's Department for his services as he provided them. *See* Park-Chaffee 0244-0248.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. The personnel file of Defendant Scott Glenn.

RESPONSE: Objection. *See* General Objections No. 3. Without waiving this objection, Defendant states: A copy of the personnel file of Scott Glenn maintained by the Chaffee County Sheriff's Department is identified herewith. *See* Park-Chaffee 0249-0304.

2. The internal affairs file of Defendant Scott Glenn.

RESPONSE: Objection. *See* General Objections No. 3. Without waiving this objection, Defendant states: The Chaffee County Sheriff's Department does not maintain a separate internal affairs file concerning Scott Glenn. Documentation from the internal investigation conducted by the Chaffee County Sheriff's Department concerning the Taser training incident on October 16, 2003, involving the Plaintiff was previously produced to the Plaintiff. *See* Park-Chaffee 0104-0143.

3. Any and all statements made by Defendants Scott Glenn and Timothy Walker or on their behalf related to the Taser training incident involving Plaintiff, whether those statements are written or oral.

RESPONSE: Objection. *See* General Objections Nos. 1, 2, 3, 5 and 7. Without waiving these objections, Defendant states: Audio tapes of interviews of Scott Glenn, Thomas Montoya,

Richard Holland, Douglas Kailey, Deborah Cole, John Brandon, Larry Asberry, and G. Pacheco have previously been produced. *See* Park-Chaffee 0149-0156. In addition, reports concerning the above statements that were part of the internal investigation conducted by the Chaffee County Sheriff's Department concerning the Taser incident on October 16, 2003, involving the Plaintiff were previously produced. *See* Park-Chaffee 0104-0143. Defendant has no other statements related to the incident of October 16, 2003, within its custody or control.

4. Copies of any and all correspondence, including emails, between Timothy Walker and any Chaffee County Sheriff deputy related to the Taser training incident involving Plaintiff.

**RESPONSE**: Objection. *See* General Objections Nos. 3 and 7. Without waiving these objections, Defendant states: All written communications between Sheriff Timothy Walker related to the Taser incident on October 16, 2003, involving the Plaintiff were previously produced or are being identified herewith.

5. Copies of any and all correspondence, including emails, between Timothy Walker and any Chaffee County Sheriff deputy related to the use of inmates during training procedures.

**RESPONSE**: Objection. *See* General Objections Nos. 3 and 7. Without waiving these objections, Defendant states: None. However, on February 5, 2004, Lieutenant Nick Leva issued a Memorandum to all jail staff regarding the use of inmates during training. *See* Park-Chaffee 0346.

6. Copies of any and all correspondence, including emails, between Timothy Walker and/or Scott Glenn, and Fred Wegener and/or any agent of the Park County Sheriff's department related to Plaintiff.

**RESPONSE**: Objection. *See* General Objections Nos. 3 and 7. Without waiving this objection, Defendant states: None.

7. Plaintiff's entire inmate file.

**RESPONSE**: Documents maintained by the Chaffee County Jail electronically concerning the Plaintiff is identified herewith. *See* Park-Chaffee 0305-0328. Plaintiff's inmate file has been requested and will be identified in a supplemental response to this Request for Production of Documents upon receipt by counsel for the Plaintiff.

8. If different from request for production #3 above, Plaintiff's entire medical file.

**RESPONSE**: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: Plaintiff's medical file maintained by the Chaffee County Jail will be produced to counsel for the Plaintiff upon the execution by the Plaintiff of an appropriate medical release pursuant to the Privacy Rules of the Health Insurance Portability and

Accountability Act of 1996 ("HIPPA"), Pub. L. 104-191, as interpreted in the applicable regulations by the United States Department of Health and Human Services. *See generally* 45 C.F.R. Part 160 and Part 164.

9. Any and all videotapes or sound recordings of interviews of Defendants Scott Glenn and Timothy Walker taken after the Taser training incident involving Plaintiff.

**RESPONSE**: *See* Response to Request for Production of Documents No. 3 above.

10. Any and all use of force or similar reports prepared in relation to the Taser training incident involving Plaintiff.

**RESPONSE**: None.

11. Any and all photographs, videotapes, sound recordings, or other audio or visual media taken or produced depicting the Taser training incident involving Plaintiff.

**RESPONSE**: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: No photographs, videotapes, sound recordings, or other audio or visual media exist depicting the Taser training incident of October 16, 2003, involving the Plaintiff.

12. Any and all photographs or videotapes depicting the scene of the Taser training incident involving Plaintiff.

**RESPONSE**: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: No photographs, videotapes, sound recordings, or other audio or visual media exist depicting the scene of the Taser training incident.

13. Any and all notes, transcripts, memoranda, or other documents related to any investigation performed by any Chaffee County employee of the Taser training incident involving Plaintiff.

