IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

    Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, in their official and individual capacities,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER, in his official and individual capacity,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN, in his official and individual capacity,
DAVID PLATT, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO, in their official and individual capacities,
PARK COUNTY SHERIFF FRED WEGENER, in his official and individual capacity.

    Defendants.
_____

## PLAINTIFF'S MOTION FOR EXTENSION OF TIME PURSUANT TO RULE 56(f) AND OTHER GROUNDS
_____

Plaintiff, Thomas Montoya, by and through his counsel, David A. Lane and Marcel Krzystek of KILLMER, LANE & NEWMAN, LLP, hereby moves for an extension of time in which to respond to Defendants' motion for summary judgment pursuant to FED.R.CIV.P. 56(f) and other grounds, and in support thereof states as follows:

### BACKGROUND AND PROCEDURAL HISTORY

1.    Plaintiff's Complaint alleges that in October of 2003, while he was incarcerated at the Chaffee County Jail, Defendants Glenn and Platt[1] ordered him to link his arms with Glenn and Platt, and that they then applied a Taser device on him as part of the Chaffee County

---

[1] David Platt has been dismissed as a Defendant from this case.

Sheriff's Taser training program, thereby causing him extensive pain and suffering and physical injuries.  In addition to the claim alleging excessive force based upon the Taser incident occurring in October 2003, Plaintiff also alleges that a conspiracy to violate his civil rights began at that time because Defendants Platt and Glenn conspired to cause him pain and suffering. Plaintiff further alleges that, when he complained of the mistreatment and alerted the media to it, the Defendants conspired to punish him by withholding medical treatment and transferring him to the Park County jail where he was put into punitive segregation.  Plaintiff alleges that the conspiracy to Taser him, deny him medical care and to punish him for complaining began at the time he was Tasered in October 2003 and continued until on or about April of 2004.  Plaintiff filed the instant Complaint on December 14, 2005.

2.      Prior to the discovery cutoff deadline, counsel for Plaintiff and Defendant Wegener, sheriff of Park County, had a dispute about the venue for his deposition.  Counsel for Plaintiff noticed Wegener's deposition in Denver for July 19, 2006.  Wegener refused to travel to Denver and responded by filing a motion seeking a protective order **[51]** on July 14.  Plaintiff responded **[54]** on July 18, and Wegener replied **[55]** that same day.  The Magistrate Judge granted Defendant Wegener's motion for protective order **[56]** on the afternoon of July 18, and the deposition of Wegener, scheduled to commence the following morning, was cancelled by plaintiff's counsel.

3.      On July 28, 2006, Plaintiff filed *Plaintiff's Objection to Magistrate Judge's Order Pursuant to 28 U.S.C. § 636 and Fed.R.Civ.P. 72(a)* **[59]**.  In that objection, Plaintiff asks this Court to reverse the Magistrate Judge's granting the protective order.  Defendants filed a response on August 7 **[66]**.

4. Furthermore, on August 1, Plaintiff filed a *Motion to Modify Scheduling Order* **[61]** seeking to extend the discovery cutoff deadline for the purpose of taking two outstanding depositions, one of which being that of Defendant Wegener. Defendants filed a response to that motion **[65]** indicating that they had no objection to such extension for the purpose of taking Defendant Walker's deposition, but that they did object to an extension for the purpose of taking Defendant Wegener's deposition. That motion was referred to the Magistrate Judge on August 1 **[62]**.

5. Neither Plaintiff's *Plaintiff's Objection to Magistrate Judge's Order Pursuant to 28 U.S.C. § 636 and Fed.R.Civ.P. 72(a)* **[59]** or his motion to modify scheduling order **[61]** have been ruled upon as of the date of the filing of the instant motion.

6. On August 14, Defendants filed their motion for summary judgment **[67]**. Plaintiff asks this court for a continuance, based on two independent grounds, for responding to such motion.

### THIS COURT SHOULD GRANT PLAINTIFF A CONTINUANCE UNDER RULE 56(f)

7. Rule 56(f) provides as follows:

> **When Affidavits Are Unavailable**. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

8. "[T]he Supreme Court has held that, under Fed. R. Civ. P. 56(f), 'summary judgment [should] be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition.'" *Dreiling v. Peugeot Motors of Am., Inc.*, 850

F.2d 1373, 1376 (10th Cir. 1988), *quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, 106 S. Ct. 2505, 91 L.Ed. 2d 202 (1986).

