IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

    Plaintiff,

vs.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, in their official and individual capacities,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER, in his official and individual capacity,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN, in his official and individual capacity,
DAVID PLATT, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO, in their official and individual capacities,
PARK COUNTY SHERIFF FRED WEGENER, in his official and individual capacity.

    Defendants.

---

## AFFIDAVIT OF MARCEL KRZYSTEK IN SUPPORT OF PLAINTIFF'S MOTION FOR EXTENSION OF TIME PURSUANT TO RULE 56(f)

---

I, Marcel Krzystek, declare that the following is a true and accurate statement:

1.     I am associate counsel for Plaintiff in this matter.

2.     Counsel for Plaintiff noticed Wegener's deposition at the office of Plaintiff's counsel in Denver for July 19, 2006.

3.     I was advised through his counsel that Defendant Wegener refused to travel to Denver for the purpose of being deposed. Defendant Wegener sought and was granted a protective order.

4.	After learning that the Magistrate Judge had granted Defendant Wegener's motion for protective order, counsel for Plaintiff elected to cancel the deposition (which was scheduled for the following morning) rather than travel to Salida to conduct the deposition.

5.	Plaintiff's second claim for relief is for conspiracy to violate his civil rights. Specifically, Plaintiff alleges that, when he complained of the Tasering and alerted the media, the Defendants, including Walker and Wegener, conspired to punish him by withholding medical treatment and transferring him to the Park County jail where he was put into punitive segregation.

6.	Through the discovery and depositions that have been conducted, Plaintiff has learned that Chaffee County Sheriff Walker directed his Undersheriff, Nick Leva, to arrange the transfer of Plaintiff to Park County shortly after Walker learned that Plaintiff had been Tasered and that a Denver Post article about the episode had been published. Defendant Walker, in his deposition, denied that he conspired to violate Plaintiff's civil rights and denied that he had any contact with any Park County official about Plaintiff's custody or treatment. Nick Leva was not deposed.

7.	Plaintiff's objection to the Magistrate Judge's order, as well as the motion to modify scheduling order, have not yet been ruled upon. As a result, Defendant Wegener has not yet been deposed.

8.	Probable facts that are unavailable that will enable Plaintiff to rebut the Defendants' allegations of no genuine issue of material facts can be obtained from Defendant Wegener. Specifically, Defendant Wegener can testify about the following facts: (1) the reasons provided by Chaffee County or its sheriff's department justifying the transfer of Plaintiff to Park County; (2) the identities of any Chaffee County officials with whom he discussed the transfer of

the Plaintiff; (3) the substance of any communications that he had with any Chaffee County official related to the transfer of Plaintiff; (4) the substance of any communications that he had with any Chaffee County official related to the conditions of Plaintiff's confinement while at Park County; (5) Park County Jail procedures regarding inmate classification; (6) Park County Jail procedures regarding the provision of medical care and treatment to its inmates; and (7) why Plaintiff was placed into segregation at Park County (when he had not been in Chaffee County).

7. Defendants are now requesting that this Court summarily judge this action. Plaintiff, however, needs to conduct the deposition of Defendant Wegener in order to prove his conspiracy claim.

8. For these reasons, Plaintiff requires further discovery in order to be able to completely and fully respond to Defendants' motion for summary judgment and enable the Court to resolve the matter on its merits.

_____
Marcel Krzystek

DENVER COUNTY      )
                   )   ss
STATE OF COLORADO  )

The foregoing was signed and sworn to before me on this the 28th day of August, 2006.

My commission expires 9/16/2006.

[SEAL]

_____
Notary Public

KIMBERLY J. WIGHTMAN
Notary Public
State of Colorado

3