IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

      Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN,
DAVID PLATT,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO,
PARK COUNTY SHERIFF FRED WEGENER,

      Defendants.

---

**RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME
PURSUANT TO RULE 56(f)**

---

Defendants Board of County Commissioners of Chaffee County, Colorado, Timothy Walker, Board of County Commissioners of Park County, Colorado, and Fred Wegener, by and through their counsel, Andrew D. Ringel, Esq. and Edmund M. Kennedy, Esq. of Hall & Evans, L.L.C., hereby submit this Response to Plaintiff's Motion for Extension of Time Pursuant to Rule 56(f), as follows:

1.    Plaintiff's Motion for Extension of Time Pursuant to Rule 56(f) ("Plaintiff's Motion") requests an extension of time to respond to Defendants' Motion for Summary Judgment. Plaintiff advances two grounds for the granting of the extension. [*See* Plaintiff's Motion at 3 & 6, Docket No. 68]. Defendants only object to the granting of the extension of time pursuant to Rule 56(f).

2.      As cited in Plaintiff's Motion, under Rule 56(f), summery judgment should "be refused where the nonmoving party has not had the *opportunity to discover information* that is *essential* to his opposition. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, n. 5 (1986) (emphases added).

3.      On July 18, 2006, this Court granted Defendant Wegener's Motion for Protective Order and ordered the deposition of Sheriff Wegener scheduled for July 19, 2006, to occur in Fairplay, Colorado, instead of in Denver, Colorado, where Plaintiff had noticed the deposition. [*See* Minute Order, 7/18/06, Docket No. 56].   Following this Court's Minute Order concerning Sheriff Wegener's deposition, counsel for Plaintiff unilaterally cancelled Sheriff Wegener's deposition rather than holding it in Fairplay, Colorado on the date it was scheduled and that had been cleared on the calendars of all counsel and Sheriff Wegener.   Moreover, the deposition of David Platt, also scheduled for July 19, 2006, could have also occurred in Fairplay, Colorado, to allow both the depositions of Sheriff Wegener and Mr. Platt to be taken on July 19, 2006, as scheduled.   [*See* Reply in Support of Motion for Protective Order from Defendant Wegener, and Request for Expedited Ruling, 7/18/06, Docket No. 55].   Rather than conducting both depositions in Fairplay, Colorado on July 19, 2006, counsel for Plaintiff chose to cancel Sheriff Wegener's deposition and conduct Mr. Platt's deposition in Denver, Colorado on July 19, 2006.

4.      Plaintiff's unilateral decision not to conduct Sheriff Wegener's deposition on July 19, 2006, in light of this Court's ruling that Sheriff Wegener's deposition should occur in Fairplay, Colorado, does not establish that Plaintiff has not had the opportunity to discover the desired information but, rather, establishes that Plaintiff did in fact have the opportunity to depose Sheriff Wegener and simply refused to do so.   *See First National Bank of Arizona v.*

*Cities Service Co.*, 391 U.S. 253, 298 (1968) (determining that the denial of a continuance under Rule 56(f) was proper based on the fact that the nonmoving party had conducted sufficient discovery and otherwise had ample opportunity to obtain further information prior to the submission of the request for continuance).

5.      Additionally, Plaintiff's claims as to what essential information he expects to elicit from Sheriff Wegener's testimony is belied by the information already obtained through the extensive discovery completed.   Plaintiff first contends that Sheriff Wegener can provide essential information concerning "the reasons provided by Chaffee County and its sheriff's department justifying the transfer of Plaintiff to Park County."   [*See* Affidavit of Marcel Krzystek in Support of Plaintiff's Motion for Extension of Time pursuant to Rule 56(f), ¶ 8]. Both Chaffee County and Park County have already provided this information to Plaintiff.   [*See* Defendant Board of County Commissioners of Park County's Responses to Interrogatories, p. 4, Nos. 3 and 4, attached hereto as Exhibit A; Defendant Board of County Commissioners of Chaffee County's Responses to Interrogatories, p. 5, Nos. 5 through 7, attached hereto as Exhibit B].   Sheriff Wegener can provide no further essential information concerning the reasons for the transfer other than what has already been provided to Plaintiff.

