IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

    Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO, in their official and individual capacities,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER, in his official and individual capacity,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN, in his official and individual capacity,
DAVID PLATT, in his official and individual capacity,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO, in their official and individual capacities,
PARK COUNTY SHERIFF FRED WEGENER, in his official and individual capacity.

    Defendants.

---

**DEFENDANT BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO PARK COUNTY**

---

Defendant Board of County Commissioners of Park County, Colorado (hereinafter "Defendant"), by and through its counsel, Andrew D. Ringel, Esq. and Edmund M. Kennedy, Esq. of Hall & Evans, L.L.C., pursuant to Rules 33 and 34 of the Federal Rules of Civil Procedure, hereby responds to plaintiff's First Set of Interrogatories and Requests for Production of Documents as follows:

## AVAILABILITY OF DOCUMENTS

Any documents responsive to the Plaintiff's Requests for Production of Documents not already produced are available for inspection by counsel for the Plaintiff at the law offices of counsel for this Defendant at a mutually agreeable date and time. Counsel for the Defendant will make copies of any documents at the Plaintiff's expense upon the request of counsel for the

**EXHIBIT A**

Plaintiff. In addition, counsel for this Defendant will make copies of any documents at the request of any other party at the expense of that party.

## PRELIMINARY STATEMENT

Plaintiff's First Set of Interrogatories and Requests for Production of Documents to Defendant Park County are directed at "Park County." "Park County" is not a Defendant in this action. Defendant Board of County Commissioners of Park County assumes that the Plaintiff's First Set of Interrogatories and Requests for Production of Documents are directed at it because the Board of County Commissioners of Park County governs Park County and is the legal entity who may be sued on behalf of Park County. *See* C.R.S. § 30-11-105.

Defendant Board of County Commissioners of Park County's General Objections to Plaintiff's First Set of Interrogatories and Requests for Production of Documents are set forth below. To avoid the necessity of restating each objection in full, these General Objections are incorporated within each Response where applicable. The assertion of additional specific objections to certain of the Interrogatories and Requests for Production of Documents shall not waive or be construed to waive any applicable General Objection.

In addition, Defendant's response to each Interrogatory and Request for Production of Documents shall not waive any right to challenge the relevance, materiality, or admissibility of the information or documents provided, or to object to the use of the information or documents in any subsequent proceeding including the trial in this matter. Defendant's search for information is ongoing and its responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents are based on information known to the Defendant at this time only. Defendant specifically reserves its right to supplement or amend its responses at any time pursuant to the Federal Rules of Civil Procedure.

## PRELIMINARY OBJECTION

Defendant objects to the definitions and instructions contained in Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent said definitions and instructions purport to impose additional duties and responsibilities other than those required by the Federal Rules of Civil Procedure.

## GENERAL OBJECTIONS

1. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they seek information and/or documents protected from disclosure by the attorney-client privilege, work product doctrine, the required reports privilege, the trade secrets privilege, the accountant-client privilege, or any other recognized privilege under federal or Colorado law.

2. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they seek information and/or documents concerning Defendant's contentions or positions regarding legal issues in this action and as being overbroad and premature because discovery in this action is ongoing. In addition, Defendant will comply with all of the disclosure requirements of Fed. R. Civ. P. 26, the Scheduling Order entered in this case, and all other applicable deadlines of the Federal Rules of Civil Procedure.

3. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they seek information and/or documents that would violate any constitutional, statutory, or common law privacy interest or privilege of any current or former employee, representative, agent, client, customer, or user of the products or services of Defendant.

4. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they seek information and/or documents that are neither relevant in that there is no logical nexus between the requested information and/or documents and the issues and controversies between the parties alleged with particularity in the pleadings, nor likely to lead to the discovery of admissible evidence.

5. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they are unduly burdensome and oppressive in that the burden and expense to Defendant in locating and producing such information and/or documents outweighs its likely benefit, especially with respect to such information and/or documents which may be as readily obtained by the Plaintiff from other sources.

6. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they are overbroad and seek information and/or documents without proper limit to their subject matter and impose obligations on Defendant greater than those provided by the applicable rules and law.

7. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they are vague and ambiguous, and thus likely to lead to confusing, misleading, inaccurate, or incomplete responses.

8. Defendant objects to Plaintiff's First Set of Interrogatories and Requests for Production of Documents to the extent they seek information and/or documents which are as equally available to the Plaintiff as to Defendant pursuant to Fed. R. Civ. P. 33(d).

