LEXSEE 147 FED. APPX. 716

**DALE E. McCORMICK, Plaintiff-Appellant, v. KEN FARRAR; BRANDON NELSON; JOSEPH MORRISON; SUTAGEE ANGLIN; JASON GREMS; JEREMY KLINE; TIRSA OTERO-VERDEJO; GARY BUNTING; ERIC SPURLING; RYAN ROBINSON; LOREN ANDERSON, in his official capacity as Sheriff, Defendants-Appellees.**

No. 03-3131

**UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT**

**147 Fed. Appx. 716; 2005 U.S. App. LEXIS 18801**

**August 30, 2005, Filed**

**NOTICE: [**1]** RULES OF THE TENTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

**SUBSEQUENT HISTORY:** Costs and fees proceeding at, Sanctions disallowed by, Motion denied by McCormick v. Farrar, 2006 U.S. Dist. LEXIS 30545 (D. Kan., May 10, 2006)

**PRIOR HISTORY:** (D.C. No. 02-CV-2037-GTV). (D. Kan.). McCormick v. Farrar, 2003 U.S. Dist. LEXIS 5066 (D. Kan., Mar. 20, 2003)

**COUNSEL:** For: DALE E. McCORMICK, Plaintiff-Appellant: Dale E. McCormick, Hutchinson, KS.

For KEN FARRAR, Defendants-Appellee: Randall F. Larkin, Gilliland & Hayes, Lawrence, KS.; Gerald L. Cooley, Gilliland & Hayes, Lawrence, KS.

For BRANDON NELSON, Defendants-Appellee: David P. Madden, Michelle R. Stewart, Fisher, Patterson, Sayler & Smith, Overland Park, KS.

For JOSEPH MORRISON, Defendants-Appellee: David P. Madden, Michelle R. Stewart, Fisher, Patterson, Sayler & Smith, Overland Park, KS.

For SUTAGEE ANGLIN, Defendants-Appellee: David P. Madden, Michelle R. Stewart, Fisher, Patterson, Sayler & Smith, Overland Park, KS.

For JASON GREMS, Defendants-Appellee: David P. Madden, Michelle R. Stewart, Fisher, Patterson, Sayler & Smith, Overland Park, KS.

For JEREMY KLINE, Defendants-Appellee: David P. Madden, Michelle R. Stewart, Fisher, Patterson, Sayler & Smith, Overland Park, KS.

For TIRSA OTERO-VERDEJO, Defendants-Appellee: David P. Madden, Michelle **[**2]** R. Stewart, Fisher, Patterson, Sayler & Smith, Overland Park, KS.

For GARY BUNTING, Defendants-Appellee: David P. Madden, Michelle R. Stewart, Fisher, Patterson, Sayler & Smith, Overland Park, KS.

For ERIC SPURLING, Defendants-Appellee: David P. Madden, Michelle R. Stewart, Fisher, Patterson, Sayler & Smith, Overland Park, KS.

For RYAN ROBINSON, Defendants-Appellee: David P. Madden, Michelle R. Stewart, Fisher, Patterson, Sayler & Smith, Overland Park, KS.

For LOREN ANDERSON, in his official capacity as Sheriff, Defendants-Appellee: David P. Madden, Michelle R. Stewart, Fisher, Patterson, Sayler & Smith, Overland Park, KS.

**JUDGES:** Before EBEL, HENRY, and MURPHY, Circuit Judges.

**OPINION BY:** Michael R. Murphy

**OPINION:**

[*717]  ORDER AND JUDGMENT *

> * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

 [**3]

Pro se plaintiff Dale E. McCormick appeals the district court's dismissal of his 42 U.S.C. § 1983 civil rights action. We have jurisdiction under 28 U.S.C. § 1291, and we AFFIRM. n1

> n1 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

 [*718]  BACKGROUND

On Saturday, January 22, 2000, McCormick was the subject of a traffic stop by defendant Ken Farrar, a police officer with the Lawrence, Kansas, police department. The stop culminated in McCormick's arrest and transport to the Douglas County Jail. According to McCormick, he sustained several injuries as a result of his encounter with Farrar, including a broken thumb. He also alleges that, at the time of the traffic stop, he had a temperature of  [**4]  104 degrees and was suffering from the flu. He further alleges that Farrar refused his requests for medical attention, including that he be taken to the hospital.

