LEXSEE 1995 U.S.APP.LEXIS 3950

**DAVID ROBERT JOLIVET, Plaintiff-Appellant, v. GERALD COOK, DAVID R. FRANCHINA, TOM T. HOUSE, LARRY E. HINES, ALBERT WALLES, CHARLES HOBBS, STAN MCAFFEE HUNTINGTON, CRAIG WILSON, JOHN DESPAIN, CHAR KRAWCHUCK, NOLA PHILLIPS, KEN DAVIS, SWAT TEAM LEADER, and SWAT TEAM DOES 1-10, Defendants-Appellees.**

No. 94-4069

UNITED STATES COURT OF APPEALS FOR THE TENTH CIRCUIT

1995 U.S. App. LEXIS 3950

March 1, 1995, Filed

**NOTICE:** [*1] THIS ORDER AND JUDGMENT IS NOT BINDING PRECEDENT, EXCEPT UNDER THE DOCTRINES OF LAW OF THE CASE, RES JUDICATA, AND COLLATERAL ESTOPPEL. THE COURT GENERALLY DISFAVORS THE CITATION OF ORDERS AND JUDGMENTS; NEVERTHELESS, AN ORDER AND JUDGMENT MAY BE CITED UNDER THE TERMS AND CONDITIONS OF THE COURT'S GENERAL ORDER FILED NOVEMBER 29, 1993. 151 F.R.D. 470.

**SUBSEQUENT HISTORY:** Reported in Table Case Format at: 48 F.3d 1232, 1995 U.S. App. LEXIS 18283.

**PRIOR HISTORY:** (D.C. No. 88-C-626-B). (D. Utah).

**COUNSEL:**

DAVID ROBERT JOLIVET, Plaintiff - Appellant, Pro se, Federal Correctional Complex, Florence, CO.

For GERALD COOK, Defendant - Appellee: Christopher D. Nolan, Office of the Attorney General, State of Utah, Salt Lake City, UT. Nancy L. Kemp, Asst. Attorney Gen., Office of the Attorney General, Salt Lake City, UT. Kirk Torgensen, Martin B. Bushman, Salt Lake City, UT.

For DAVID R. FRANCHINA, TOM T. HOUSE, LARRY E. HINES, ALBERT WALLES, CHARLES HOBBS, STAN MCAFFEE HUNTINGTON, CRAIG WILSON, JOHN DESPAIN, CHAR KRAWCHUCK, NOLA PHILLIPS, KEN DAVIS, SWAT TEAM LEADER, and SWAT Team Does 1-10, Defendants - Appellees: Christopher D. Nolan (See above), Kirk Torgensen (See above), Martin B. Bushman (See above).

**JUDGES:** Before KELLY and SETH, Circuit Judges, and KANE, ** District Judge.

** Honorable John L. Kane, Jr., Senior District Judge, United States District Court for the District of Colorado, sitting by designation.

**OPINION BY:** JOHN L. KANE, JR.

**OPINION:** ORDER AND JUDGMENT *

* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D.

470.

After **[*2]** examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed.R.App.P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff David R. Jolivet appeals from a judgment dismissing his 42 U.S.C. 1983 action following trial to the court. We affirm.

At all relevant times, plaintiff was a Utah state prisoner and defendants were employees of the Utah State Prison. Plaintiff alleged in pertinent part that defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by forcing entry into his cell and subjecting him to taser n1 weapons on one occasion, and handcuffing him to a stool and forcing him to sit in an uncomfortable position for several hours on another occasion. The parties consented to have the case tried by a magistrate judge pursuant to 28 U.S.C. 636(c), who entered judgment in favor of defendants.

> n1 A taser is a nonlethal weapon that delivers an electric shock and is used to control violent or potentially violent prisoners.

**[*3]**

When a claim is made that prison officials used excessive force in violation of the Cruel and Unusual Punishment Clause, the question is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, ___, 112 S. Ct. 995, 999 (1992). The district court concluded that defendants used the taser weapons in a good faith effort to maintain and restore discipline based on the following findings. Plaintiff had refused at least three orders to be handcuffed so he could be moved from his cell. Although plaintiff testified that he turned away from defendants as they entered his cell because he had decided to submit and be handcuffed, defendants perceived this as a self-protective maneuver by plaintiff to avoid being hit in the face. In any event, even if plaintiff had decided to submit at the last minute, it was too late because the forced entry had begun and had to be completed for safety reasons.

Plaintiff challenges these findings. He argues that he had no obligation to move because he was not given a direct order but was merely **[*4]** asked to do so. However, defendants John Despain and Lawrence Craig Wilson testified that plaintiff was given a direct order and, in any event, there is no difference between a request and a direct order in terms of whether an inmate must comply.

Plaintiff also asserts that defendants' failure to charge him with a disciplinary violation for refusing a direct order proves he was not given a direct order. There is no evidence that a disciplinary violation is charged every time an order is disobeyed, and, in fact, there is evidence to the contrary.

