IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No.  03-cv-00617-RPM

JEREMIAH CLAY PRESTON,

        Plaintiff,

v.

DEPUTY A. PAVLUSHKIN,
DEPUTY T. CLEMONS,
SHERIFF DONALD KRUGER,
THE BOARD OF COUNTY COMMISSIONERS,

        Defendants.

ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

        In his Second Amended Complaint, Jeremiah Clay Preston seeks damages under 42 U.S.C. § 1983 resulting from an incident at the Clear Creek County Jail where he was a detainee.  The plaintiff claims that contrary to the prohibitions of the Eighth Amendment to the United States Constitution, applicable under the Fourteenth Amendment, he was subjected to cruel and unusual punishment when the defendants Leonid Pavlushkin and T. Clemons, as deputies to Sheriff Donald Kruger, used a Taser device to immobilize him by electric shocks when he failed to respond to their orders.

        Mr. Preston also claims an Eighth Amendment violation by those deputies, Sheriff Kruger and the Board of County Commissioners for deliberate indifference to his obvious, serious medical needs resulting from that electrical shocking in his

second claim for relief and asserts a third claim for relief, naming the Sheriff and the Board of County Commissioners on the contention that they are responsible for the conduct of the deputies because of a failure to train them both with respect to the use of the Taser device and indifference to medical care and treatment needs.

The defendants move for summary judgment of dismissal of all of the claims. Upon review of the brief in support of that motion, the plaintiff's response and the defendants' reply, together with the exhibits and deposition transcript excerpts submitted by the parties, the Court finds and concludes that applying the standards of evaluating these papers under Fed. R. Civ. P. 56, the following statement of facts is sufficiently supported by admissible evidence.

Jeremiah Preston was housed in the Special Housing Unit of the jail. That unit consists of six individual cells with doors that open into a common area with picnic style tables. Food is served to the inmates of that unit, individually, on a tray handed to them by deputies at the door to the common area. Mr. Preston was on a disciplinary diet consisting of a mixed food called a "nutriloaf" served for all three daily meals.

In the late afternoon of December 22, 2002, Deputies Pavlushkin and Clemons delivered a food tray to Mr. Preston. He threw it on the floor of the common area and went back into his individual cell. The deputies entered the common area and ordered the plaintiff out of his cell. He complied and sat on the bench of one of the picnic tables. When Mr. Preston refused the order to pick up the tray and clean up the mess he had made, Deputy Pavlushkin used the Taser device which

2

projected darts into the plaintiff's back and caused him to fall to the floor, writhing in pain. When Mr. Preston continued to refuse the repeated order, Deputy Pavlushkin delivered electrical shocks through the Taser device three more times. The plaintiff remained on the floor, was writhing in obvious pain and attempted to crawl on the floor between the third and fourth shocks. The defendants assert that he attempted to extract the darts in his back during that time, but that is disputed.

After recovering from the fourth use of the Taser, Mr. Preston stood up, went over and picked up the tray which he put on the table and then walked back into his cell. The door was then closed behind him. These events are seen on a video tape, which has been submitted as Defendants' Exhibit A-7.

Mr. Preston was being held for the United States Marshal as a pretrial detainee on federal charges and he had been involved in previous incidents on December 19, 2002, and December 20, 2002. He was considered to be a problem inmate.

The deputy defendants claim that they are entitled to qualified immunity for their conduct in this use of restraining force. The parties agree that the finding of an Eighth Amendment violation requires that the evidence show that the officers went beyond a good faith effort to maintain or restore discipline and acted in a manner amounting to wanton and unnecessary infliction of pain. The motivation of the deputies must be evaluated with both objective and subjective elements.

This case is comparable to *Hickey v. Reeder,* 12 F.3d 754 (8th Cir. 1993). The use of a Taser device is not, in itself, a violation of the Eighth Amendment. What

supports the plaintiff's claim in this case is that the deputies used the device to enforce their order when they and the plaintiff inmate were the only occupants of the common area, the other inmates being closed in their cells.  The only conduct of the plaintiff was his adamant refusal to comply with the order.  He did not present any threat of physical violence.  The device was used to shock him three times while he was on the ground and obviously incapacitated.

Given that the deputies considered him to be a problem inmate, the subjective element of the claim could be inferred by the jury.  They could well find that the deputy defendants were punishing the inmate and teaching him a lesson of obedience.  There is no qualified immunity for law enforcement officers maliciously to inflict pain on an inmate who presents no threat to those officers.  The jury may also consider that the plaintiff's conduct in throwing his food on the floor was motivated by his irritation with the disciplinary diet he was being served rather than any attempt to become disruptive of the jail's discipline.

The separate claim for deliberate indifference to medical needs is not supported by sufficient evidence to warrant trial.  Mr. Preston testified on deposition that he experienced adverse effects in his cell and vomited as a result of the electrical shocks and called for help which did not result in his being given medical treatment.  The record does show that he was seen by the nurse at the jail on the following morning and again on December 24.  On the latter occasion, he complained that he had vomited from the loaf and he was then placed on a regular diet.  The question of the extent of injury resulting from the incident for which the

4

individual deputy defendants may be liable is a matter for determination of damages at trial but it does not form a basis for a separate claim of deliberate indifference to medical needs presenting a substantial danger to the inmate.

The plaintiff has also asserted claims against the Sheriff and county on failure to train. The evidence will not support submission of that claim to a jury. Proper training is a part of a failure to supervise and there must be an affirmative link with the conduct constituting a violation of the Eighth Amendment. Here, these two deputies were acting on their own judgment and not following any training protocol or established policy. Additionally, the Board of County Commissioners is not liable because the Sheriff is an independent constitutional officer under the Colorado constitution and not subject to the control or supervision of the Board of County Commissioners.

Upon the foregoing, it is

ORDERED that the defendants' motion for summary judgment is denied as to the defendants Pavlushkin and Clemons on the plaintiff's first claim for relief and it is

ORDERED that the defendants' motion for summary judgment is granted as to the second and third claims for relief. The defendants Sheriff Donald Kruger and the Board of County Commissioners are dismissed as defendants in this civil action.

Dated: March 16th, 2006

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge