IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-02533-EWN-MJW

THOMAS MONTOYA,

Plaintiff,

v.

BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO,
CHAFFEE COUNTY SHERIFF TIMOTHY WALKER,
CHAFFEE COUNTY DEPUTY SHERIFF SCOTT GLENN,
DAVID PLATT,
BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO,
PARK COUNTY SHERIFF FRED WEGENER,

    Defendants.

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

    Defendants Board of County Commissioners of Chaffee County, Colorado, Timothy Walker, Board of County Commissioners of Park County, Colorado, and Fred Wegener, by and through counsel, Andrew D Ringel and Edmund M. Kennedy of Hall & Evans, L.L.C., and Defendant Scott Glenn, by and through counsel, Anthony Melonakis of the Law Firm of Anthony Melonakis, hereby submit their Reply in Support of Motion for Summary Judgment, as follows:

**INTRODUCTION**

    Plaintiff Thomas Montoya, formerly a correctional officer with the Colorado Department of Corrections, brings this lawsuit alleging numerous public officials of both Chaffee County and Park County violated his Fourth, Eighth, and Fourteenth Amendment constitutional rights pursuant to 42 U.S.C. § 1983. Defendants filed their Motion for Summary Judgment ("Defendants' Motion") on August 14, 2006, raising the following five arguments: (1)

Plaintiff's claims concerning the Taser incident on October 16, 2003, are barred by the applicable statute of limitations; (2) Defendants Timothy Walker and Fred Wegener are entitled to qualified immunity from the Plaintiff's § 1983 claims against them in their individual capacities because Plaintiff cannot demonstrate either Defendant personally participated in any alleged constitutional violation; (3) Defendant Scott Glenn is entitled to qualified immunity from Plaintiff's § 1983 claims because Plaintiff cannot demonstrate any violation of a clearly established constitutional right or that Defendant Glenn acted with deliberate indifference; (4) Plaintiff cannot demonstrate any custom, policy or practice of either the Board of County Commissioners of Park County, Sheriff Fred Wegener, the Board of County Commissioners of Chaffee County, or Sheriff Timothy Walker that violated any of Plaintiff's constitutional rights; and (5) any claim against the two Boards of County Commissioners cannot succeed because a board of county commissioners under Colorado law lacks the power, authority, and responsibility over the operations of the county jail necessary to support Plaintiff's claims. Plaintiff filed his Response to Defendants' Motion for Summary Judgment ("Plaintiff's Response") on February 15, 2007.[1]   Defendants now respectfully submit this Reply Brief. Nothing contained in the Plaintiff's Response either disputes the legal arguments raised by the Defendants or creates any genuine issue of material fact precluding summary judgment for the Defendants as a matter of law.

---

[1] The lengthy delay between the Defendants' Motion and the Plaintiff's Response was due to the Plaintiff's invocation of Fed. R. Civ. P. 56(f) prior to responding to the Defendants' Motion, an effort that was ultimately abandoned by the Plaintiff.  [*See* Plaintiff's Motion for Extension of Time Pursuant to Rule 56(f) and Other Grounds, August 28, 2006 (Doc. 68); Defendants' Response to Plaintiff's Motion for Extension of Time Pursuant to Rule 56(f), September 18, 2006 (Doc. 74); Courtroom Minutes, January 26, 2007 (Doc. 83)].

## REPLY CONCERNING UNDISPUTED FACTS[2]

6. Defendants admit the additional facts contained in paragraph 6 of Plaintiff's Response.

12. Defendants admit the additional facts contained in paragraph 12 of Plaintiff's Response.

18. Defendants admit the additional facts contained in paragraph 18 of Plaintiff's Response.

23. Defendants admit the additional facts contained in paragraph 23 of Plaintiff's Response. Defendants note the Plaintiff has no facts to dispute the reason for Plaintiff's transfer.

32. Defendants admit the additional facts contained in paragraph 32 of Plaintiff's Response.

## RESPONSE CONCERNING DISPUTED FACTS

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted. However, Plaintiff has admitted that during his time at the Park County Jail he was classified as a protective custody inmate due to concerns for Plaintiff's safety due to the fact that he was previously a corrections officer with the Colorado Department of Corrections and the Park County Jail houses inmates of the Colorado Department of Corrections. [*See* Defendants' Motion, at 6, ¶26; Plaintiff's Response, at 4, ¶26].