**RESPONSE**: Objection. *See* General Objections Nos. 3 and 7. Without waiving these objections, Defendant states: Documentation from the internal investigation conducted by the Chaffee County Sheriff's Department concerning the incident involving the Plaintiff on October 16, 2003, has been previously produced. *See* Park-Chaffee 0104-0143.

14. Any and all written and oral statements of persons interviewed in connection with the Taser training incident involving Plaintiff.

**RESPONSE**: *See* Response to Request for Production of Documents No. 3 above.

15. All written, video and/or audio training materials related to the use of Tasers provided to Chaffee County jail deputies.

**RESPONSE**: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: Chaffee County is gathering the training materials utilized by David Platt and they will be identified in a supplemental response to this Request for Production of Documents upon receipt by counsel for the Defendant.

16. The Chaffee County Sheriff department's criteria for the issuance of Taser weapons to its jail deputies.

**RESPONSE**: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: The Chaffee County Sheriff's Department does not have any written criteria for the issuance of Tasers to Deputies working in the Chaffee County Jail. However, Deputies working in the Chaffee County Jail are not issued Tasers. Instead, one Taser is available in the control center for use by Deputies working the Chaffee County Jail who are certified on the use of a Taser. In addition, the use of a Taser by any Chaffee County Sheriff Deputy in the Chaffee County Jail is governed by the applicable use of force policies. *See* Park-Chaffee 0331-0342.

17. Any and all discharge logs and records of the Taser gun employed against Plaintiff during the Taser training incident, including, but not limited to, any discharge or other information downloaded from the device's Dataport.

**RESPONSE**: Objection. *See* General Objections Nos. 5 and 7. Without waiving these objections, Defendant states: The Taser utilized during the Taser training session on October 16, 2003, involving the Plaintiff was not owned by Chaffee County and was provided by David Platt. The Chaffee County Sheriff's Department does not have any records concerning any discharge information of the Taser.

18. Any and all documents, notes, memoranda, emails, or other materials related to Plaintiff's transfer from Chaffee County to Park County.

**RESPONSE**: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: *See* Park-Chaffee 0343-0345.

19. Any and all "kites" submitted by Plaintiff during his incarceration at the Chaffee County Jail.

**RESPONSE**: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: Any "kites" or Inmate Message Forms submitted by the Plaintiff during his incarceration at the Chaffee County Jail would be located in the Chaffee County Jail file for the Plaintiff. *See* Response to Request for Production of Documents No. 7 above.

20.     Any and all documents related to the Taser training incident involving Plaintiff generated by the Colorado Bureau of Investigation, the Federal Bureau of Investigation, the Department of Justice, the United States Attorney's Office, or other outside investigative agency.

**RESPONSE**: Objection. *See* General Objections Nos. 1, 5 and 7. Without waiving these objections, Defendant states:  Correspondence from Molly Walker, Deputy District Attorney from the Eleventh Judicial District concerning its investigation of the incident involving the Plaintiff during the Taser training on October 16, 2003, have been previously produced. *See* Park-Chaffee 0147-0148.

## **VERIFICATION**

_____
Nick Leva, Lieutenant and Jail Commander,
Chaffee County Sheriff's Department

COUNTY OF CHAFFEE    )
                     ) ss:
STATE OF COLORADO    )

I, Nick Leva have answered the above First Set of Interrogatories to the best of my information, knowledge and belief and based on documents maintained by the Chaffee County Sheriff's Department.

Sworn and acknowledged to before me on this 30 day of MAY, 2006, by Nick Leva.

Witness my hand and official seal.

[seal]

JACKSON L. MATNEY
NOTARY PUBLIC
STATE OF COLORADO

Notary Public  _Jackson L. Matney_

My commission expires: My Commission Expires August 16, 2009

Dated this 30th day of May 2006.

                        As to Objections and Responses to Requests for Production of Documents:

                        /s/ Andrew D. Ringel

                        Andrew D. Ringel, Esq.
                        Edmund M. Kennedy, Esq.
                        Hall & Evans, L.L.C.
                        1125 17th Street, Suite 600
                        Denver, CO 80202
                        303-628-3300
                        Fax: 303-293-3238
                        ringela@hallevans.com
                        kennedye@hallevans.com

                        ATTORNEYS FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, TIMOTHY WALKER, BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY AND FRED WEGENER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of May 2006, I mailed a true and correct copy of the foregoing **DEFENDANT BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO CHAFFEE COUNTY**, correctly addressed, postage prepaid, in the U.S. Mail to the following:

David A. Lane, Esq.
Marcel Krzystek, Esq.
Killmer & Lane, LLP
1543 Champa Street, Suite 400
Denver, Colorado 80202

David Platt
1115 E. Rainbow Blvd.
Salida, Colorado 81201-2913

Anthony Melonakis, Esq.
1660 Wynkoop Street, Suite 800
Denver, Colorado 80202

*/s/ Loree Trout*
Loree Trout