9. This protection "arises only if the nonmoving party files an affidavit explaining why he or she cannot present facts to oppose the motion." *Guthrie v. Sawyer*, 970 F.2d 733, 738 (10th Cir. 1992). Such affidavit must explain "why facts precluding summary judgment cannot be presented. This includes identifying the probable facts not available and what steps have been taken to obtain these facts." *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992). "The nonmovant must also explain how additional time will enable him to rebut the movant's allegations of no genuine issue of material fact." *Id.* The Tenth Circuit has noted that a summary judgment movant's exclusive control of information "is a factor favoring relief under Rule 56(f)." *Bliss v. Franco*, 446 F.3d 1036, 1042 (10th Cir. 2006).

10. "Unless dilatory or lacking in merit, the motion should be liberally treated." *Committee for First Amendment v. Campbell*, 962 F.2d 1517, 1522 (10th Cir. 1992), *citing* James W. Moore & Jeremy C. Wicker, *Moore's Federal Practice* para. 56.24 (1988). Continuances granted under Rule 56(f) are "designed to safeguard against a premature or improvident grant of summary judgment." *Pasternak v. Lear Petroleum Exploration, Inc.*, 790 F.2d 828, 833 (10th Cir. 1986). Because of the general policy strongly favoring discovery of all relevant facts, in most cases "denying the right to have full discovery on all pertinent issues before a summary judgment is granted would be error, particularly in the face of a Rule 56(f) affidavit." *Miller v. U.S. Dep't of Transp.*, 710 F.2d 656, 666 (10th Cir. 1983).

11. Plaintiff's second claim for relief is for conspiracy to violate his civil rights. Specifically, Plaintiff alleges that, when he complained of the Tasering and alerted the media, the Defendants, including Walker and Wegener, conspired to punish him by withholding medical

4

treatment and transferring him to the Park County jail where he was put into punitive segregation.

12. Through the discovery and depositions that have been conducted, Plaintiff has learned that Chaffee County Sheriff Walker directed his Undersheriff, Nick Leva, to arrange the transfer of Plaintiff to Park County shortly after Walker learned that Plaintiff had been Tasered and that a Denver Post article about the episode had been published.  Defendant Walker, in his deposition, denied that he conspired to violate Plaintiff's civil rights and denied that he had any contact with any Park County official about Plaintiff's custody or treatment.  Nick Leva was not deposed.

13. Probable facts that are unavailable that will enable Plaintiff to rebut the Defendants' allegations of no genuine issue of material facts can be obtained from Defendant Wegener.  Specifically, Defendant Wegener can testify about the following facts: (1) the reasons provided by Chaffee County or its sheriff's department justifying the transfer of Plaintiff to Park County; (2) the identities of any Chaffee County officials with whom he discussed the transfer of the Plaintiff; (3) the substance of any communications that he had with any Chaffee County official related to the transfer of Plaintiff; (4) the substance of any communications that he had with any Chaffee County official related to the conditions of Plaintiff's confinement while at Park County; (5) Park County Jail procedures regarding inmate classification; (6) Park County Jail procedures regarding the provision of medical care and treatment to its inmates; and (7) why Plaintiff was placed into segregation at Park County (when he had not been in Chaffee County).

14. Defendants are now requesting that this Court summarily judge this action. Plaintiff, however, needs to conduct the deposition of Defendant Wegener in order to prove his conspiracy claim.

15.     Plaintiff requests that the Court grant Plaintiff an additional thirty (30) days after the entry of an order on this motion in which to conduct Defendant Wegener's deposition. Plaintiff then requests that the Court grant Plaintiff an additional twenty (20) days after that thirty day discovery window in which to file a response to Defendants' motion for summary judgment.

### IN THE EVENT THE COURT DENIES PLAINTIFF'S MOTION FOR CONTINUANCE PURSUANT TO RULE 56(f), IT SHOULD NEVERTHELESS GRANT A CONTINUANCE ON OTHER GROUNDS

16.     Notwithstanding incomplete discovery as detailed above, counsel has begun preparation of the response to Defendants' motion for summary judgment. However, undersigned counsel, who is primarily responsible for the preparation of the response, will be out of the country from September 2 through 10, inclusive. A response to Defendants' motion is presently due September 4.