6.      Plaintiff next asserts that Sheriff Wegener can provide essential information concerning "the identities of any Chaffee County officials with whom he discussed the transfer of the Plaintiff," the "substance of any communications that [Sheriff Wegener] had with any Chaffee County official related to the transfer of Plaintiff" and the "substance of any communications that [Sheriff Wegener] had with any Chaffee County official related to the conditions of Plaintiff's confinement"   [*See* Affidavit of Marcel Krzystek in Support of

Plaintiff's Motion for Extension of Time pursuant to Rule 56(f), ¶ 8]. Plaintiff asserts a conspiracy between Defendants Scott Glenn, Sheriff Walker and Sheriff Wegener. Presumably, the essential information Plaintiff seeks concerning discussions with Chaffee County officials is to attempt to prove the alleged conspiracy between these three individuals. Sheriff Walker and Scott Glenn have both testified under oath that neither of them has ever had any conversation with Sheriff Wegener concerning Plaintiff, and both Chaffee County and Park County have provided information concerning all communications between Chaffee County and Park County about Plaintiff which verifies that Sheriff Wegener had no communications with anyone at Chaffee County concerning Plaintiff at all. [*See* Scott Glenn Deposition, pp. 118 & 119, attached hereto as Exhibit C; Defendant Board of County Commissioners of Park County's Responses to Interrogatories, p. 4, No. 4, attached hereto as Exhibit A; Defendant Board of County Commissioners of Chaffee County's Responses to Interrogatories, p. 5, No. 5, attached hereto as Exhibit B].

7.     Plaintiff finally asserts that Sheriff Wegener can provide essential information concerning "Park County Jail procedures regarding inmate classification," procedures "regarding the provision of medical care and treatment" of inmates, and "why Plaintiff was placed into segregation at Park County." All essential information concerning these issues has already been provided by Park County in response to Plaintiff's written discovery requests. [*See* Defendant Board of County Commissioners of Park County's Responses to Interrogatories, pp. 4 & 5, Nos. 2 through 8, attached hereto as Exhibit A].

8.     Accordingly, Plaintiff has failed to establish that he has not had the opportunity to discover information or that the information sought, pursuant to Rule 56(f), is essential to his

opposition of Defendants' Motion for Summary Judgment. *See **Anderson***, 477 U.S. at 250, n. 5 (the nonmoving party must establish that the information sought was not obtainable prior to the submission of summary judgment and that the information is essential to the nonmoving party's opposition to the summary judgment motion). As such, Plaintiff's request for a continuance pursuant to Rule 56(f) must be denied by this Court.

WHEREFORE, for all of the foregoing reasons, Defendants Board of County Commissioners of Chaffee County, Timothy Walker, Board of County Commissioners of Park County, and Fred Wegener respectfully request this Court deny Plaintiff's Motion for an extension of time pursuant to Rule 56(f), and for all other and further relief as this Court deems just and appropriate.

Dated this 18th day of September 2006.

Respectfully submitted,

s/Edmund M. Kennedy
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
of HALL & EVANS, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202
Phone:  (303) 628-3300
Fax:    (303) 293-3238
ringela@hallevans.com
kennedye@hallevans.com
**ATTORNEYS FOR
DEFENDANTS BOARD OF
COUNTY COMMISSIONERS
OF CHAFFEE COUNTY,
TIMOTHY WALKER,
BOARD OF COUNTY
COMMISSIONERS OF
PARK COUNTY, AND FRED
WEGENER**

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of September 2006, I electronically filed the foregoing **RESPONSE TO PLAINTIFF'S MOTION FOR EXTENSION OF TIME PURSUANT TO RULE 56(f)** with the Clerk of Court using the CM/EFC system which will send notification of such filing to the following e-mail addresses:

David A. Lane, Esq.
dlane@killmerlane.com

Marcel Krzystek, Esq.
mkrzystek@killmerlane.com

Anthony Melonakis, Esq.
a_melonakis@hotmail.com

Barry Meinster, Esq.
bmeinster@meinster.com

s/Marlene Wilson, Secretary to
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
of HALL & EVANS, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202
Phone: (303) 628-3300
Fax:     (303) 293-3238
ringela@hallevans.com
kennedye@hallevans.com
**ATTORNEYS FOR DEFENDANTS**
**BOARD OF COUNTY**
**COMMISSIONERS**
**OF CHAFFEE COUNTY, TIMOTHY**
**WALKER, BOARD OF COUNTY**
**COMMISSIONERS OF**
**PARK COUNTY, AND FRED**
**WEGENER**