## INTERROGATORIES

1. Identify each Park County Sheriff deputy who had contact with Plaintiff.

**RESPONSE**: Objection. *See* General Objections Nos. 5 and 7. Without waiving these objections, Defendant states: A copy of the Park County Jail file for the Plaintiff Thomas

3

Montoya has previously been produced to the Plaintiff. *See* Park-Chaffee 0001-0103. The only record of any contact between any Deputy Sheriff of Park County and the Plaintiff during his incarceration in the Park County Jail would be found in the Park County Jail file for the Plaintiff.

2. State the date that Plaintiff was transferred from Chaffee County to Park County and the reason(s) for the transfer.

**RESPONSE**: Objection. *See* General Objections Nos. 5 and 7. Plaintiff Thomas Montoya arrived at the Park County Jail on February 3, 2004, from the Chaffee County Jail. Mr. Montoya was incarcerated at the Park County Jail at the request of the Chaffee County Sheriff's Department. Other than its agreement to incarcerate Mr. Montoya, Park County did not make the decision to transfer Mr. Montoya from the Chaffee County Jail.

3. State what instructions, if any, were provided by any agent and/or deputy of the Chaffee County Sheriff's department to any agent of the Park County Sheriff's Department regarding the custody of Plaintiff.

**RESPONSE**: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: Chaffee County Jail Commander Nick Leva telephoned Park County Jail Administrator Monte Gore and requested the Park County Jail hold Plaintiff Thomas Montoya. Mr. Leva explained to Mr. Gore that the reason for the transfer was so there could not be any allegations of retaliation or other inappropriate behavior by Chaffee County Jail officials because of Mr. Montoya's allegations and potential claims against Chaffee County as a result of an incident involving a Taser at the Chaffee County Jail involving Mr. Montoya. Mr. Leva also informed Mr. Gore that Mr. Montoya was previously a Sergeant with the Colorado Department of Corrections.

4. Describe in detail any communication(s) between Timothy Walker and/or Scott Glenn, and Fred Wegener and/or any agent of the Park County Sheriff's department related to Plaintiff.

**RESPONSE**: Objection. *See* General Objection No. 7. Defendant is unaware of any communication between Timothy Walker and Fred Wegener or any other employee of the Park County Sheriff's Department concerning Plaintiff Thomas Montoya. Defendant is also unaware of any communication between Scott Glenn and Fred Wegener or any other employee of the Park County Sheriff's Department concerning Plaintiff Thomas Montoya. *See* Response to Interrogatory No. 3 above.

5. Describe Plaintiff's security classification while incarcerated at the Park County Jail and the reason(s) for such classification. If Plaintiff's security classification changed during the course of his incarceration, please state the date and nature of the change.

**RESPONSE**: Objection. *See* General Objections Nos. 5 and 7. Without waiving these objections, Defendant states: Plaintiff did not have any particular "security classification" during

4

his incarceration at the Park County Jail. During his incarceration, Plaintiff had different housing classifications and was housed in different parts of the Park County Jail during different times during his incarceration. Plaintiff's various housing assignments are reflected on the Housing History for the Plaintiff. *See* Park-Chaffee 0004-0005.

6. State whether or not Plaintiff was ever in "lockdown" status while incarcerated at the Park County Jail, and, if so, the reason for the lockdown status.

**RESPONSE**: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: The Park County Jail does not place inmates in a "lockdown" status other than when the entire facility is in lockdown for security or other reasons. During the time Plaintiff was incarcerated at the Park County Jail he was placed in a segregation cell, a housing cell, and a body search cell at different times. The Housing History for the Plaintiff indicates the Plaintiff was in segregation from February 3, 2004, to February 19, 2004, and from February 23, 2004, through March 18, 2004. During these periods of time, Plaintiff was placed in these cells for his own safety due to the fact that he was previously a corrections officer with the Colorado Department of Corrections and the Park County Jail houses individuals for the Colorado Department of Corrections.

7. If the response to Interrogatory #6 above is in the affirmative, identify the individual who made the decision to place Plaintiff in lockdown status.

**RESPONSE**: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: The Park County Jail does not place inmates in a "lockdown" status other than when the entire facility is in lockdown for security or other reasons. The decision to place the Plaintiff in protective custody was made by Park County Jail Administrator Monte Gore in consultation with Sergeant Dan Muldoon.

8. Describe the terms and conditions of confinement for an inmate in lockdown status at the Park County Jail.

**RESPONSE**: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: The Park County Jail does not place inmates in a "lockdown" status other than when the entire facility is in lockdown for security or other reasons.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Copies of any and all correspondence, including emails, between Timothy Walker and/or Scott Glenn, and Fred Wegener and/or any agent of the Park County Sheriff's department related to Plaintiff.