During the trip to the jail on the night of January 22, Farrar told McCormick that he was going to charge McCormick with battery on a law enforcement officer and that, pursuant to a jail policy, McCormick would not be able to post bond until the following Monday, January 24, when he would be able to see a judge. When they arrived at the jail, Farrar charged McCormick with battery on a law enforcement officer.

McCormick alleges that he began requesting medical attention as soon as he came into contact with the jail employees on the night of January 22. He further alleges that, before leaving the jail, Farrar spoke with each of four jail employees, defendants Sutagee Anglin, Joseph Morrison, Brandon Nelson, and Jason Grems, and requested that these defendants not provide McCormick with any medical attention during his time in the jail, and that these defendants implicitly or expressly agreed to do so.

In keeping with this agreement, Anglin, Morrison, Nelson, and Grems allegedly refused to take McCormick to the jail nurse,  [**5]  refused to provide him with any other medical

attention and refused to take him to the hospital. According to McCormick, at the next shift change, these four defendants communicated with defendants Gary Bunting, Tirsa Otero-Verdejo, and Jeremy Kline, conspiring to continue to deprive McCormick of medical treatment. McCormick asserts that when he was processed into jail at 2:00 a.m. on January 23, Kline recorded on jail forms that McCormick had an injured thumb and the flu and was dehydrated, but that Kline did nothing to respond to McCormick's requests for medical attention.

At about 6:00 a.m. on Sunday, January 23, McCormick was transferred from a holding cell to a regular jail cell and was placed in the care of defendant Eric Spurling. McCormick alleges that Bunting and Otero-Verdejo communicated with Spurling and that Spurling agreed to continue to deprive McCormick of medical attention. McCormick asserts that he informed Spurling that his thumb was broken and that he was in immense pain, but that Spurling refused to take McCormick to the nurse or to otherwise provide any care or treatment for him.

Over the next three shift changes on January 23, McCormick asserts that defendants **[**6]** John Doe 1, Ryan Robinson, and John Doe 2 continued the express or implied agreement to deprive McCormick of medical attention, and that they all denied his requests for medical attention. McCormick's complaint alleges that two shift changes occurred at 11:00 p.m. on January 23. In the first 11:00-p.m.-shift-change paragraph of the complaint, McCormick asserts that John Doe 2 replaced Robinson. In the second 11:00-p.m.-shift-change paragraph, the complaint **[*719]** states that Jason Grems replaced John Doe 2. McCormick alleges that it was not until approximately 3:30 p.m. on Monday, January 24, that he was finally taken to see the nurse at the jail. McCormick asserts that he was kept in jail until about 5:00 p.m. on January 24, when he had his probable cause hearing before the judge.

McCormick's complaint contains four claims. In Count I, "Unreasonable Seizure/Malicious Prosecution," McCormick alleges that from January 22, 2000, through January 24, 2000, Farrar charged McCormick with a Class A misdemeanor (battery on a law enforcement officer), without probable cause, which resulted in McCormick's unlawful detention until January 24, 2000. In Count II, "Section 1983 Conspiracy," McCormick **[**7]** asserts that each defendant, except Sheriff Loren Anderson, conspired to deprive McCormick of medical attention. In Count III, "Unconstitutional Practice or Custom," McCormick asserts that Sheriff Anderson violated McCormick's rights by maintaining a policy requiring McCormick to spend the weekend in jail because he was charged with battery on a law enforcement officer. In Count IV, "Deliberate Indifference to Medical Needs," McCormick asserts that all defendants, except Farrar and Anderson, refused to provide McCormick with medical treatment for his serious and potentially life-threatening injuries, in violation of the Eighth Amendment. n2

   n2 At the time of defendants' alleged deliberate indifference, McCormick was a pretrial detainee and not a sentenced inmate. Construing his pro se pleadings liberally, *Haines v. Kerner*, 404 U.S. 519, 520, 30 L. Ed. 2d 652, 92 S. Ct. 594 (1972) (per curiam), we consider Count IV to be raised pursuant to the Due Process Clause of the Fourteenth Amendment, not the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16, 60 L. Ed. 2d 447, 99 S. Ct. 1861 (1979).