Additionally, plaintiff contends that he turned around to be handcuffed before the forced entry began. Despain, Wilson, and Thomas Garfield all testified that plaintiff did not turn around before the door opened.

Finally, plaintiff claims that Garfield testified plaintiff was struck with the taser after he was handcuffed. Garfield's actual testimony was that "the Tazer [sic] weapons were never used after he was

once restrained." R. Vol. II at 220-21.

Findings of fact in cases tried without a jury "shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge of the credibility **[*5]** of the witnesses." Fed.R.Civ.P. 52(a). "We defer to the trial court's determination of the credibility of witnesses and other determinations of disputed facts," Heim v. Utah, 8 F.3d 1541, 1543 (10th Cir. 1993), including its resolution of inconsistencies in witnesses' testimony, id. at 1545. We have carefully reviewed the record and conclude there is evidence to support the district court's findings. The court was entitled to rely on defendants' testimony although plaintiff testified to a contrary version of events. n2

> n2 We summarily reject plaintiff's contentions that his receipt of redacted incident reports, defendants' decision not to call two witnesses, or evidence as to the construction of the cell doors are grounds for reversal.

Plaintiff notes that defendants admitted they violated prison policy on use of taser weapons. However, violation of a prison regulation does not give rise to an Eighth Amendment violation absent evidence the prison official's **[*6]** conduct failed to conform to the constitutional standard. Falls v. Nesbitt, 966 F.2d 375, 380 (8th Cir. 1992).

Plaintiff's second argument is that the district court erred by denying his motion in limine to exclude evidence of his institutional conduct record. Challenges to the admission or exclusion of evidence are reviewed for abuse of discretion. Durtsche v. American Colloid Co., 958 F.2d 1007, 1011 (10th Cir. 1992). Although the district court denied the motion, plaintiff's institutional conduct record was not received as an exhibit at trial. Thus, any error in denying the motion could not have affected a substantial right of plaintiff. See Fed. R. Evid. 103(a). No grounds for reversal have been shown.

Plaintiff also objects to testimony that he was violent. He notes that none of the defendants actually witnessed any violence on his part. He brought this fact out on cross-examination. We see no error.

The next contention is that the district court erred in denying plaintiff's motion to issue a subpoena to secure his medical records from Lompoc Prison in California. The court concluded inter alia that it lacked **[*7]** authority to issue a subpoena for a nonparty's records in California, citing Fed.R.Civ.P. 45(b)(2). n3 This rule provides generally that a subpoena may be served anywhere within the district of the court that issued it, or anywhere outside the district "that is within 100 miles of the place of the deposition, hearing, trial, production, or inspection specified in the subpoena."

> n3 While the court actually cited Rule 45(h)(2), we agree this was a typographical error as no such section exists.

As his only apparent challenge to application of this rule, plaintiff argues that Lompoc Prison is the agent of the Utah State Prison under the "Interstate/Federal Agreement on Prisoner Transfers," and therefore the district court could have served the subpoena on the Utah State Prison, which then could have obtained the records from its "agent." We assume the act to which plaintiff refers (he provides no citation) is 18 U.S.C.

5003, which authorizes states to contract with the Federal Bureau **[*8]** of Prisons for the care and custody of persons convicted in state courts. Plaintiff cites no authority, and we have found none, supporting his position that a federal prison that has entered into a contract with a state under 5003 is required to produce documents in a civil lawsuit against the state prison if the state prison is subpoenaed. Consequently, we conclude the district court did not abuse its discretion in denying plaintiff's request for a subpoena.

Plaintiff next claims the district court erred in denying his motion to introduce evidence that defendant Albert Walles had been convicted of sexually assaulting an inmate. In his motion to the district court, plaintiff argued the evidence was relevant because Walles was the officer who decided to secure plaintiff to a stool for over five hours. However, the undisputed evidence established that Walles played no role in the decision to restrain plaintiff, or in the manner in which plaintiff was restrained. We conclude the district court did not abuse its discretion in ruling that evidence of Walles' criminal conduct was irrelevant.

Finally, plaintiff argues that the district court erred in finding the securing of plaintiff to **[*9]** a stool for five and one-half hours did not constitute cruel and unusual punishment. The district court concluded, pursuant to the test set forth in Wilson v. Seiter, 501 U.S. 294, 303 (1991), that defendants had not treated plaintiff with deliberate indifference. It based this conclusion on its findings that plaintiff had been secured to the stool because repairs were being made to his cell. The repairs took much longer than anticipated. The responsible prison officials monitored plaintiff to make sure he was not unnecessarily uncomfortable. While it would have been advisable for defendants to have allowed plaintiff to get up and stretch at some point, they did not act with deliberate indifference to his serious needs.

Plaintiff asserts that the court should have accepted his version of events, rather than the testimony provided by defendants. As indicated previously, we defer to the district court's assessment of the credibility of witnesses. We conclude its findings as to the second incident are not clearly erroneous.

The judgment of the United States District Court for the District of Utah is AFFIRMED. The mandate shall issue forthwith.

Entered **[*10]** for the Court

John L. Kane, Jr.

Senior District Judge