---

[2] Defendants' factual admissions in this Reply Brief are for purposes of summary judgment only. Defendants specifically reserve the right to contest each and every one of the facts admitted herein at any later stage of proceedings in this matter including at trial.

**ARGUMENT**

**I. PLAINTIFF FAILS TO REFUTE DEFENDANTS' ASSSERTION THAT ALL CLAIMS CONCERNING ANY EVENTS OCCURRING BEFORE DECEMBER 14, 2003, ARE BARRED BY THE APPLICABLE STATUTE OF LIMITATIONS**

In his Response Plaintiff goes to great lengths to assert the continuing violation doctrine is applicable to claims brought pursuant to 42 U.S.C. § 1983. [*See* Plaintiff's Response, at 6-11]. However, even assuming the continuing violation doctrine applies, Plaintiff has failed to establish any evidence in the record supports his contention that Defendants can be liable for conduct predating December 14, 2003. As stated in the Motion for Summary Judgment, a party who is making a claim has the burden of showing, by affidavit or otherwise, that a genuine issue of material fact remains for the fact finder to resolve. *See*, *generally*, **Celotex Corp. v. Catrett**, 477 U.S. 317, 323-324 (1986).

Here, Plaintiff has admitted neither Defendant Walker nor Defendant Wegener had any knowledge of the incident of October 16, 2003, making any conspiracy theory absurd. [*Compare* Defendants' Motion, at 5-6, ¶¶ 18, 24 & 28 *with* Plaintiff's Response, at 4-5, ¶¶ 18, 24, & 28 (admitting it is undisputed that (1) Sheriff Walker had no knowledge of Plaintiff's involvement in the training session until early 2004, (2) that neither Sheriff arranged or was involved in the transfer, and (3) no communication ever occurred between Sheriff Walker and Sheriff Wegener)]. Because Plaintiff has failed to adduce any evidence to support applying the continuing violation doctrine to the facts of this case, even if the continuing violation doctrine applies to § 1983 claims, all claims for conduct predating December 14, 2003, including the claims arising out of the Taser incident on October 16, 2003, are barred by the applicable two-year statute of limitations as a matter of law.

4

## II. PLAINTIFF'S CLAIMS AGAINST THE BOARD OF COUNTY COMMISSIONERS, PARK COUNTY, COLORADO AND BOARD OF COUNTY COMMISSIONERS, CHAFFEE COUNTY, COLORADO ARE WITHOUT MERIT

Plaintiff argues that under "Colorado state law, the sheriffs of Chaffee County and Park County are 'policymakers" for the counties with respect to issues relating to the housing, care, custody, and well-being of inmates in their jail facilities." [*See* Plaintiff's Response, at 12]. Even assuming Plaintiff's assertion correct, Plaintiff fails to provide any legal basis for determining that the Board of County Commissioners of both Chaffee and Park Counties can be held liable for any of the claims in this action. As stated in the Motion for Summary Judgment, Plaintiff's claims against Sheriff Walker and Sheriff Wegener, in their official capacities, are actually claims against Chaffee County and Park County. *See* **Kentucky v. Graham**, 473 U.S. 159, 165 (1985). As a result, municipal liability principles apply, as discussed in detail in the Motion for Summary Judgment. In any event, there is absolutely no basis to conclude that either Board is liable for any claims in this action. *See* **Tunget v. Board of County Commissioners of Delta County**, 992 P.2d 650 (Colo. App. 1999) (sheriffs and boards of county commissioners are separate and distinct county officers with different power, authority, and responsibility).

Additionally, as stated in the Motion for Summary Judgment, Chaffee and Park Counties, as governmental entities, cannot be held liable pursuant to 42 U.S.C. § 1983 simply because they employed a person or persons who violated a plaintiff's civil rights. In **Monnell v. New York City Dep't of Social Services**, 436 U.S. 658 (1978), the Supreme Court explicitly rejected the notion of governmental entity liability based on either a respondeat superior or vicarious liability theory. *Id.* at 694. Instead, "[t]o establish municipal liability, a plaintiff must show (1) the existence of a municipal custom or policy and (2) a direct and causal link between the custom or policy and the violation alleged." **Jenkins v. Wood,** 81 F.3d 988, 993 (10th Cir. 1996) (citing **City of Canton v. Harris,** 489 U.S. 378, 385 (1989)). A single incident of deprivation of