17.     In addition to the response to the instant motion, the following commitments are also consuming substantial amounts of time that will render responding to Defendants' motion for summary judgment nearly impossible without an extension:

    a.     A response to a motion to dismiss, based upon *Garcetti v. Ceballos*, 126 S. Ct. 1951 (2006) in *Rohrbough v. University of Colorado Hospital Authority*, 06-cv-00995-REB-MJW, is due September 4;

    b.     A response to a motion for summary judgment in *Burke v. Nittman*, 05-cv-1766-WYD-PAC is due August 28; one motion for extension has been granted;

    c.     A Final Pretrial Order in *Janka v. Brooks*, 05-CV-02023-MSK-PAC is due September 8;

    d.     A criminal motions hearing in *People v. Oberpriller*, Jefferson County Court, 05-T-16041 on August 31 that will require substantial preparation.

6

18. Furthermore, lead counsel, David Lane, will be out of state from Tuesday August 29 through Sunday, September 3. His absence will render him unable to participate in the preparation of the response, and it will also require associate counsel to cover all court appearances the week of August 28. Those court appearances include *People v. Douglas*, Weld County Court, 06-M-660, set for a pretrial conference on the morning of August 29; *Spagnuolo v. Longmont*, *et al.*, 05-cv-729-WDM-CBS, set for status conference morning of August 31; *People v. Oberpriller*, Jefferson County Court, 05-T-16041, set for motions hearing on the afternoon of August 31; *People v. Freeman*, Denver District Court, 05-F-07640, set for arraignment morning of September 1. Each of these court appearances impairs counsel's ability to prepare the response on or before September 4.

19. No trial date has been set in this matter, and no party will be prejudiced should this motion be granted.

20. No previous extensions of this deadline have been sought or granted.

21. Plaintiff therefore requests that, in the event the Court denies a motion for continuance pursuant to Rule 56(f) as requested above, it nevertheless grant an extension up to and including **September 29, 2006**, in which to file a response to Defendants' motion for summary judgment.

## D.C.COLO.L.CIV.R. 7.1A CERTIFICATION

22. On August 24, 2006, undersigned counsel contacted Anthony Melanokis, Esq., counsel for Defendant Glenn, and Andrew Ringel, Esq., counsel for the remaining Defendants. Mr. Melanokis and Mr. Ringel indicated that they **do** object to a continuance pursuant to Fed.R.Civ.P. 56(f), but that they **do not** object to a general continuance on the basis of the other grounds identified in this motion.

7

### D.C.COLO.L.CIV.R. 6.1D CERTIFICATION

23. As is indicated in the Certificate of Service below, a copy of this motion is served upon the Plaintiff and all counsel.

WHEREFORE, Plaintiff respectfully moves the Court to grant a continuance pursuant to Fed.R.Civ.P. 56(f) for the purpose of completing discovery, or, in the alternative, to grant a continuance up to and including September 29, 2006 in which to file a response to Defendants' motion for summary judgment.

Respectfully submitted this 28th day of August, 2006.

KILLMER, LANE & NEWMAN LLP

s/ Marcel Krzystek

David A. Lane
Marcel Krzystek
1543 Champa St., Suite 400
Denver, Colorado 80202
(303) 571-1000
dlane@killmerlane.com
mkrzystek@killmerlane.com
Attorneys for Plaintiff

### CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2006, I electronically filed the foregoing **PLAINTIFF'S MOTION FOR EXTENSION OF TIME PURSUANT TO RULE 56(f) AND OTHER GROUNDS** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following e-mail addresses

- **Edmund Martin Kennedy**
kennedye@hallevans.com wilsonm@hallevans.com;cmecf@hallevans.com
- **Marcel Krzystek**
mkrzystek@killmerlane.com m.krzystek@gmail.com
- **David Arthur Lane**
dlane@killmerlane.com hholtschneider@killmerlane.com
- **J. Barry Meinster**
bmeinster@meinster.com
- **Anthony Melonakis**
a_melonakis@hotmail.com

8

- **Andrew David Ringel**
  ringela@hallevans.com troutl@hallevans.com;cmecf@hallevans.com

and I hereby certify that I have mailed or served the document or paper to the following participants in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

Thomas Montoya
902 Greenwood Ave. #6     (via U.S. mails)
Canon City, CO 81212

                                KILLMER, LANE & NEWMAN, LLP

                                s/ Marcel Krzystek
                                _____
                                Marcel Krzystek
                                KILLMER, LANE & NEWMAN, LLP
                                1543 Champa Street, Suite 400
                                Denver, CO 80202
                                Telephone (303) 571-1000
                                mkrzystek@killmerlane.com