**RESPONSE:** Defendant is not aware of any correspondence, including emails, between Timothy Walker and Fred Wegener or any other employee of the Park County Sheriff's Department related to the Plaintiff. Defendant is also not aware of any correspondence,

including emails, between Scott Glenn and Fred Wegener or any other employee of the Park County Sheriff's Department related to the Plaintiff. Any correspondence between the Chaffee County Sheriff's Department and the Park County Sheriff's Department related to the Plaintiff would be located in the Park County Jail file for the Plaintiff. *See* Park-Chaffee 0001-0103.

2. Plaintiff's entire inmate file.

**RESPONSE**: Plaintiff's inmate file maintained by the Park County Jail has been previously produced to the Plaintiff. *See* Park-Chaffee 0001-0103.

3. If different from request for production #3 above, Plaintiff's entire medical file.

**RESPONSE**: Plaintiff's medical file maintained by the Park County Jail is identified herewith. *See* Park-Chaffee 0157-0159.

4. Any and all photographs or videotapes depicting the cell(s) in which Plaintiff was housed during his incarceration at the Park County Jail.

**RESPONSE**: None.

5. Any and all "kites" submitted by Plaintiff during his incarceration at the Park County Jail.

**RESPONSE**: Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: Any "kites" or Grievance Forms submitted by the Plaintiff during his incarceration at the Park County Jail would be located in the Park County Jail file for the Plaintiff. *See* Park-Chaffee 0001-0103.

6. Any and all Park County Jail policies related to the security classification of inmates, including policies related to if and when an inmate is to be placed in lockdown status.

**RESPONSE:** Objection. *See* General Objections No. 7. Without waiving this objection, Defendant states: The policies and procedures of the Park County Jail applicable to the segregation units in the Park County Jail are identified herewith. *See* Park-Chaffee 0160-0167.

7. Any and all documents, notes, memoranda, emails, or other materials related to Plaintiff's transfer from Chaffee County to Park County.

**RESPONSE**: Any documents, notes, memoranda, emails, or other materials related to Plaintiff's transfer from the Chaffee County Jail to the Park County Jail would be located in the Park County Jail file for the Plaintiff. *See* Park-Chaffee 0001-0103.

6

Case 1:05-cv-02533-EWN-MJW   Document 74-1   Filed 09/15/06   USDC Colorado   Page 7 of 9

05/30/2006 16:25 7495854113 PARK COUNTY SHERIFF PAGE 05/08
2006/MAY/26/FRI 03:48 PM  Hall & Evans LLC    FAX No. 303 293 3238    P. 006

## VERIFICATION

_____
Monte Gore, Undersheriff of Park County

COUNTY OF PARK   )
                 ) ss:
STATE OF COLORADO )

I, Monte Gore, Undersheriff of Park County, have answered the above First Set of Interrogatories to the best of my information, knowledge and belief and based on the records maintained by the Park County Jail.

Sworn and acknowledged to before me on this 30th day of May 2006, by Monte Gore, Undersheriff of Park County.

Witness my hand and official seal.

[seal]

_____
Notary Public

My commission expires: 03-06-07

Dated this 30th day of May, 2006.

Respectfully Submitted,

As to Objections and Responses to Requests for Production of Documents:

*[signature]*

Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202
303-628-3453
Fax: 303-293-3238
ringela@hallevans.com
kennedye@hallevans.com

ATTORNEYS FOR DEFENDANTS BOARD OF COUNTY COMMISSIONERS OF CHAFFEE COUNTY, TIMOTHY WALKER, BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY, AND FRED WEGENER

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 30th day of May 2006, I mailed a true and correct copy of the foregoing **DEFENDANT BOARD OF COUNTY COMMISSIONERS OF PARK COUNTY'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**, correctly addressed, postage prepaid, in the U.S. Mail to the following:

David A. Lane, Esq.
Marcel Krzystek, Esq.
Killmer, Lane & Newman, LLP
1543 Champa Street, Suite 400
Denver, CO 80202
dlane@killmerland.com

Anthony Melonakis, Esq.
1660 Wynkoop Street, Suite 800
Denver, CO 80202
a_melonakis@hotmail.com

David Platt
1115 E. Rainbow Blvd.
Salida, CO 81201-2913

*Loree Trout*
Loree Trout

H:\Users\RINGELA\park\Montoya, Thomas\Discovery\Park's response to 1st Set of Discovery.doc