**[**8]**

McCormick filed his complaint on January 24, 2002, two years after the last day of the three-day confinement giving rise to his claims. The district court found that the claims were barred by the applicable statute of limitations because, based on the allegations in his complaint, McCormick knew or had reason to know, prior to January 24, 2000, of the injuries that would form the basis for his causes of action. *See Johnson v. Johnson County Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991). The court therefore dismissed McCormick's complaint for failure to state a claim upon which relief could be granted because he failed to file suit within two years of the date when he knew of his injury. *See id.* (explaining that the appropriate statute of limitations for § 1983 actions arising in Kansas is two years pursuant to Kan. Stat. Ann. § 60-513(a)(4)). We review de novo the district court's dismissal for failure to state a claim. *Sutton v. Utah State Sch. for the Deaf & Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999).

### DISCUSSION

McCormick argued before the district court that his claims should survive because they involved **[**9]** continuing injuries that did not end until January 24, 2000. The district court construed this as an argument for the application of the continuing violation doctrine. The district court then rejected this argument because it concluded, based upon an unpublished decision of this court, that the continuing violation doctrine is not applicable to § 1983 cases. *McCormick v. Farrar*, 2003 U.S. Dist. LEXIS 5066, No. 02-2037-GTV, 2003 WL 1697686, at *4 (D. Kan. Mar. 20, 2003) (unpublished) (citing *Rassam v. San Juan College Bd.,* 1997 U.S. App. LEXIS 11362, No. 95-2292, 1997 WL 253048, at *2-*4 (10th Cir. May 15, 1997)). This court has not, however, announced a precedential blanket rule that the continuing violation doctrine is inapplicable to § 1983 suits. *Cf. Thomas* **[*720]** *v. Denny's, Inc.*, 111 F.3d 1506, 1513-14 (10th Cir. 1997) (holding continuing violation theory inapplicable to § 1981 claims). *Rassam*, the case relied on by the district court, is an unpublished order and judgment and has no precedential value. *See* 10th Cir. R. 36.3(A). In any event, we simply observed in *Rassam* that the doctrine "is to be narrowly applied" and declined to apply it to the facts of that case. 1997 U.S. App. LEXIS 11362, 1997 WL 253048 at *3. **[**10]**

McCormick argues on appeal that the district court erred in not applying the continuing violation doctrine to save all of his claims from being barred by the statute of limitations. This court first recognized and applied the continuing violation doctrine in the Title VII context. *See, e.g., Rich v. Martin Marietta Corp.*, 522 F.2d 333, 348 n.15 (10th Cir. 1975). In *Rich*, we described the doctrine as a "general rule that has evolved in the Circuits that a plaintiff alleging a continuing violation of Title VII may file charges with the EEOC at any time during which the alleged continuing violation has taken place." *Id.* We have explained, however, that "there must be at least one instance of the discriminatory practice within the filing period for the continuing violation theory to apply." *Furr v. AT&T Techs., Inc.*, 824 F.2d 1537, 1543 (10th Cir. 1987).

In *Pike v. City of Mission*, 731 F.2d 655, 660 (10th Cir. 1984) (en banc), the plaintiff filed a suit pursuant to § 1983 arising out of a termination that took place outside of the limitations period, arguing that the defendants continued to deny him reinstatement and **[**11]** a due process hearing, and continued to maintain employment records reflecting that he was discharged for cause. We declined to apply the doctrine in that case because "a plaintiff may not use

the continuing violation theory to challenge discrete actions that occurred outside the limitations period even though the impact of the acts continues to be felt." *Id.; see also Bergman v. United States,* 751 F.2d 314, 317 (10th Cir. 1984) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from the original violation." (citation and quotation omitted)). Assuming, without deciding, that the continuing violation doctrine applies to § 1983 actions, the doctrine does not save any of McCormick's claims from being time-barred.