5

constitutionally protected rights cannot serve as the basis of municipal liability under §1983 unless the plaintiff alleges and proves that there was an underlying, properly adopted custom or policy of the local government by an official with final policy making authority which caused the deprivation. *City of Oklahoma City v. Tuttle*, 471 US 808, 823 (1985); *St. Louis v. Praprotnik*, 485 U.S. 112 (1988); *Pembaur v. Cincinnati*, 475 US 469, 480-481 (1984). Under these standards, Chaffee and Park Counties can be liable only for their official customs or policies, or for the actions of a final policymaker. A custom is a "persistent and widespread" practice that "constitutes the standard operating procedure of the local governmental entity." *Jett v. Dallas Indep. Sch. Dist.*, 491 U.S. 701, 737 (1989).

Here, it is undisputed that no other inmate was ever subjected to a Taser during any previous training session. [*Compare* Defendants' Motion, at 4-5, ¶¶ 14-17, 19-20 & 30 *with* Plaintiff's Response, at 4, ¶¶ 14-17, 19-20 & 30 (admitting it is undisputed that (1) no policy allows for inmates to be used in training sessions, (2) two other training sessions were conducted prior to October 16, 2003, without incident (3) no inmates were ever used in previous training sessions, (4) Deputy Glenn was suspended for allowing an inmate to participate in training session, (5) the trainer was never used again following the October 16, 2003, training session, and (6) Plaintiff was in need of no medical care since he suffered no injuries as a result of the Taser incident)]. Accordingly, Plaintiff has failed to establish any policy or custom promoted or allowed for the use of a Taser on an inmate in a training session or promoted or allowed for the denial of medical treatment. Plaintiff fails to demonstrate that, through its deliberate conduct, either County was the 'moving force' behind any alleged injuries. As such, all claims against Defendants Board of County Commissioners of Chaffee County, Colorado, Sheriff Walker in his official capacity, the Board of County Commissioners of Park County, Colorado, and Sheriff Wegener in his official capacity, must be dismissed as a matter of law.

6

### III. THE INDIVIDUAL DEFENDANTS ARE ENTITLED TO QUALIFIED IMMUNITY

Plaintiff admits no claim under the Fourteenth Amendment exists. [*See* Plaintiff's Response, at 15]. Further, Plaintiff only argues that Defendant Glenn is not entitled to qualified immunity concerning the Taser incident, which, as discussed above and in the Motion to Summary Judgment, is barred by the applicable statute of limitations. [*See* Plaintiff's Response, at 18-24 (argument only consists of Defendant Glenn's participation in the Taser incident, not that he had any personal participation in medical decisions or transfer decisions)]. Therefore, the Court need not address the issue of qualified immunity. However, in the event the Court determines that the Taser incident is not barred by the statute of limitations, Defendant Glenn submits he is entitled to qualified immunity for the reasons set forth in the Motion for Summary Judgment.

As for Defendants Walker and Wegener, Plaintiff fails to assert any personal participation on the part of either of these Defendants in relation to the Taser incident, any medical care provided during his incarceration, his transfer between the two jails, or the conditions of confinement in the Park County Jail. [*See* Plaintiff's Response, at 4-5 ¶¶ 14, 18, 21-24, 26-28, 34 & 36]

### IV. PLAINTIFFS' CLAIMS CONTAIN INSUFFICIENT SPECIFIC AND NON-CONCLUSORY ALLEGATIONS TO DEMONSTRATE ANY CONSPIRACY EXISTED BETWEEN THE INDIVIDUAL DEFENDANTS

Plaintiff alleges a grand conspiracy between Defendants Glenn, Walker, Wegener, the Board of County Commissioners of Park County, and the Board of County Commissioners of Chafee County yet fails to establish any factual support to demonstrate any conspiracy existed among any Defendants to violate his constitutional rights. [*See* Plaintiff's Response, at 26-27]. Plaintiff admits no evidence exists that any of the Defendants communicated with each other.

7

[*See* Plaintiff's Response, at 5, ¶¶ 18, 28 & 29 (no communication between any Defendant)]. Again, a review of the record before this Court establishes Plaintiff's failure to allege specific, concrete, non-conclusory facts evidencing any of the essential elements of a conspiracy. To avoid summary judgment, Plaintiff must make a showing sufficient to establish the existence of the elements of a conspiracy. ***McKibben v. Chubb***, 840 F.2d 1525, 1532-1533 (10th Cir. 1988). As discussed in detail in the Defendants' Motion, and not disputed in the Response, Plaintiff fails to meet his burden as a matter of law. [*See* Defendants' Motion, at 24-30].