Count II (Conspiracy) and Count IV (Deliberate Indifference)

To apply the continuing violation doctrine, there must be at least one act within the statutory filing period. *See Furr,* 824 F.2d at 1543; *see also Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 117, 153 L. Ed. 2d 106, 122 S. Ct. 2061 (2002) ("Provided that an act contributing to the claim occurs within the filing period, the entire time period **[**12]** of the hostile work environment may be considered by a court for the purposes of determining liability."). McCormick's complaint fails to include any allegations in the deliberate indifference and conspiracy claims that any of the defendants acted on January 24, 2000. McCormick asserts in his appellate brief that there is a typographical error in his complaint and that Jason Grems and John Doe 2 acted on January 24. In response, the appellees argue that McCormick has never amended his complaint to correct the alleged error, even after McCormick became aware of the error when he received defendants' motions to dismiss. McCormick replies that he was not obligated to amend his complaint because all he had to do was inform the district court of his error, which he did. McCormick's failure to amend his complaint is fatal to these two claims.

McCormick initially mentioned this alleged typographical error in the brief he filed in response to Farrar's motion to **[*721]** dismiss. At that point, he could have filed an amended complaint without seeking leave from the district court because no responsive pleading had been filed and the district court had not yet ruled on the motions to dismiss. *See* **[**13]** Fed. R. Civ. P. 15(a); *Glenn v. First Nat'l Bank*, 868 F.2d 368, 370 (10th Cir. 1989). McCormick took no action to amend his complaint, either before or after the district court ruled on the motion to dismiss.

Because this matter is before us on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, we cannot look beyond McCormick's complaint. *See Sutton*, 173 F.3d at 1236 ("The court's function on a Rule 12(b)(6) motion is . . . to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." (quotation omitted)). McCormick has never filed an amended complaint containing a factual allegation that the final shift change occurred on January 24, nor has he filed a motion seeking to amend his complaint. In the absence of this allegation, McCormick has failed to state a conspiracy claim because all of the overt acts set out in his factual allegations took place outside the statute of limitations period. The same is true for the deliberate indifference claims asserted against each individual defendant. As to these claims, the complaint **[**14]** contains only the general allegation that McCormick was denied medical care on January 24 until he saw a nurse at 3:00 p.m.

McCormick argues that his *pro se* pleading should be construed liberally and that he remedied any defect in his complaint by informing the district court of the alleged typographical error. The cases upon which McCormick relies, however, provide no support for his argument. *See*, *e.g.*, *Hall v.*

*Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991) (holding that *pro se* litigants should be "given reasonable opportunity to remedy the defects in their pleadings"). The record clearly demonstrates that McCormick was aware of the alleged typographical error when he filed his brief in opposition to appellants' motions to dismiss. At that point in the proceedings, he could have amended his complaint without the permission of the district court. *See Glenn*, 868 F.2d at 370 (holding that "Appellants could have amended as of *right* after they received the motion to dismiss and prior to the trial court's decision"). McCormick had a reasonable opportunity to amend his complaint to correct the alleged typographical error yet failed **[**15]** to do so. Accordingly, we affirm the district court's dismissal of Counts II and IV of McCormick's complaint on statute of limitations grounds.

Count I (Unreasonable Seizure/Malicious Prosecution)

McCormick first argues that the district court erred in finding Count I to be an unreasonable seizure and false arrest and/or false imprisonment claim, instead of a claim for malicious prosecution. We disagree. In *Pierce v. Gilchrist*, 359 F.3d 1279, 1286 (10th Cir. 2004), this court explained that since 1978, courts have used the common law elements of torts as the starting point for consideration of § 1983 constitutional tort claims. The "common law" is not limited to the formulation provided by the state in which the tort occurred, and satisfaction of each element of the common law tort is not a prerequisite to consideration of the federal constitutional question. *Id.* at 1287-88. Nevertheless, we have considered the state law formulation of the two torts at issue, *Brown v. State*, 261 Kan. 6, 927 P.2d 938, 940 (Kan. 1996) (false arrest/false imprisonment); *Lindenman v. Umscheid*, 255 Kan. 610, 875 P.2d 964, 974 (Kan. 1994) **[**16]** (malicious prosecution), in light of Mr. McCormick's characterization of the injury he **[*722]** suffered under Count I: "being seized . . . without probable cause, for two days." Aplt. Br. at 11. We conclude that the district court properly found Count I to allege a deprivation of liberty (false arrest/false imprisonment), not a deprivation of a right to be free from unjustifiable litigation (malicious prosecution), 52 Am. Jur. 2d *Malicious Prosecution* § 4.