### V. WITHOUT ANY CONSPIRACY CLAIM, PLAINTIFF'S CLAIM CONCERNING HIS SEGREGATION AT PARK COUNTY IS WITHOUT MERIT

Plaintiff again fails to refute the assertions contained in the Defendants' Motion pertaining to his placement in segregation. As stated in that Motion, under the United States Constitution, Plaintiff's placement in segregated confinement is not an atypical, significant deprivation that will give rise to a liberty interest entitled to constitutional protection. ***Talley v. Hesse***, 91 F.3d 1411, 1413 (10th Cir. 1996) (citing ***Sandin v. Conner***, 515 U.S. 472, 486 (1995)). Every decision to remove a particular inmate from the general prison population for an indeterminate period cannot be characterized as cruel and unusual. If new conditions of confinement are not materially different from those affecting other prisoners, a transfer for the duration of a prisoner's sentence might be completely unobjectionable and well within the authority of the prison administrator. ***Hutto v. Finney***, 437 U.S. 678, 686 (1978). As such, any attempt by Plaintiff to establish a constitutional violation fails for lack of a constitutional deprivation. Plaintiff does not have a liberty interest in not being housed in segregation or in any particular correctional institution. Because segregation does not give rise to a liberty interest, Plaintiff states no constitutional claim against Defendants.

8

Further, because Plaintiff also cannot link his transfer to the Park County Jail or his placement in segregation in the Park County Jail to any reason other than the legitimate reasons of preventing retaliation at the Chaffee County Jail against him based on the report of the Taser incident to <u>The Denver Post</u> and the decision to place him in protective custody in the Park County Jail because of his status as a former Colorado Department of Corrections officer, his claim related to his conditions of confinement in the Park County Jail necessarily fails. [*See* Plaintiff's Response, at 4-5, ¶¶ 21-28].

## **CONCLUSION**

In conclusion, for the reasons set forth above, as well as those articulated in the Motion for Summary Judgment, Defendants Board of County Commissioners of Chaffee County, Colorado, Timothy Walker, Scott Glenn, Board of County Commissioners of Park County, Colorado, and Fred Wegener, respectfully request this Court dismiss Plaintiff's claims in their entirety with prejudice, and for all other and further relief as this Court deems just and appropriate.

Dated this 2nd day of March 2007.

Respectfully submitted,

| | |
|---|---|
| s/ Edmund M. Kennedy | s/ Anthony Melonakis |
| Andrew D. Ringel, Esq. | Anthony Melonakis, Esq. |
| Edmund M. Kennedy, Esq. | Law Firm of Anthony Melonakis |
| of HALL & EVANS, L.L.C. | 1660 Wynkoop, Ste. 800 |
| 1125 17th Street, Suite 600 | Denver, CO 80202 |
| Denver, CO 80202-5800 | (303) 730-0210 |
| (303) 628-3300 | a_melonakis@hotmail.com |
| ringela@hallevans.com | **ATTORNEY FOR DEFENDANT** |
| kennedye@hallevans.com | **GLENN** |

**ATTORNEYS FOR ALL DEFENDANTS EXCEPT DEFENDANT GLENN**

9

**CERTIFICATE OF SERVICE (CM/ECF)**

I hereby certify that on this 2nd day of March 2007, I electronically filed the foregoing **DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** with the Clerk of Court using the CM/EFC system which will send notification of such filing to the following e-mail addresses:

None

and I hereby certify that I have mailed or served the document or paper to the following non CM/EFC participants in the manner indicated by the non-participant's name:

Mr. Thomas Montoya
675 Family Center Drive, #46
Canon City, CO 81212

s/Marlene Wilson, Secretary
Andrew D. Ringel, Esq.
Edmund M. Kennedy, Esq.
Hall & Evans, L.L.C.
1125 17th Street, Suite 600
Denver, CO 80202-2052
Phone:   303-628-3300
Fax:       303-293-3238
ringela@hallevans.com
kennedye@hallevans.com

**ATTORNEYS FOR ALL DEFENDANTS EXCEPT DEFENDANT GLENN**

H:\Users\KENNEDYE\Chaffee-Park Counties\Reply Summary Judgment.doc