In order to overcome the district court's dismissal on statute of limitations grounds, McCormick argues that we should apply the continuing violation doctrine because the injury he suffered continued from January 22 until his imprisonment ended on January 24. Farrar, the only defendant named in this claim, was the arresting officer, who charged McCormick with battery on a law enforcement officer. Although the alleged actions of Farrar may have had a continuing impact for McCormick, the false arrest/false imprisonment claim involved a discrete act that began and ended on January 22. McCormick cannot use the continuing violation theory to challenge a discrete act that occurred outside of the **[**17]** limitations period even though the impact of the act continued. *Pike*, 731 F.2d at 660; *see also Robinson v. Maruffi*, 895 F.2d 649, 655 (10th Cir. 1990) ("Discrete claims of [false arrest and false imprisonment], despite their being averred as a continuing wrong, have been held barred where outside the time bar."). Moreover, McCormick essentially concedes in his reply brief that the continuing violation doctrine does not apply to this claim because he acknowledges that his injury was caused by a "singular unlawful act" as opposed to "a continuing sequence of unlawful acts." Reply Br. at 9. We therefore affirm the district court's conclusion that Count I is barred by the applicable statute of limitations.

Unconstitutional Practice or Custom (Count III)

McCormick asserts that Sheriff Anderson allegedly designed, maintained, or implemented an unconstitutional practice or custom at the Douglas County Jail by mandating that persons charged with certain offenses, including battery on a law enforcement officer, be denied the opportunity to post bond until they appear before a judge, while persons charged with other types of offenses, including felony **[**18]** offenses, are allowed to post bond according to a pre-set bond schedule. The district court dismissed this claim because the face of McCormick's complaint reveals that he was informed on January 22, that, pursuant to a jail policy, he would not be able to post a bond until the following Monday when he would be able to see a judge. Again, McCormick argues that the continuing violation doctrine applies to this claim because he was injured by being held in jail pursuant to the policy until January 24. We disagree.

The continuing violation doctrine can be applied to a situation where a plaintiff alleges that there is a continuing policy of discrimination. *See, e.g., Bruno v. W. Elec. Co.*, 829 F.2d 957, 960-61 (10th Cir. 1987); *Furr*, 824 F.2d at 1543. For it to apply in this case, however, McCormick must be able to show that the allegedly unconstitutional policy was applied to him within the statutory filing period. See *Bruno*, 829 F.2d at 961; *Furr*, 824 F.2d at 1543; *see also Courtney v. LaSalle Univ.*, 124 F.3d 499, 506 (3d Cir. 1997) ("The time for filing a charge [on a facially discriminatory policy **[**19]** claim] runs from the most recent *application* of the policy to plaintiff . . . ." (emphasis added)). Here, the policy was applied to McCormick on January 22, when he was charged with battery on a law enforcement officer, thereby preventing him from being able to post bond **[*723]** according to a pre-set bond schedule; and, instead, requiring that he be detained until he could appear before a judge. The fact that he had to remain in jail until January 24 is simply the continuing effect of the application of the policy on January 22. As we discussed above, the continuing violation doctrine is for continual unlawful acts, not the continual ill effects of those acts. The district court was correct in determining that Count III of McCormick's complaint is barred by the statute of limitations.

Accordingly, we AFFIRM the district court's judgment dismissing the complaint. McCormick's motion to proceed in forma pauperis is GRANTED.

Entered for the Court

Michael R. Murphy

Circuit Judge